UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANITA MITCHELL | * | DOCKET NO: |
| | * | |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| AMICA MUTUAL INSURANCE | * | |
| COMPANY | * | MAGISTRATE |

*************************************************************************

# NOTICE OF REMOVAL

Defendant, AMICA MUTUAL INSURANCE COMPANY (Amica), by and through undersigned counsel, hereby give notice of the removal of this action from the 40th Judicial District Court, for the Parish of St. John the Baptist, Louisiana, to the United States District Court for the Eastern District of Louisiana. In support of its Notice of Removal, defendant states as follows:

1. This action was originally commenced by Plaintiff, Anita Mitchell, on August 30, 2013, through the filing of a Petition in the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, captioned "*Anita Mitchell v. Amica Mutual Insurance Company*, and assigned Case No. 65,383.

2. Amica was served with plaintiff's Petition on September 11, 2013.

3. The United States District Court for the Eastern District of Louisiana is the court embracing the place wherein such action is pending in state court.

4. The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Contrary to the provisions of La. C.C.P. art. 893, the Petition did not identify the amount in controversy to establish a threshold requirement for diversity jurisdiction.

6. On July 7, 2014, plaintiff made a judicial admission that which verified that the amount in controversy did not exceed $50,000. (See answer to Request for Admission No. 2. *Exhibit B*).

7. On November 6, 2014, plaintiff filed an opposition to a pending motion for summary judgment that for the first time indicated that the amount in controversy exceeds $75,000. (See Plaintiff's Opposition to Motion for Summary Judgment with exhibits, *Exhibit A* at pg. 120).

8. This Court has jurisdiction over this matter and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## Diversity of Citizenship

9. This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, in that all properly joined and served parties are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Plaintiff, Anita Mitchell, is a person of the full age of majority who resides in St. John the Baptist Parish, State of Louisiana, (See Petition for Damages, at p. 1, attached as *Exhibit A*.)

11. At the time of the filing of the Petition for Damages and at all times thereafter, defendant, Amica, was and is incorporated under the laws of Rhode Island, with its principal place of business in Rhode Island.

12. Thus, complete diversity of citizenship existed at the time of the filing of the Petition, and at all times thereafter, between plaintiff and defendant.

## AMOUNT IN CONTROVERSY

13. Louisiana Code of Civil Procedure Article 893A.(1) articulates the following requirements for the pleading of monetary damages:

    > the prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required.

    As a result, Article 893 requires plaintiff to generally state that the claim is less than the jurisdictional amount in order to establish a lack of federal jurisdiction. Plaintiff failed to make such an allegation as is required by the statute.  (See *Exhibit A.*)

14. Because plaintiff in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[1]  The removing defendant may prove the amount in controversy by establishing that the claims are likely above $75,000.[2]

15. Contrary to the provisions of La. C.C.P. art. 893, the Petition did not identify the amount in controversy to establish a threshold requirement for diversity jurisdiction.

---

[1] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 at 882-883 (5th Cir. 2002).

[2] *Id.*

16. In responses to written discovery, plaintiff verified that the amount in controversy did NOT exceed $75,000, thus leading defendants to believe that this matter was not removable to federal court. (See answer to Request for Admission No. 2. *Exhibit B)*.

17. On November 6, 2014, plaintiff filed an opposition to motion for summary judgment that purportedly raised a new claim and for the first time indicated that the amount in controversy exceeds $75,000. (See Plaintiff's Opposition to Motion for Summary Judgment. *Exhibit A* at pg. 120).

18. This pleading is filed within 30 days of notice that the amount in controversy meets the minimum threshold to maintain diversity jurisdiction. Therefore 28 U.S.C. § 1446(b), this removal is timely.

19. As outlined in 28 U.S.C. § 1446(c)(1), a case may not be removed on the basis of jurisdiction conferred by section 1332 more than 1 year after the commencement of the action unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. If the notice of removal is filed more than 1 year after the commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding "shall be deemed bad faith" under paragraph (1). In this case, plaintiff did more than fail to disclose the actual amount in controversy. She indicated in discovery responses that the amount in controversy did not exceed $75,000 in responses to direct questions. Thereafter, and within 30 days of this filing filed a

pleading in state court that claims damages exceeding $75,000. Defendant should not be precluded from removing this case where the above-cited rule contemplates removal outside of the 1 year window when a plaintiff has failed to disclose the amount in controversy (or in this case has changed her position as to the amount in controversy).

20. Here, the plaintiff now claims that the amount in controversy exceeds $75,000.00 and removal is proper.

## REMOVAL

21. As shown above, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Therefore, this action may be removed pursuant to 28 U.S.C. § 1441.

22. Pursuant to 28 U.S.C. § 1446(d), plaintiff is being provided with a copy of this Notice of Removal and a copy is also being filed with the Clerk of the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana.

23. The removing defendant attaches a copy of all process, pleadings, and orders served upon them at the time of removal.[3]

---

[3] 28 U.S.C. §1446(a).

24. Consistent with the provisions of 28 U.S.C. § 1446(d), no further proceedings shall occur in this matter in the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana.

25. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies reading the foregoing Notice of Removal, that to the best of their knowledge, information and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose.

26. By filing this Notice of Removal, the removing defendants do not waive, and hereby reserve all defenses and objections to the Plaintiff's Petition/Complaint.

WHEREFORE, AMICA MUTUAL INSURANCE COMPANY, respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law inasmuch as this Court has jurisdiction over the dispute because all parties are completely diverse and the jurisdictional amount has been met.

RESPECTFULLY SUBMITTED,

BY:     s/ John P. Wolff, III
    JOHN P. WOLFF, III, BAR #14504
    NANCY B. GILBERT
    VIRGINIA J. MCLIN
    MARK T. ASSAD
    **KEOGH COX & WILSON, LTD.**
    701 Main Street
    Post Office Box 1151
    Baton Rouge, Louisiana 70821
    Telephone: (225) 383-3796
    Facsimile: (225) 343-9612
    Email: jwolff@kcwlaw.com
        ngilbert@kcwlaw.com
        jmclin@kcwlaw.com
        massad@kcwlaw.com
    *Attorneys for Amica Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 5th day of December, 2014.

    s/ John P. Wolff, III
    JOHN P. WOLFF, III