40th **JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. JOHN THE BAPTIST**

**STATE OF LOUISIANA**

NO. 65383

DIVISION "A"

**ANITA MITCHELL**

**VERSUS**

**AMICA MUTUAL INSURANCE COMPANY**

Eliana Defrancesch - Clerk of Court
Filed: Aug 28, 2013  4:25 PM

FILED

129272472

**DEPUTY CLERK**

**PETITION FOR DAMAGES**

**NOW INTO COURT,** through undersigned counsel, comes Petitioner, Anita Mitchell, a person of the full age of majority and domiciled in the Parish of St. John the Baptist, State of Louisiana, who respectfully represents that:

1.

Made Defendant herein is:

Amica Mutual Insurance Company ("Amica"), a foreign insurance company authorized to do and doing business in the Parish of St. John the Baptist, State of Louisiana.

2.

Venue is proper in this Court because the subject property is located in the Parish of St. John the Baptist and the loss occurred in the Parish of St. John the Baptist.

3.

Defendant is justly and truly indebted to Petitioner herein for damages reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, and for costs in these proceedings, for the following, to-wit:

4.

Petitioner owns residential property located at 1 Saint Loupe Street, LaPlace, Louisiana 70068 ("the Residence").

5.

On August 28, 2012, Petitioner had in place a contract with Amica to provide a homeowner's insurance policy, number 630117-20BG ("the Policy"), for the Residence, which at all times pertinent hereto provided coverage for the matters, risks and things involved herein.



6.

In the days preceding August 28, 2012, weather forecasters and government officials predicted that Hurricane Isaac, then in the Gulf of Mexico, would severely impact southeastern Louisiana.

7.

On the morning of August 28, 2012, Hurricane Isaac approached the Gulf Coast. The storm first made landfall in southeast Louisiana near the mouth of the Mississippi River at approximately 6:00 p.m. before shifting slightly west for a second landfall on August 29, 2012 near Port Fourchon, Louisiana, at approximately 2:00 a.m. Hurricane Isaac was accompanied by extremely destructive winds which were documented to be most intense along the eastern sides of the storm. The event caused widespread devastation and damage, including damage to the Residence.

8.

During Hurricane Isaac, the Residence sustained substantial wind and rain damage, rendering the Residence uninhabitable and necessitating extensive repairs.

9.

The Policy issued by Amica provided coverage for loss or damage caused by the peril of wind. Additionally, based upon information and belief, the Policy contained a hurricane and/or windstorm endorsement that created coverage for all of the damage sustained at the Residence.

10.

In compliance with the Policy, Petitioner promptly reported the resulting physical and structural damage sustained to the Residence to Amica.

11.

Following Hurricane Isaac, representatives of Amica either viewed the wind damage to the Residence or were directly advised of the nature and scope of damage by Petitioner.

12.

Despite having been provided with sufficient proof of loss, the Defendant insurance company has acted in bad faith by refusing to tender sufficient payment in accordance with the terms of the Policy. Coverage under the Policy remains available and is due to Petitioner herein.

13.

Petitioner is entitled to a judgment declaring that the language of the Policy provides coverage for all damage resulting from a hurricane.

14.

The actions of Amica in failing to fully and fairly adjust Petitioner's claims are arbitrary, capricious, and without probable cause, making Amica liable for penalties provided under La. R.S. 22:1892 and 22:1973.

15.

Defendant, Amica, is liable unto Petitioner under the following legal theories:

a) Breach of contract;

b) Bad faith claims adjusting;

c) Negligent claims adjusting;

d) Intentional infliction of emotional distress; and

e) Any and all other legal theories which may be found through discovery and proven at the trial of this matter.

16.

Defendant, Amica, has committed other acts of negligence, breach of contract, and breach of its duty of good faith and fair dealing, all of which will be shown and proven at the trial of this matter.

17.

As a result of the actions of Amica, Petitioner has suffered, or will suffer, the following non-exclusive damages:

a) Loss of use of property;

b) Loss of enjoyment of property;

c) Diminution in value of property;

d) Repair and remediation expenses;

e) Attorney's fees;

f) Costs of this litigation; and

g) Any and all other damages which will be shown and proven at the trial of this matter.

18.

Petitioner reserves the right to supplement and amend this Petition for Damages.

**WHEREFORE,** Petitioner, Anita Mitchell, prays that Defendant, Amica, be served with a copy of this Petition for Damages and duly cited to appear and answer same, and that after expiration of all legal delays and due proceedings, there be judgment rendered in favor of Petitioner and against Defendant in an amount that will fully compensate Petitioner for the damages pursuant to the evidence and in accordance with the law; all sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

Respectfully Submitted,

_____
**EARL G. PERRY, JR., BAR NO. 10523**
**Gauthier, Houghtaling & Williams, LLP**
3500 North Hullen Street
Metairie, Louisiana 70002
Telephone: (504) 456-8600
Facsimile: (504) 456-8624
E-mail: earl@ghwlegal.com
**COUNSEL FOR PETITIONER**

**PLEASE SERVE:**

AMICA MUTUAL INSURANCE COMPANY
*Through its Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809



D55031280

## CITATION

ANITA MITCHELL

VS

AMICA MUTUAL INSURANCE
COMPANY
DOCKET NUMBER: C-65383

40TH JUDICIAL DISTRICT COURT

PARISH OF ST.JOHN THE BAPTIST

STATE OF LOUISIANA

---

**To:** **AMICA MUTUAL INSURANCE COMPANY**
**THROUGH ITS AGENT FOR SERVICE OF PROCESS:**
**LA SECRETARY OF STATE**
**8585 ARCHIVES AVENUE**
**BATON ROUGE, LA 70809**

2013 10:27 AM

129309589

**Parish: EAST BATON ROUGE**

---

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing an Answer or other pleading to said Petition, in the Fortieth Judicial District Court in and for the Parish of St. John the Baptist, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by **ATTY. EARL G, PERRY, JR.** and was issued by the Clerk of Court on the **SEPTEMBER 3, 2013**

\* Also attached are the following documents:
**PETITION FOR DAMAGES**

SEP 1 1 2013

made service on the named party through the office of the Secretary of State of this document to ☐ MEGHAN SHANKS

JIMMY GLOVER

East Baton Rouge, Louisiana

*MEGAN CURE*
Deputy Clerk of Court for
Eliana DeFrancesch, Clerk of Court

Deputy Sheriff

RECEIVED ON THE _____ DAY OF _____ 20___ AND ON THE _____ DAY OF
_____, 20___ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF
_____, 20___.

| | | |
|---|---|---|
| SERVICE $_____ | BY:_____ | |
| MILEAGE $_____ | | DEPUTY SHERIFF |
| TOTAL $_____ | | |

ORIGINAL – RETURN          COPY – SERVICE          COPY - CLERK

129319372

Luura Defrancesch - Clerk of Court
Filed: Sep 23, 2013  12:31 PM

| ANITA MITCHELL | * | NUMBER 65,383 DIVISION "A" |
|---|---|---|
| VERSUS | * | 40th JUDICIAL DISTRICT COURT |
| | * | PARISH OF ST. JOHN THE BAPTIST |
| AMICA MUTUAL INSURANCE COMPANY | * | STATE OF LOUISIANA |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## REQUEST FOR NOTICE OF TRIAL DATE, ETC.

To the Clerk of the 40th Judicial District Court, within and for the Parish of St. John the Baptist, State of Louisiana:

PLEASE TAKE NOTICE that John P. Wolff, III of the law firm of KEOGH, COX & WILSON, LTD., does hereby request written notice of the date of the trial of the above matter as well as notice of hearings (whether on merits or otherwise), orders, judgments and interlocutory decrees, and any and all formal steps taken by the parties herein, the Judge or any member of the Court , as provided in Louisiana Code of Civil Procedure, particularly Article 1572, 1913 and 1914.

RESPECTFULLY SUBMITTED,

BY: _____

JOHN P. WOLFF, III, Bar #14504
**KEOGH, COX & WILSON, LTD.**
701 Main Street
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: 225.383.3796
Facsimile: 225.343.9612
Email: jwolff@kcwlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or by facsimile transmission.
Baton Rouge, Louisiana, this _70th_ day of September, 2013.

_____
JOHN P. WOLFF, III

| ANITA MITCHELL | * | NUMBER 65,383 DIVISION "A" |
|---|---|---|
| VERSUS | * | 40th JUDICIAL DISTRICT COURT |
| | * | PARISH OF ST. JOHN THE BAPTIST |
| AMICA MUTUAL INSURANCE COMPANY | * | STATE OF LOUISIANA |

## ANSWER TO PETITION FOR DAMAGES



NOW INTO COURT, through undersigned counsel, comes AMICA MUTUAL INSURANCE COMPANY, who, in answer to plaintiff's Petition for Damages, respectfully represents:

### FIRST DEFENSE

The Petition fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

#### *(Non-Conformity)*

The Petition of Intervention fails to conform with the requirements of Code of Civil Procedure, Article 893.

### THIRD DEFENSE

Amica affirmatively pleads the terms, conditions, provisions, exception and limitations of the insurance policy, all of which are alleged as if copied *in extenso* herein.

### ANSWER TO PETITION

1.

To the extent that the allegations of paragraph 1 of the plaintiff's Petition relate to the alleged fault and/or negligence of defendant herein, said allegations are denied. In all other respects, said allegations are denied for lack of sufficient information to justify a belief therein.

2.

To the extent that the allegations of paragraph 2 of the plaintiff's Petition relate to the alleged fault and/or negligence of defendant herein, said allegations are denied. In all other

respects, said allegations are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of paragraph 3 of the plaintiff's Petition are denied.

4.

To the extent that the allegations of paragraph 4 of the plaintiff's Petition relate to the alleged fault and/or negligence of defendant herein, said allegations are denied. In all other respects, said allegations are denied for lack of sufficient information to justify a belief therein.

5.

To the extent that the allegations of paragraph 5 of the plaintiff's Petition relate to the alleged fault and/or negligence of defendant herein, said allegations are denied, save and except to admit that a policy of insurance was issued, said policy, being a written instrument, is the best evidence of its own contents, a copy of which will be produced at trial on the merits subject to all provisions, exceptions, limitations and exclusions contained therein, all of which are affirmatively alleged as if copied in extenso herein.

6.

To the extent that the allegations of paragraph 6 of the plaintiff's Petition relate to the alleged fault and/or negligence of defendant herein, said allegations are denied. In all other respects, said allegations are denied for lack of sufficient information to justify a belief therein.

7.

To the extent that the allegations of paragraph 7 of the plaintiff's Petition relate to the alleged fault and/or negligence of defendant herein, said allegations are denied. In all other respects, said allegations are denied for lack of sufficient information to justify a belief

therein.

8.

To the extent that the allegations of paragraph 8 of the plaintiff's Petition relate to the alleged fault and/or negligence of defendant herein, said allegations are denied. In all other respects, said allegations are denied for lack of sufficient information to justify a belief therein.

9.

To the extent that the allegations of paragraph 9 of the plaintiff's Petition relate to the alleged fault and/or negligence of defendant herein, said allegations are denied. In all other respects, said allegations are denied for lack of sufficient information to justify a belief therein.

10.

To the extent that the allegations of paragraph 10 of the plaintiff's Petition relate to the alleged fault and/or negligence of defendant herein, said allegations are denied. In all other respects, said allegations are denied for lack of sufficient information to justify a belief therein.

11.

To the extent that the allegations of paragraph 11 of the plaintiff's Petition relate to the alleged fault and/or negligence of defendant herein, said allegations are denied. In all other respects, said allegations are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of paragraph 12 of the plaintiff's Petition are denied.

13.

The allegations of paragraph 13 of the plaintiff's Petition are denied.

14.

The allegations of paragraph 14 of the plaintiff's Petition are denied.

15.

The allegations of paragraph 15 of the plaintiff's Petition are denied.

16.

The allegations of paragraph 16 of the plaintiff's Petition are denied.

17.

The allegations of paragraph 17 of the plaintiff's Petition are denied.

18.

To the extent that the allegations of paragraph 18 of the plaintiff's Petition relate to the alleged fault and/or negligence of defendant herein, said allegations are denied. In all other respects, said allegations are denied for lack of sufficient information to justify a belief therein.

## AFFIRMATIVE DEFENSES

1.

In further answer to the plaintiff's Petition herein, it is affirmatively alleged that the incident sued upon occurred as a result of Plaintiff's contributory and/or comparative negligence/fault, said negligence/fault operating to completely bar, or alternatively, to substantially mitigate recovery by Plaintiff or on Plaintiff's behalf herein; said negligence/fault being comprised of the following non-exclusive, particularized acts, among others, to be more fully shown at the time of trial, to-wit:

A.    Failure to mitigate damages; and

B.    Failure to act with due care.

**WHEREFORE**, premises considered, Defendant, AMICA MUTUAL INSURANCE COMPANY, respectfully prays that its Answer to the plaintiff's Petition be deemed good and

- 4 -

sufficient and that after all legal delays and due proceedings are had herein, there be

judgment in its favor, dismissing Plaintiff's demands at Plaintiff's sole cost and prejudice;

AND FOR ALL GENERAL AND EQUITABLE RELIEF, ETC.

RESPECTFULLY SUBMITTED,

BY: _____

JOHN P. WOLFF, III, Bar #14504
**KEOGH, COX & WILSON, LTD.**
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Telecopier: (225) 343-9612
Email: Jwolff@kcwlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing has been served this day upon all

known counsel of record by placing a copy in the United States Mail, properly addressed and

postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this _16th_ day of _October_, 2013.

_____
JOHN P. WOLFF, III

10/16/13

Eliana DeFrancesch - Clerk of Court
Filed: Mar 31, 2014  10:23 AM

||||||| ||| ||||||| ||||||

129655643

| | | |
|---|---|---|
| ANITA MITCHELL | * | NUMBER 65,383 DIVISION "A" |
| VERSUS | * | 40th JUDICIAL DISTRICT COURT |
| | * | PARISH OF ST. JOHN THE BAPTIST |
| AMICA MUTUAL INSURANCE COMPANY | * | STATE OF LOUISIANA |

## MOTION FOR STATUS CONFERENCE

NOW INTO COURT, through undersigned counsel, comes AMICA MUTUAL INSURANCE COMPANY, who, moves this Court to set a status conference in this matter to discuss the status of the case and discovery. Amica was informed that the attorney originally handling the case for Plaintiff is ill and has not returned to work. Counsel for Amica has attempted to contact members of Plaintiff's counsel's firm to discuss the status of this case without response.

WHEREFORE, Amica respectfully requests that this Court set a status conference on the next possible date for the parties to meet and determine the status of this case.

RESPECTFULLY SUBMITTED,

BY: _____

JOHN P. WOLFF, III, Bar #14504
VIRGINIA J. MCLIN, Bar #31257
**KEOGH, COX & WILSON, LTD.**
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Telecopier: (225) 343-9612
Email: Jwolff@kcwlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this ___28th___ day of ___March___, 2014.

_____

JOHN P. WOLFF, III
VIRGINIA J. MCLIN

Eliana DeFrancesch - Clerk of Court
Filed: Mar 31, 2014 10:23 AM

129655668

| | | |
|---|---|---|
| ANITA MITCHELL | * | NUMBER 65,383 DIVISION "A" |
| VERSUS | * | 40th JUDICIAL DISTRICT COURT |
| | * | PARISH OF ST. JOHN THE BAPTIST |
| AMICA MUTUAL INSURANCE COMPANY | * | STATE OF LOUISIANA |

**ORDER**

CONSIDERING the foregoing motion:

IT IS HEREBY ORDERED that a status conference is scheduled in this matter for the _____ day of _____ April 2014 at 3:00 p.m. Counsel may appear either in person or by telephone.

_____
JUDGE
40TH JUDICIAL DISTRICT COURT

- 2 -

cc J. Wolff   4/3/14 MEA
r. Dorn

**40TH JUDICIAL DISTRICT COURT**

**ST. JOHN THE BAPTIST PARISH**

**STATE OF LOUISIANA**

NO. 65383                                                        **DIVISION "A"**

Eliana Der ~~~~~~~~   ~~~~ ~ ~~~~
Filed: Apr 24, 2014  12:36 PM
||||||||||||||||||||||||||||||||||
                    129699849

**ANITA MITCHELL**

**VERSUS**

**AMICA INSURANCE COMPANY**

## PRE-TRIAL ORDER

This matter came for a pre-trial conference via telephone on **April 22, 2014.**

Present:      **Earl Perry**, representing the plaintiff, **Anita Mitchell**
              **Jenny McLin**, representing the defendant, **Amica Insurance Company**

All attorneys and parties are ordered to comply with the following order:

1.  A Bench Trial is scheduled for **November 24, 2014** at 9:00 a.m.

2.  The filing of all supplemental, amended pleadings and incidental demands shall be filed before, **October 27, 2014.**

3.  Plaintiff shall employ all experts and disclose in writing the names and addresses of all witness--- including experts and impeachment witnesses, and a list of exhibits intended for use at trial on or before, **October 27, 2014.**

4.  Defendants shall employ all experts and disclose in writing the names and addresses of all witnesses, including experts and impeachment witnesses, and a list of exhibits intended for use at trial on or before, **October 27, 2014.**

5.  Plaintiff shall complete all discovery by, **October 27, 2014.**

6.  Defendants shall complete all discovery by, **October 27, 2014.**

7.  All preliminary motions and exceptions shall **contain a reference to the trial date in bold or highlighted typeface** and be filed with the Court on or before, **October 10, 2014;** and hearing shall be set no later than **15 days** prior to trial. Those motions not heard by such date are deemed abandoned. Note that the Court cannot guarantee to the filer of a motion that it will be able to schedule for hearing such motion because of its docket backlog.

8.  At least **5 business days** prior to the commencement of trial, each party shall prepare and submit a pre-trial memorandum which shall include a short and concise statement of law relied upon by the respective parties, including specific citations of authorities and support for each point upon which the party intends to rely at trial. An original copy of this memorandum shall be submitted to the clerk of court for filing and a copy shall be issued to the judge's law clerk (via facsimile or mail).

9.  Extension of deadlines may be granted by contradictory motion only.

It may not be appropriate to fix deadlines for all of the above at a conference. This order may be updated from time to time because extensions of intermediate deadlines may impact the trial date; extensions shall be applied for by contradictory motion. Any other extension may be permitted with the consent of all counsel and approval of court. The intent of this order is to lend the assistance of the Court in preparing the case for trial so that it may be resolved with reasonable dispatch.

READ, SIGNED, AND RENDERED in Edgard, Louisiana, this 24th day of April, 2014.

_____
**JUDGE, 40th JUDICIAL DISTRICT COURT**

cc E. Perry
   J. McLin  4/24/14

| ANITA MITCHELL | | * | NUMBER 65,383 DIVISION "A" |
| VERSUS | | * | 40th JUDICIAL DISTRICT COURT |
| | | * | PARISH OF ST. JOHN THE BAPTIST |
| AMICA MUTUAL INSURANCE COMPANY | | * | STATE OF LOUISIANA |

## MOTION TO COMPEL
## PLAINTIFF'S DISCOVERY RESPONSES

NOW INTO COURT, through undersigned counsel, comes Defendant, AMICA

MUTUAL INSURANCE COMPANY ("Amica"), who respectfully moves this Honorable

Court as follows:

1.

On December 16, 2013, Defendant propounded discovery requests ("Discovery

Requests") to Plaintiff, Anita Mitchell, through Plaintiffs' attorney via electronic

transmission.[1]

2.

On January 16, 2014, correspondence setting a discovery conference pursuant to Rule

10.1 for January 21, 2014 was sent to Plaintiff's attorney.[2]

3.

Following communication with Plaintiff's attorney's office regarding the Discovery

Requests, Defendant again provided the Discovery Requests to Plaintiff's attorney on

February 12, 2014.[3] Plaintiff's attorney read the electronic communication containing the

Discovery Requests on February 20, 2014.[4]

---

[1] See correspondence and Discovery Requests, dated December 16, 2013, attached *in globo* as Exhibit A.

[2] See correspondence, dated January 16, 2014, attached as Exhibit B.

[3] See correspondence, dated February 12, 2014, attached as Exhibit C.

[4] See electronic tracking receipt, dated February 20, 2013, attached as Exhibit D.

4.

On March 21, 2014, Defendant contacted Plaintiff's attorney to request information regarding the overdue Discovery Requests and the handling of this case.[5]

5.

After Plaintiff's attorney failed to communicate with Defendant following the correspondence dated March 21, 2014, Defendant moved this Honorable Court to set a Status Conference on April 22, 2014.[6] The Status Conference was held on April 22, 2014 with counsel for Plaintiff and Amica participating.

6.

Plaintiff's counsel represented at the time of the Status Conference that responses to the overdue Discovery Requests would be received shortly. As of the date of filing this motion, Plaintiff's responses to the Discovery Requests have not been received.

7.

The delays established for responding to this discovery fully and adequately have expired and the Defendant is entitled to have this Court order Plaintiffs to respond to the discovery. The discovery is relevant to issues in this matter.

WHEREFORE, Defendant, AMICA MUTUAL INSURANCE COMPANY, prays that Plaintiff, ANITA MITCHELL, be ordered to show cause before this Honorable Court at the earliest time on the court's docket why Plaintiff should not be compelled to answer Defendant's Discovery Requests.

---

[5] See correspondence, dated March 21, 2014, attached as Exhibit E.

[6] See Motion for Status Conference, attached as Exhibit F.

RESPECTFULLY SUBMITTED,

BY: _____

JOHN P. WOLFF, III, Bar #14504
VIRGINIA J. MCLIN, Bar #31257
**KEOGH, COX & WILSON, LTD.**
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Telecopier: (225) 343-9612
Email: Jwolff@kcwlaw.com
        Jmclin@kcwlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 28th day of _____May_____, 2014.

_____
JOHN P. WOLFF, III
VIRGINIA J. MCLIN

Eliana DeFrancesch - Clerk of Court
Filed: May 30, 2014 9:55 AM
129764759

| ANITA MITCHELL | * | NUMBER 65,383 DIVISION "A" |
|---|---|---|
| VERSUS | * | 40th JUDICIAL DISTRICT COURT |
| | * | PARISH OF ST. JOHN THE BAPTIST |
| AMICA MUTUAL INSURANCE COMPANY | * | STATE OF LOUISIANA |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES

Plaintiff, Anita Mitchell, has not responded to Discovery Requests propounded by Defendant, Amica Mutual Insurance Company ("Amica") despite numerous requests. Because Plaintiff failed to respond to the Discovery Requests within the delays allowed by law, Plaintiff should be compelled to respond to the overdue discovery.

### I.   PROCEDURAL HISTORY

On December 16, 2013, Defendant propounded discovery requests ("Discovery Requests") to Plaintiff, Anita Mitchell, through Plaintiffs' attorney via electronic transmission.

Plaintiff's attorney was non-responsive to Defendant's requests, so on January 16, 2014, correspondence setting a discovery conference pursuant to Rule 10.1 was sent to Plaintiffs' attorney. The Rule 10.1 discovery conference was set for January 21, 2014.

Plaintiff's attorney did not participate in the Rule 10.1 discovery conference. Plaintiff's attorney's office advised Defendant that Plaintiff's attorney was ill and could not participate in the discovery conference.

Defendant re-sent the Discovery Requests to Plaintiff's attorney on February 12, 2014 and requested Plaintiff's responses. This correspondence was received and read by Plaintiff's attorney by February 20, 2014. No further correspondence regarding the Discovery Requests was received by Defendant.

In light of Plaintiff's attorney's continued failure to respond to the Discovery Requests, correspondence was again sent to Plaintiff's attorney on March 21, 2014 requesting a telephone conference on March 27, 2014 to discuss the status of the case and

the overdue responses, which would serve as the rescheduled Rule 10.1 discovery conference.

Plaintiff did not participate in the telephone conference set for March 27, 2014. Defendant subsequently moved this Honorable Court for a status conference to be held April 22, 2014. The status conference was held on April 22, 2014 and counsel for Plaintiff and Defendant participated.

Plaintiff's attorney advised at the time of the status conference that responses to the overdue Discovery Requests would be delivered in short order. At the time of filing this motion, Defendant has not received Plaintiff's discovery responses.

## II.     LAW & ARGUMENT

The discovery requested is relevant to the issues of this suit. Plaintiffs failed to respond to discovery within the delays allowed by law as provided by the Louisiana Code of Civil Procedure Art. 1458 and 1462. Accordingly, the Defendant respectfully prays that this Honorable Court enter an order compelling Plaintiff to respond to the outstanding discovery.

Under Louisiana Code of Civil Procedure Art. 1469, Defendant is entitled to reasonable expenses, including attorney's fees, if the Court determines that the failure to respond to discovery was not substantially justified. There is no justification for Plaintiffs' failure to respond to the outstanding discovery.

## III.    CONCLUSION

Defendant is entitled to an Order from this Honorable Court compelling Plaintiff to respond to the overdue discovery propounded to Plaintiff, Anita Mitchell, in light of her failure to respond despite numerous requests by Defendant.

RESPECTFULLY SUBMITTED,

BY: _____

JOHN P. WOLFE, III, Bar #14504
VIRGINIA J. MCLIN, Bar #31257
**KEOGH, COX & WILSON, LTD.**
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Telecopier: (225) 343-9612
Email: Jwolff@kcwlaw.com
        Jmclin@kcwlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 28th day of _____May_____, 2014.

_____
JOHN P. WOLFF, III
VIRGINIA J. MCLIN

- 3 -

Eliana DeFrancesch - Clerk of Court
Filed: May 30, 2014  9:55 AM
129764767

| ANITA MITCHELL | . * | NUMBER 65,383 DIVISION "A" |
| VERSUS | * | 40th JUDICIAL DISTRICT COURT |
| | * | PARISH OF ST. JOHN THE BAPTIST |
| AMICA MUTUAL INSURANCE COMPANY | * | STATE OF LOUISIANA |

## RULE 10.1 CERTIFICATE

    UNDERSIGNED COUNSEL HEREBY CERTIFIES that, pursuant to Louisiana District Court Rule 10.1, a Rule 10.1 conference was scheduled for January 21, 2014 and subsequently rescheduled for March 27, 2014, with Earl G. Perry, Esq., counsel for Plaintiff, Anita Mitchell, for the purpose of determining the status of outstanding responses to Discovery Requests. Counsel for Defendant attempted to contact Plaintiff's counsel to resolve the matter presented in this motion as more fully outlined in the attached Motion to Compel and supporting Memorandum. Plaintiff's counsel did not participate in the scheduled Rule 10.1 conferences. Plaintiff's failure to respond to discovery was also discussed at the April 22, 2014 status conference held with this Court. The requirements of Rule 10.1 have been satisfied.

 

                JOHN P. WOLFF, III
                VIRGINIA J. MCLIN
          **KEOGH, COX & WILSON, LTD.**
              701 Main Street (70802)
              Post Office Box 1151
          Baton Rouge, Louisiana 70821
         Telephone: (225) 383-3796
         Telecopier: (225) 343-9612
         Email: Jwolff@kcwlaw.com
              Jmclin@kcwlaw.com

| ANITA MITCHELL | * | NUMBER 65,383 DIVISION "A" |
|---|---|---|
| VERSUS | * | 40th JUDICIAL DISTRICT COURT |
| | * | PARISH OF ST. JOHN THE BAPTIST |
| AMICA MUTUAL INSURANCE COMPANY | * | STATE OF LOUISIANA |

## FIRST SET OF DISCOVERY REQUESTS PROPOUNDED TO PLAINTIFF BY AMICA MUTUAL INSURANCE COMPANY

To:   Plaintiff, ANITA MITCHELL
      *through counsel of record:*

      Earl G. Perry, Esq. (#10523)
      Gauthier Houghtaling & Williams, LLP
      3500 North Hullen Street
      Metairie, LA 70002

NOW INTO COURT, through undersigned counsel, comes defendant, AMICA

MUTUAL INSURANCE COMPANY, who propounds its First Set of Discovery Requests,

including interrogatories, requests for production of documents, and requests for admission,

to Plaintiff, ANITA MITCHELL.

YOU ARE HEREBY NOTIFIED to answer under oath the discovery requests set out

below within fifteen (15) days of the time service is made upon you in accordance with

Articles 1457, 1458, 1459, 1428, 1461 and 1462 of the Louisiana Code of Civil Procedure,

which interrogatories are intended to be, and should be considered continuing, as follows:

### INSTRUCTIONS FOR USE

A.   All information is to be divulged which is in the possession of the individual or corporate party, his attorneys, investigators, agents, employees, or other representatives of the named party and his or their attorney.

B.   Where an individual interrogatory calls for an answer which involves more than one part, each part of the answer should be clearly set out so that it is understandable.

C.   Where the terms "you," "your," "plaintiff" or "defendant" are used, they are meant to include every individual party and separate answers should be given for each person named as a party to whom these interrogatories are addressed.

D.   Where the terms "occurrence," "incident" or "accident" are used, they are meant to mean the incident which is the basis of this lawsuit, unless otherwise specified.

E.  The terms "subject property" or "insured property" are meant to refer to the residence bearing municipal address 1 Saint Loupe Drive, La Place, LA 70068.

F.  The term "document" shall mean all original written, recorded or graphic matters whatsoever and all non-identical copies thereof, including, but not limited to, pleadings, motions, responses to discovery, papers, books, records, letters, photographs, maps, plats, surveys, tangible things, correspondence, communications, emails, telegrams, cables, Telex messages, memoranda, notes, notations, workpapers, transcripts, minutes, reports, and recordings of telephone or other conversations, or of interviews, or of conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, contracts, agreements, jottings, agenda, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, journals, all records kept by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing, all things similar to any of the foregoing, however, denominated by the parties. In all cases, where originals or non-identical copies are not available, "documents" also means identical copies or original documents and non-identical copies thereof.

G.  The terms "identify" and "identification:"

   (1)  When used in reference to an individual, shall mean to provide his full name, present or last known residence, home telephone number, business affiliation, job title, business address and business telephone number;

   (2)  When used in reference to a corporation, shall mean to provide its full name, its state of incorporation, and its principal place of business;

   (3)  When used in reference to a person other than an individual or corporation, shall mean to provide its official name, its organizational form and its address;

   (4)  When used in reference to a document, shall mean to name the type of document, date, its present location, the name and address of its custodian. In lieu of identifying any document, copies thereof may be furnished.

   (5)  When used in reference to any act, occurrence, occasion, operation, activity, meeting, transaction, or conduct, shall mean to set forth the event or events constituting such act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto; when used in reference to any discussion, shall mean in addition to the foregoing, to set forth the substance of the discussion.

H.  The term "subject loss" or "subject claim" shall mean the loss or claim submitted by plaintiff for damages alleged to be the result of Hurricane Isaac (08/28/2012).

## INTERROGATORIES AND REQUESTS FOR PRODUCTION

### INTERROGATORY NO. 1

Please state the name, address, telephone number, date of birth, driver's license number and Social Security number of each party responding to these interrogatories.

- 2 -

## INTERROGATORY NO. 2

Please state the full name and last known address, giving the street, street number, city and state or information for the location of every person known to, or reasonably believed by you, who has or purports to have knowledge or information of any facts pertaining to the subject claim on the insured property.

## INTERROGATORY NO. 3

Please identify, in accordance with the definitions set forth hereinabove, each and every expert witness whom you will or may call to testify at the trial of this matter or with whom you have consulted.

## INTERROGATORY NO. 4

Please describe in detail all property damages that were believe were sustained at the insured property as a result of Hurricane Isaac.

## REQUEST FOR PRODUCTION NO. 1

Please produce all documents that support the claimed damages described in Interrogatory No. 4, such documents to include but not be limited to: photographs, estimates, repair estimates, bills or invoices, etc.

## INTERROGATORY NO. 5

Did the subject property sustain any flooding as a result of Hurricane Isaac? If yes, please describe the extent of the flood water at the subject property and the location in the subject property that sustained flooding.

## INTERROGATORY NO. 6

Was a policy of flood insurance that afforded coverage to the subject property in effect at the time of the subject loss? If so, please state the name and address of the insurer, the policy number, and coverage limits. Please also state whether you submitted a claim to your flood insurer for damages as a result of the subject loss, and the amount paid by the flood insurer on the submitted claim.

- 3 -

## REQUEST FOR PRODUCTION NO. 2

Please produce a copy of all documents pertinent your answer to Interrogatory Nos. 5 and 6, to include but not be limited to: a copy of the flood insurance policy, a copy of all documents reflecting communications between you and the flood insurer, all documentation related to payments made by the flood insurer, all photographs, estimates and other documents relating to the described flood damages.

## INTERROGATORY NO. 7

Please describe all of the repair work you or someone on your behalf performed at the subject property as a result of the damages sustained from Hurricane Isaac.

## INTERROGATORY NO. 8

Please identify, as defined above, all persons, entities, contractors, repairmen, or other persons who you contacted to perform any of the repairs described in Interrogatory No. 7.

## REQUEST FOR PRODUCTION NO. 3

Please produce any and all documents that relate to the repairs undertaken to the subject property as a result of the subject claim. Please include all estimates, invoices, repair bills, cancelled checks, credit card receipts, or other documents reflecting the repair work performed.

## INTERROGATORY NO. 9

Are you claiming additional living expenses as a result of the damage alleged in this suit? If so, please outline your usual monthly costs and expenses and describe the additional living expenses that were incurred as a result of the subject loss.

## REQUEST FOR PRODUCTION NO. 4

Please produce any and all documents related to the additional living expenses you are claiming were incurred as a result of the damages to the insured property from Hurricane Isaac.

- 4 -

## INTERROGATORY NO. 10

In paragraph 12 of the Petition, you claim that Amica "refuse[d] to tender sufficient payment in accordance with the terms of the policy." In this regard, please describe in detail all property damages or other loss for which you allege Amica did not tender sufficient payment.

## REQUEST FOR PRODUCTION NO. 5

Please produce any and all documents that supports or relates to your answer to Interrogatory No. 10.

## INTERROGATORY NO. 11

With respect to your claim to entitlement to penalties or attorney's fees as set forth in paragraph 14 of your Petition, please respond to the following: (a) outline, in detail, each and every act or omission on the part of Amica or its representatives that gave rise to the claim; and (b) describe any damage which you claim you sustained as a result of such alleged actions by Amica.

## INTERROGATORY NO. 12

To the extent you are claiming Intentional Infliction of Emotional Distress in connection with Amica's handling of your claims, please describe in detail the specific conduct by Amica or its representatives that gave rise to this claim.

## REQUEST FOR PRODUCTION NO. 6

Please provide all documents that support your claim for intentional infliction of emotional distress, including but not limited to all invoices, receipts, and documentation of treatment with medical or other professionals resulting from the claimed actions.

## REQUEST FOR PRODUCTION NO. 7

Please produce copies of any and all documents that you sent to Amica, or that you received from Amica, to include all letters, enclosures, emails, attachments, estimates provided, notes, etc.

- 5 -

## INTERROGATORY NO. 13

Please identify all prior damage claims you submitted to a property insurer on the subject property for the time period of January 1, 2005 through the present date. For each such submitted claim please state the following: 1) the date the claimed damage was sustained; 2) a description of the damages sustained at the time; 3) the identity of the insurer to whom the claim was submitted; 4) the amount, if any, received in payment from the insurer for the claimed damage; and 5) the repair, remediation or remodeling work that was performed to remedy the claimed damage.

## REQUEST FOR PRODUCTION NO. 8

Please produce a copy of any and all documents that relate to your answer to interrogatory no. 13.

## REQUEST FOR PRODUCTION NO. 9

To the extent not otherwise produced, please produce each and every photograph, document, exhibit or other item of tangible evidence which you will or may attempt to introduce at trial on the merits.

# REQUESTS FOR ADMISSION

## REQUEST NO. 1

Admit that you have previously received the sum of $26.488.35 from defendant in payment of the subject claim.

## REQUEST NO. 2

Admit that you are not claiming damages exclusive of the amount previously paid by defendant on the subject claim that exceeds the sum of $50,000 in connection with this suit.

## REQUEST NO. 3

Admit that you are not claiming damages exclusive of the amount previously paid by defendant on the subject claim that exceeds the sum of $75,000 in connection with this suit.

**Pursuant to the provisions of Louisiana Code of Civil Procedure Article 1462, we make request that all production of documents be provided (to the extent possible)**

- 6 -

in ADOBE (pdf) and/or WORD format and delivered via email/electronic transmission to John P. Wolff, III, at jwolff@kcwlaw.com within fifteen (15) days of receipt.

RESPECTFULLY SUBMITTED,

BY: _____

JOHN P. WOLFF, III, Bar #14504
NANCY B. GILBERT, Bar #23095
MARK T. ASSAD, Bar #35029
**KEOGH, COX & WILSON, LTD.**
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Telecopier: (225) 343-9612
Email: Jwolff@kcwlaw.com
*Attorneys for Amica Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this _16th_ day of _December_, 2013.

_____
JOHN P. WOLFF, III

- 7 -

| ANITA MITCHELL | * | NUMBER 65,383 DIVISION "A" |
| VERSUS | * | 40th JUDICIAL DISTRICT COURT |
| | * | PARISH OF ST. JOHN THE BAPTIST |
| AMICA MUTUAL INSURANCE COMPANY | * | STATE OF LOUISIANA |

## VERIFICATION

BEFORE ME this date, personally came and appeared:

ANITA MITCHELL

who verifies that the above Answers to Interrogatories and Request for Production of Documents are true and correct to the best of his knowledge, information and belief.

_____
**ANITA MITCHELL**

Sworn to and subscribed to me this _____ day of _____, 20___, at _____, Louisiana.

_____
NOTARY PUBLIC

My Commission Expires: _____

- 8 -

JOHN P. WOLFF, III*
STEVEN C. JUDICE
ANDREW BLANCHFIELD
EDWARD F. STAUSS, III
KIRK L. LANDRY*
GRACELLA SIMMONS
NANCY B. GILBERT
COLLIN J. LeBLANC
CHAD A. SULLIVAN, R.N., J.D.++
CHRISTOPHER K. JONES
MARY ANNE WOLF**
STEPHEN M. WHITLOW
MARTIN E. GOLDEN
TORI S. BOWLING
VIRGINIA J. MCLIN

**KCW LAW**

KEOGH COX & WILSON LTD

ATTORNEYS AT LAW
kcwlaw.com

C. REYNOLDS LeBLANC
RICHARD W. WOLFF
BRENT J. COBB
MARK T. ASSAD

SPECIAL COUNSEL
ANDREW J. HODGES, IV

OF COUNSEL:
JOHN R. KEOGH

JOHN E. COX
(1923 - 2010)
STEPHEN R. WILSON
(1950 - 2010)

*LICENSED IN LOUISIANA & TEXAS
++REGISTERED NURSE
** LICENSED ENGINEER

**January 16, 2014**

**VIA EMAIL** - earl@ghwlegal.com

Mr. Earl G. Perry
**Gauthier Houghtaling & Williams, LLP**
3500 North Hullen Street
Metairie, LA 70002

RE:    Anita Mitchell v. Amica Mutual Insurance Company
       Suit No. 65,383, Division "A"; 40th JDC, Parish of St. John the Baptist
       Our File No.: 63.1326716

Dear Mr. Perry:

Our records indicate that we have not received responses to discovery propounded to your client, Anita Mitchell, on December 16, 2013. As a result, we are scheduling a Rule 10.1 discovery conference for Tuesday, January 21, 2014, at 9:00 a.m. We will contact your office at that time. If the scheduled time is inconvenient, please advise as soon as possible.

Please advise if you have any questions.

Very truly yours,

**KEOGH, COX & WILSON, LTD.**

*John P. Wolff*

JOHN P. WOLFF, III
NANCY B. GILBERT
MARK T. ASSAD

JPWIII/NBG/MTA:



EXHIBIT
B

701 MAIN STREET (70802)   |   P. O. BOX 1151 (70821)   |   BATON ROUGE, LOUISIANA   |   (225) 383-3796   |   FAX (225) 343-9612   |   EMAIL kcwlaw@kcwlaw.com

**Donna Whittington**

| From: | Donna Whittington |
|---|---|
| Sent: | Wednesday, February 12, 2014 12:14 PM |
| To: | 'earl@ghwlegal.com'; 'jamie@ghwlegal.com' |
| Cc: | John Wolff; Nancy Gilbert; Mark Assad; Donna Hearn |
| Subject: | FW: MITCHELL // Our File No. 63.1326716 |
| Attachments: | Perry3 (discovery).pdf; Disc Req (#1) - Amica to Mitchell.pdf |

| Tracking: | Recipient | Delivery |
|---|---|---|
| | 'earl@ghwlegal.com' | |
| | 'jamie@ghwlegal.com' | |
| | John Wolff | Delivered: 2/12/2014 12:15 PM |
| | Nancy Gilbert | Delivered: 2/12/2014 12:15 PM |
| | Mark Assad | Delivered: 2/12/2014 12:15 PM |
| | Donna Hearn | Delivered: 2/12/2014 12:15 PM |

**Sent via e-mail only - WITH TRACKING; no hard copy to follow.  Please REPLY TO ALL When Responding To This Email.  Thank you.**

Mr. Perry,

Please see attached **Interrogatories and Requests for Production of Documents** directed to your client, **Anita Mitchell**, and previous transmittal letter dated December 16, 2013.

Please be advised that it is our firm's policy to deliver discovery by email only.  Unless you object to this form of delivery, all discovery will be sent to the email address(es) provided by you.

*Donna Whittington,*
Legal Assistant to:
**John P. Wolff, III, Esq.**
**Richard W. Wolff, Esq.**
**Mark T. Assad, Esq.**
Keogh, Cox & Wilson, Ltd.
Attorneys at Law
701 Main Street (70802)
P. O. Box 1151
Baton Rouge, LA  70821
Ph  (225) 383-3796
Fax  (225) 343-9612
Email: Donnaw@kcwlaw.com

CONFIDENTIALITY
This e-mail and any attachments are confidential and also may be privileged. If you are not the named recipient, or have otherwise received this communication in error, please delete it from your inbox, notify the sender immediately, and do not disclose its contents to any other person, use them for any purpose, or store or copy them in any medium. Thank you for your cooperation.

**From:** Phuong Jenkins
**Sent:** Monday, December 16, 2013 1:31 PM

EXHIBIT
C

1

**To:** 'earl@ghwlegal.com'
**Cc:** John Wolff (jwolff@KCWLAW.COM); Nancy Gilbert; Mark Assad; Donna Hearn
**Subject:** MITCHELL // Our File No. 63.1326716

PLEASE REPLY TO ALL WHEN RESPONDING TO THIS EMAIL.  THANK YOU.  Please find attached correspondence dated December 16, 2013 with one attachment.


Phuong E. Jenkins
Legal Assistant to
Mr. John P. Wolff, III
Ms. Mary Anne Wolf
Ms. Tori S. Bowling
KEOGH COX & WILSON, LTD.
701 Main Street
P.O. Box 1151
Baton Rouge, LA 70821
Telephone: (225) 383-3796
Facsimile: (225) 343-9612



Please consider the environment before printing this e-mail.

---

**CONFIDENTIALITY**

This e-mail and any attachments are confidential and also may be privileged. If you are not the named recipient, or have otherwise received this communication in error, please delete it from your inbox, notify the sender immediately, and do not disclose its contents to any other person, use them for any purpose, or store or copy them in any medium.

Thank you for your cooperation.

2

JOHN P. WOLFF, III*
STEVEN C. JUDICE
ANDREW BLANCHFIELD
EDWARD F. STAUSS, III
KIRK L. LANDRY*
GRACELLA SIMMONS
NANCY B. GILBERT
COLLIN J. LeBLANC
CHAD A. SULLIVAN, R.N., J.D.++
CHRISTOPHER K. JONES
MARY ANNE WOLF**
STEPHEN M. WHITLOW
MARTIN E. GOLDEN
TORI S. BOWLING
VIRGINIA J. MCLIN



C. REYNOLDS LeBLAN(
RICHARD W. WOLFI
BRENT J. COBI
MARK T. ASSAI

SPECIAL COUNSE
ANDREW J. HODGES, F

OF COUNSEI
JOHN R. KEOGI

JOHN E. CO
(1923 - 201(
STEPHEN R. WILSOI
(1950 - 201(

**ATTORNEYS AT LAW**
kcwlaw.com

**December 16, 2013**

*LICENSED IN LOUISIANA & TEXAS
++REGISTERED NURSE
** LICENSED ENGINEER

**VIA EMAIL**

Mr. Earl G. Perry
**Gauthier Houghtaling & Williams, LLP**
3500 North Hullen Street
Metairie, LA 70002

RE:   Anita Mitchell v. Amica Mutual Insurance Company
Suit No. 65,383, Division "A"; 40th JDC, Parish of St. John the Baptist
Our file No.: 63.1326716

Dear Mr. Perry:

Please find enclosed a set of Discovery Requests, including Interrogatories, Requests for Production of Documents, and Requests for Admissions, that are propounded this date to your client, Anita Mitchell, by Amica Mutual Insurance Company. We appreciate receiving your responses thereto within the delays allowed by law.

With kind regards, we remain

Very truly yours,
**KEOGH COX & WILSON, LTD.**

*John P. Wolff*

JOHN P. WOLFF, III
NANCY B. GILBERT
MARK T. ASSAD

JPWIII/NBG/MTA:pej
Enclosure

| ANITA MITCHELL | * | NUMBER 65,383 DIVISION "A" |
|---|---|---|
| VERSUS | * | 40th JUDICIAL DISTRICT COURT |
| | * | PARISH OF ST. JOHN THE BAPTIST |
| AMICA MUTUAL INSURANCE COMPANY | * | STATE OF LOUISIANA |

## FIRST SET OF DISCOVERY REQUESTS
## PROPOUNDED TO PLAINTIFF BY
## AMICA MUTUAL INSURANCE COMPANY

To:    Plaintiff, ANITA MITCHELL
       *through counsel of record*:

       Earl G. Perry, Esq. (#10523)
       Gauthier Houghtaling & Williams, LLP
       3500 North Hullen Street
       Metairie, LA 70002

NOW INTO COURT, through undersigned counsel, comes defendant, AMICA

MUTUAL INSURANCE COMPANY, who propounds its First Set of Discovery Requests,

including interrogatories, requests for production of documents, and requests for admission,

to Plaintiff, ANITA MITCHELL.

YOU ARE HEREBY NOTIFIED to answer under oath the discovery requests set out

below within fifteen (15) days of the time service is made upon you in accordance with

Articles 1457, 1458, 1459, 1428, 1461 and 1462 of the Louisiana Code of Civil Procedure,

which interrogatories are intended to be, and should be considered continuing, as follows:

### INSTRUCTIONS FOR USE

A.    All information is to be divulged which is in the possession of the individual or
      corporate party, his attorneys, investigators, agents, employees, or other
      representatives of the named party and his or their attorney.

B.    Where an individual interrogatory calls for an answer which involves more than one
      part, each part of the answer should be clearly set out so that it is understandable.

C.    Where the terms "you," "your," "plaintiff" or "defendant" are used, they are meant
      to include every individual party and separate answers should be given for each
      person named as a party to whom these interrogatories are addressed.

D.    Where the terms "occurrence," "incident" or "accident" are used, they are meant to
      mean the incident which is the basis of this lawsuit, unless otherwise specified.

E.  The terms "subject property" or "insured property" are meant to refer to the residence bearing municipal address 1 Saint Loupe Drive, La Place, LA 70068.

F.  The term "document" shall mean all original written, recorded or graphic matters whatsoever and all non-identical copies thereof, including, but not limited to, pleadings, motions, responses to discovery, papers, books, records, letters, photographs, maps, plats, surveys, tangible things, correspondence, communications, emails, telegrams, cables, Telex messages, memoranda, notes, notations, workpapers, transcripts, minutes, reports, and recordings of telephone or other conversations, or of interviews, or of conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, contracts, agreements, jottings, agenda, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, journals, all records kept by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing, all things similar to any of the foregoing, however, denominated by the parties. In all cases, where originals or non-identical copies are not available, "documents" also means identical copies or original documents and non-identical copies thereof.

G.  The terms "identify" and "identification:"

(1)  When used in reference to an individual, shall mean to provide his full name, present or last known residence, home telephone number, business affiliation, job title, business address and business telephone number;

(2)  When used in reference to a corporation, shall mean to provide its full name, its state of incorporation, and its principal place of business;

(3)  When used in reference to a person other than an individual or corporation, shall mean to provide its official name, its organizational form and its address;

(4)  When used in reference to a document, shall mean to name the type of document, date, its present location, the name and address of its custodian. In lieu of identifying any document, copies thereof may be furnished.

(5)  When used in reference to any act, occurrence, occasion, operation, activity, meeting, transaction, or conduct, shall mean to set forth the event or events constituting such act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto; when used in reference to any discussion, shall mean in addition to the foregoing, to set forth the substance of the discussion.

H.  The term "subject loss" or "subject claim" shall mean the loss or claim submitted by plaintiff for damages alleged to be the result of Hurricane Isaac (08/28/2012).

## INTERROGATORIES AND REQUESTS FOR PRODUCTION

### INTERROGATORY NO. 1

Please state the name, address, telephone number, date of birth, driver's license number and Social Security number of each party responding to these interrogatories.

- 2 -

## INTERROGATORY NO. 2

Please state the full name and last known address, giving the street, street number, city and state or information for the location of every person known to, or reasonably believed by you, who has or purports to have knowledge or information of any facts pertaining to the subject claim on the insured property.

## INTERROGATORY NO. 3

Please identify, in accordance with the definitions set forth hereinabove, each and every expert witness whom you will or may call to testify at the trial of this matter or with whom you have consulted.

## INTERROGATORY NO. 4

Please describe in detail all property damages that were believe were sustained at the insured property as a result of Hurricane Isaac.

## REQUEST FOR PRODUCTION NO. 1

Please produce all documents that support the claimed damages described in Interrogatory No. 4, such documents to include but not be limited to: photographs, estimates, repair estimates, bills or invoices, etc.

## INTERROGATORY NO. 5

Did the subject property sustain any flooding as a result of Hurricane Isaac? If yes, please describe the extent of the flood water at the subject property and the location in the subject property that sustained flooding.

## INTERROGATORY NO. 6

Was a policy of flood insurance that afforded coverage to the subject property in effect at the time of the subject loss? If so, please state the name and address of the insurer, the policy number, and coverage limits. Please also state whether you submitted a claim to your flood insurer for damages as a result of the subject loss, and the amount paid by the flood insurer on the submitted claim.

- 3 -

**REQUEST FOR PRODUCTION NO. 2**

Please produce a copy of all documents pertinent your answer to Interrogatory Nos. 5 and 6, to include but not be limited to: a copy of the flood insurance policy, a copy of all documents reflecting communications between you and the flood insurer, all documentation related to payments made by the flood insurer, all photographs, estimates and other documents relating to the described flood damages.

**INTERROGATORY NO. 7**

Please describe all of the repair work you or someone on your behalf performed at the subject property as a result of the damages sustained from Hurricane Isaac.

**INTERROGATORY NO. 8**

Please identify, as defined above, all persons, entities, contractors, repairmen, or other persons who you contacted to perform any of the repairs described in Interrogatory No. 7.

**REQUEST FOR PRODUCTION NO. 3**

Please produce any and all documents that relate to the repairs undertaken to the subject property as a result of the subject claim. Please include all estimates, invoices, repair bills, cancelled checks, credit card receipts, or other documents reflecting the repair work performed.

**INTERROGATORY NO. 9**

Are you claiming additional living expenses as a result of the damage alleged in this suit? If so, please outline your usual monthly costs and expenses and describe the additional living expenses that were incurred as a result of the subject loss.

**REQUEST FOR PRODUCTION NO. 4**

Please produce any and all documents related to the additional living expenses you are claiming were incurred as a result of the damages to the insured property from Hurricane Isaac.

- 4 -

## INTERROGATORY NO. 10

In paragraph 12 of the Petition, you claim that Amica "refuse[d] to tender sufficient payment in accordance with the terms of the policy." In this regard, please describe in detail all property damages or other loss for which you allege Amica did not tender sufficient payment.

## REQUEST FOR PRODUCTION NO. 5

Please produce any and all documents that supports or relates to your answer to Interrogatory No. 10.

## INTERROGATORY NO. 11

With respect to your claim to entitlement to penalties or attorney's fees as set forth in paragraph 14 of your Petition, please respond to the following: (a) outline, in detail, each and every act or omission on the part of Amica or its representatives that gave rise to the claim; and (b) describe any damage which you claim you sustained as a result of such alleged actions by Amica.

## INTERROGATORY NO. 12

To the extent you are claiming Intentional Infliction of Emotional Distress in connection with Amica's handling of your claims, please describe in detail the specific conduct by Amica or its representatives that gave rise to this claim.

## REQUEST FOR PRODUCTION NO. 6

Please provide all documents that support your claim for intentional infliction of emotional distress, including but not limited to all invoices, receipts, and documentation of treatment with medical or other professionals resulting from the claimed actions.

## REQUEST FOR PRODUCTION NO. 7

Please produce copies of any and all documents that you sent to Amica, or that you received from Amica, to include all letters, enclosures, emails, attachments, estimates provided, notes, etc.

- 5 -

## INTERROGATORY NO. 13

Please identify all prior damage claims you submitted to a property insurer on the subject property for the time period of January 1, 2005 through the present date. For each such submitted claim please state the following: 1) the date the claimed damage was sustained; 2) a description of the damages sustained at the time; 3) the identity of the insurer to whom the claim was submitted; 4) the amount, if any, received in payment from the insurer for the claimed damage; and 5) the repair, remediation or remodeling work that was performed to remedy the claimed damage.

## REQUEST FOR PRODUCTION NO. 8

Please produce a copy of any and all documents that relate to your answer to interrogatory no. 13.

## REQUEST FOR PRODUCTION NO. 9

To the extent not otherwise produced, please produce each and every photograph, document, exhibit or other item of tangible evidence which you will or may attempt to introduce at trial on the merits.

# REQUESTS FOR ADMISSION

## REQUEST NO. 1

Admit that you have previously received the sum of $26.488.35 from defendant in payment of the subject claim.

## REQUEST NO. 2

Admit that you are not claiming damages exclusive of the amount previously paid by defendant on the subject claim that exceeds the sum of $50,000 in connection with this suit.

## REQUEST NO. 3

Admit that you are not claiming damages exclusive of the amount previously paid by defendant on the subject claim that exceeds the sum of $75,000 in connection with this suit.

**Pursuant to the provisions of Louisiana Code of Civil Procedure Article 1462, we make request that all production of documents be provided (to the extent possible)**

in ADOBE (pdf) and/or WORD format and delivered via email/electronic transmission to John P. Wolff, III, at jwolff@kcwlaw.com within fifteen (15) days of receipt.

RESPECTFULLY SUBMITTED,

BY: _____

JOHN P. WOLFF, III, Bar #14504
NANCY B. GILBERT, Bar #23095
MARK T. ASSAD, Bar #35029
**KEOGH, COX & WILSON, LTD.**
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Telecopier: (225) 343-9612
Email: Jwolff@kcwlaw.com
*Attorneys for Amica Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this _16th_ day of _December_, 2013.

_____
JOHN P. WOLFF, III

- 7 -

| ANITA MITCHELL | | * | NUMBER 65,383 DIVISION "A" |
|---|---|---|---|
| VERSUS | | * | 40th JUDICIAL DISTRICT COURT |
| | | * | PARISH OF ST. JOHN THE BAPTIST |
| AMICA MUTUAL INSURANCE COMPANY | | * | STATE OF LOUISIANA |

## VERIFICATION

BEFORE ME this date, personally came and appeared:

ANITA MITCHELL

who verifies that the above Answers to Interrogatories and Request for Production of

Documents are true and correct to the best of his knowledge, information and belief.


_____ _____

**ANITA MITCHELL**


Sworn to and subscribed to me this _____ day of _____ _____, 20___,

at _____, Louisiana.


_____

NOTARY PUBLIC

My Commission Expires: _____


- 8 -

**Donna Whittington**

| | |
|---|---|
| **From:** | Earl Perry <earl@ghwlegal.com> |
| **To:** | Donna Whittington |
| **Sent:** | Thursday, February 20, 2014 3:14 PM |
| **Subject:** | Read: FW: MITCHELL // Our File No. 63.1326716 |

Your message

To:
Subject: MITCHELL // Our File No. 63.1326716
Sent: Thursday, February 20, 2014 3:14:18 PM (UTC-06:00) Central Time (US & Canada)

was read on Thursday, February 20, 2014 3:14:09 PM (UTC-06:00) Central Time (US & Canada).



EXHIBIT

D

1

JOHN P. WOLFF, III*
STEVEN C. JUDICE
ANDREW BLANCHFIELD
EDWARD F. STAUSS, III
KIRK L. LANDRY*
GRACELLA SIMMONS
NANCY B. GILBERT
COLLIN J. LeBLANC
CHAD A. SULLIVAN, R.N., J.D.++
CHRISTOPHER K. JONES
MARY ANNE WOLF**
STEPHEN M. WHITLOW
MARTIN E. GOLDEN
TORI S. BOWLING
VIRGINIA J. MCLIN

*LICENSED IN LOUISIANA & TEXAS
++REGISTERED NURSE
** LICENSED ENGINEER



ATTORNEYS AT LAW
kcwlaw.com

C. REYNOLDS LeBLAN
RICHARD W. WOLF
BRENT J. COB
MARK T. ASSAI

SPECIAL COUNSE
ANDREW J. HODGES, I

OF COUNSEI
JOHN R. KEOGI

JOHN E. CO
(1923 - 2010
STEPHEN R. WILSOI
(1950 - 2010

**March 21, 2014**

**VIA EMAIL** - John@ghwlegal.com;
JMW@ghwlegal.com

Mr. John W. Houghtaling
Mr. James M. Williams
**Gauthier Houghtaling & Williams, LLP**
3500 North Hullen Street
Metairie, LA 70002

    RE:   Anita Mitchell v. Amica Mutual Insurance Company
           Suit No. 65,383, Division "A"; 40th JDC, Parish of St. John the Baptist
           Our File No.: 63.1326716

Dear Counsel:

      We represent Amica Mutual Insurance Company in the above referenced matter. The suit was filed by Anita Mitchell who is represented by Earl Perry of your firm. We understand that Mr. Perry suffered some health problems and has been out of the office. We have attempted to contact someone in your office to determine the status of your firm's handling of this case, however, we have yet to receive a response.

      We have not received responses to discovery propounded to your firm's client, Anita Mitchell, on December 16, 2013. As a result, we orginally scheduled a Rule 10.1 discovery conference for Tuesday, January 21, 2014, at 9:00 a.m. We were advised that Mr. Perry was ill and in the hospital and could not participate in the discovery conference. All further attempted communications with your firm have been no avail.

      We would like to speak with someone with your firm regarding your firm's handling of this case. We are available on March 27, 2014 for a telephone conference at 10:00. We will contact your office at that time. Please also consider this phone conference as a Rule 10.1 conference regarding the outstanding discovery. If the scheduled time is inconvenient, please advise as soon as possible. If we receive no response, we will be forced to file a

**EXHIBIT**

*E*

Mr. John W. Houghtaling
Mr. James M. Williams
March 21, 2014
Page 2

motion to set a status conference with the judge to discuss this matter.

We look forward to discussing this matter with you to determine some plan of action moving forward. Thank you in advance for your assistance in this matter.

Very truly yours,

**KEOGH, COX & WILSON, LTD.**

*John P. Wolff*

JOHN P. WOLFF, III
NANCY B. GILBERT
VIRGINIA J. MCLIN
MARK T. ASSAD

JPWIII/NBG/VJM/MTA:

brief

Eliana DeFrancesch - Clerk of Court
Filed: Mar 31, 2014 10:23 AM
129655676

| | | |
|---|---|---|
| ANITA MITCHELL | * | NUMBER 65,383 DIVISION "A" |
| VERSUS | * | 40th JUDICIAL DISTRICT COURT |
| | * | PARISH OF ST. JOHN THE BAPTIST |
| AMICA MUTUAL INSURANCE COMPANY | * | STATE OF LOUISIANA |

## MOTION FOR STATUS CONFERENCE

NOW INTO COURT, through undersigned counsel, comes AMICA MUTUAL INSURANCE COMPANY, who, moves this Court to set a status conference in this matter to discuss the status of the case and discovery. Amica was informed that the attorney originally handling the case for Plaintiff is ill and has not returned to work. Counsel for Amica has attempted to contact members of Plaintiff's counsel's firm to discuss the status of this case without response.

WHEREFORE, Amica respectfully requests that this Court set a status conference on the next possible date for the parties to meet and determine the status of this case.

RESPECTFULLY SUBMITTED,

BY: _____
JOHN P. WOLFF, III, Bar #14504
VIRGINIA J. MCLIN, Bar #31257
**KEOGH, COX & WILSON, LTD.**
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Telecopier: (225) 343-9612
Email: Jwolff@kcwlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this _____ day of _____, 2014.

_____
JOHN P. WOLFF, III
VIRGINIA J. MCLIN

**EXHIBIT**
**F**

Eliana DeFrancesch - Clerk of Court
Filed: Mar 31, 2014 10:23 AM

129655850

ANITA MITCHELL       *    NUMBER 65,383 DIVISION "A"

VERSUS         *    40th JUDICIAL DISTRICT COURT

            *    PARISH OF ST. JOHN THE BAPTIST

AMICA MUTUAL INSURANCE
COMPANY        *    STATE OF LOUISIANA

## ORDER

CONSIDERING the foregoing motion:

IT IS HEREBY ORDERED that a status conference is scheduled in this matter for the

22 day of April, 2014 at 3:00 p.m. Counsel may appear either in person or by

telephone.

Madeline Jasmine

JUDGE
40TH JUDICIAL DISTRICT COURT

I HEREBY CERTIFY THAT THE ABOVE AND FOREGOING
IS A TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE AND OF RECORD IN MY OFFICE
DEPUTY CLERK OF COURT
PARISH OF ST. JOHN THE BAPTIST, LA
DATE

- 2 -

ANITA MITCHELL                    *        NUMBER 65,383 DIVISION "A"

VERSUS                            *        40th JUDICIAL DISTRICT COURT

                                  *        PARISH OF ST. JOHN THE BAPTIST

AMICA MUTUAL INSURANCE
COMPANY                           *        STATE OF LOUISIANA

Eliana DeFrancesch - Clerk of Court
Filed: May 30, 2014  9:55 AM

129764742

# ORDER

Considering the foregoing Motion to Compel Plaintiffs' Discovery Responses:

IT IS ORDERED that Plaintiff, ANITA MITCHELL, show cause before this Honorable Court on the 20th day of June_____, 2014, at 9:00 A.m., why she should not be compelled to fully answer the discovery propounded to Plaintiffs by Defendant, AMICA MUTUAL INSURANCE COMPANY.

THUS DONE AND SIGNED this ___ day of _____, 2014, in _____, Louisiana.

_____
JUDGE, 40th JUDICIAL DISTRICT COURT

PLEASE SERVE:

Plaintiff, ANITA MITCHELL
*Through Counsel of Record:*

Earl G. Perry, Esq.
**Gauthier Houghtaling & Williams, LLP**
One Lakeway Center, Suite 1470
3500 North Hullen Street
Metairie, LA 70002

D55120406

## NOTICE - OTHER THAN PETITION

ANITA MITCHELL

VS

AMICA MUTUAL INSURANCE
COMPANY
DOCKET NUMBER: C-65383

40TH JUDICIAL DISTRICT COURT

PARISH OF ST. JOHN THE BAPTIST

STATE OF LOUISIANA

To: **PLAINTIFF, ANITA MITCHELL**
**Through Counsel of Record:**
**EARL G. PERRY, ESQ.**
**GAUTHIER HOUGHTALING & WILLIAMS, LLP**
~~ONE LAKEWAY CENTER, SUITE 14710~~
3100 ~~2500~~ N. HULLEN STREET
**METAIRIE, LA 70002**

(COURT DATE: JUNE 20, 2014 @ 9:00AM)

**Parish: JEFFERSON**

Please take notice that:

**MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES, ORDER,
MEMORANDUM IN SUPPORT OF MOTION TO COMPEL, ATTACFHMENTS**
was/were filed this day as per attached copy.

This service was ordered by, **ATTY. VIRGINIA J. MCLIN** and was issued by the Clerk
of Court on the **JUNE 3, 2014.**

**LORI BURKE-COLAS**
Deputy Clerk of Court for
Eliana DeFrancesch, Clerk of Court

RECEIVED ON THE _____ DAY OF _____ , 20 _____ AND ON THE _____
DAY OF _____ , 20 ____ SERVED THE ABOVE NAMED PARTY AS
FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____ .

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME
AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____
_____ , A PERSON APPARENTLY OVER THE AGE OF
SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME
AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY
INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM
HIS RESIDENCE AT THE TIME OF SAID SERVICE. _____

RETURNED. PARISH OF _____ THIS _____ DAY OF
_____ 20___

SERVICE $ _____ BY: _____
MILEAGE $ _____ DEPUTY SHERIFF
TOTAL $ _____

ORIGINAL – RETURN          COPY – SERVICE          COPY - CLERK

Eliana DeFrancesch - Clerk of Court
Filed: Jun 18, 2014 8:21 AM
128790456

| ANITA MITCHELL | * | NUMBER 65,383 DIVISION "A" |
|----------------|---|----------------------------|
| VERSUS | * | 40th JUDICIAL DISTRICT COURT |
| | * | PARISH OF ST. JOHN THE BAPTIST |
| AMICA MUTUAL INSURANCE COMPANY | * | STATE OF LOUISIANA |

Eliana DeFrancesch - Clerk of Court

Filed: Jun 25, 2014  11:37 AM

||||||||||||||||||||||||| CONSENT JUDGMENT
129820924

A hearing on Amica Mutual Insurance Company's Motion to Compel Plaintiff's

Discovery Responses is set for June 20, 2014; in lieu of the hearing, **AMICA MUTUAL**

**INSURANCE COMPANY** ("Amica"), and **ANITA MITCHELL** ("Plaintiff"), agree as

follows:

Amica agrees to the extension of the discovery deadline for fifteen days, or until July

7, 2014 for Plaintiff's responses to Amica's Discovery Requests;

Plaintiff agrees that their discovery responses to Amica's Discovery Requests will be

provided to Amica no later than July 7, 2014;

Thus, **IT IS HEREBY AGREED** by Amica and Plaintiff that the discovery deadline

for Plaintiffs' responses to Amica's Discovery Requests is extended until July 7, 2014.

Further, it is agreed that in the event of Plaintiff's failure to meet this extended discovery

deadline, sanctions shall be entered against Plaintiffs in the form of reasonable attorneys'

fees in the amount of $500 and for any and all court and preparation costs for the motion for

sanctions. Further, premises considered, it is agreed that the hearing on Amica's Motion to

Compel Discovery Responses scheduled before this Honorable Court on June 20, 2014, is

moot and should be passed without date.

This Honorable Court, in light of the agreements between Amica Mutual Insurance

Company and Anita Mitchell contained herein, orders as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED** that *Anita Mitchell shall*

provide discovery responses to Amica Mutual Insurance Company's Discovery Requests to

6/25/14
cc
9· wiley w

Amica Mutual Insurance Company on or before July 7, 2014.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there be sanctions assessed against Anita Mitchell in the form of reasonable attorneys' fees in the amount of $500 and for any and all court and preparation costs for the motion for sanctions, should Anita Mitchell fail to provide discovery responses to Amica Mutual Insurance Company on or before July 7, 2014.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the hearing for Amica Mutual Insurance Company's Motion to Compel Plaintiff's Discovery Responses scheduled before this Honorable Court on June 20, 2014 is passed without date.

JUDGMENT READ, RENDERED, AND SIGNED, this 24th day of June, 2014 in Edgard, Louisiana.

JUDGE, 40th JUDICIAL DISTRICT COURT

Earl G. Perry, Jr. Bar #10523
Gauthier, Houghtaling & Williams, LLP
3500 North Hullen Street
Metairie, LA 70002
**Telephone: (504) 456-8600**
Fax: (504) 456-8624
Email: earl@ghwlegal.com
*Counsel for Anita Mitchell*

Mark Assad with authority
of Earl G. Perry, Jr.

John P. Wolff, III, Bar #14504
Nancy B. Gilbert, Bar #23095
Virginia J. McLin, Bar #31257
Mark T. Assad, Bar #35029
**KEOGH, COX & WILSON, LTD.**
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Telecopier: (225) 343-9612
Email: jwolff@kcwlaw.com
ngilbert@kcwlaw.com
jmclin@kcwlaw.com
massad@kcwlaw.com
*Attorneys for Defendant, Amica Mutual
Insurance Company*

Eliana DeFrancesch - Clerk of Court
Filed: Sep 05, 2014  10:05 AM
130086762

| ANITA MITCHELL | * | NUMBER 65,383 DIVISION "A" |
| VERSUS | * | 40th JUDICIAL DISTRICT COURT |
| | * | PARISH OF ST. JOHN THE BAPTIST |
| AMICA MUTUAL INSURANCE COMPANY | * | STATE OF LOUISIANA |

## MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes AMICA MUTUAL INSURANCE COMPANY ("Amica"), who moves this Court for an order dismissing the claims of Plaintiff, Anita Mitchell. Plaintiff filed a myriad of claims against Amica centered around a single issue – whether Amica made a sufficient payment for damage to her property that was allegedly caused by Hurricane Isaac. She has been paid all sums owed under the policy.

The undisputed facts establish that Plaintiff received a total of $18,145.02 in payments from Amica for her hurricane claim. This amount is a result of the estimate for property damage totaling $23,090.70, agreed upon by Plaintiff and Amica, less the deductible of $3,600 and non-covered damage of $1,946.68 (i.e. non-recoverable depreciation and food spoilage). Amica paid an appropriate amount under the policy. Accordingly, any obligation has been extinguished by payment.

**WHEREFORE**, premises considered, Defendant, AMICA MUTUAL INSURANCE COMPANY, respectfully prays that summary judgment be granted and Plaintiff's claims dismissed *with prejudice*.

RESPECTFULLY SUBMITTED,

BY: _____
JOHN P. WOLFF, III, Bar #14504
VIRGINIA J. MCLIN, Bar #31257
**KEOGH, COX & WILSON, LTD.**
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Telecopier: (225) 343-9612
Email: Jwolff@kcwlaw.com

3

Sept  14
Megan A-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served this day upon all

known counsel of record by placing a copy in the United States Mail, properly addressed and

postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this ___3rd___ day of ___September___ 2014.

_____
JOHN P. WOLFF, III

| | | |
|---|---|---|
| ANITA MITCHELL | * | NUMBER 65,383 DIVISION "A" |
| VERSUS | * | 40th JUDICIAL DISTRICT COURT |
| | * | PARISH OF ST. JOHN THE BAPTIST |
| AMICA MUTUAL INSURANCE | | |
| COMPANY | * | STATE OF LOUISIANA |

Eliana DeFrancesch - Clerk of Court
Filed: Sep 05, 2014 10:05 AM
130086788

## MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

The claims presented by Plaintiff, Anita Mitchell, in this case rest on a single issue – whether Amica Mutual Insurance Company ("Amica") paid Plaintiff a sufficient amount for the property damage allegedly occurring during Hurricane Isaac. Here, all sums owed under the policy have been paid and the obligation extinguished. The undisputed facts of this case will show:

o   Amica promptly and properly adjusted the loss as required by Louisiana law;

o   Both Amica's independent adjuster and Plaintiff's public adjuster agreed upon the final payment to Plaintiff; and

o   Amica made a full and proper payment to Plaintiff for her loss resulting from Hurricane Isaac.

Therefore, Amica respectfully requests that this Court grant the motion for summary judgment and dismiss the claim against Amica *with prejudice*.

### I.   FACTUAL BACKGROUND

This suit arises out of Plaintiff's claim for damage to her residence during Hurricane Isaac. The claim was reported to Amica on August 31, 2012 by Plaintiff.[1] Amica remained in constant contact with Plaintiff from August 31, 2012 until September 3, 2012, when Plaintiff was able to return to her home after the flood waters subsided.[2] Plaintiff filed a

---

[1] See, Affidavit of G. Anthony Labrie, attached hereto as Exhibit A.

[2] See, Exhibit A, Affidavit of G. Anthony Labrie. See also, Case Note, attached as Exhibit A-5.

claim for property damage related to wind driven rain.

The property was inspected multiple times within six months of the claim, the first by Amica's independent adjuster on September 3, 2012. Plaintiff hired a public adjuster to review the property. Plaintiff presents no other expert to value her property damage.

Plaintiff's public adjuster, Nathan Michaelson of M&M Insurance Specialists, LLC, issued an estimate for damage to the property due to wind driven rain totaling $23,468.11 (replacement cost value).[3] Amica's independent adjuster, Ray Vince of Rester Claims Service, LLC, issued an estimate with a total replacement value of $24,892.09.[4]

On July 5, 2013, Plaintiff submitted a final roof repair estimate that established the actual cost of repair.[5] Based upon the invoice of actual cost of repair, the Rester estimate for replacement cost was amended. The total replacement cost is $23,090.70. The total covered amount can be calculated as follows:

| | |
|---|---|
| Replacement Cost | $23,090.70 |
| - Deductible | $3,600.00 |
| - Non-recoverable depreciation | |
| of fence | $1,645.68 |
| + Food spoilage | $300.00 |
| Total amount owed under policy = | **$18,145.00**[6] |

---

[3] See, M&M estimate, attached as Exhibit A-1.

[4] See, Rester estimate, attached as Exhibit A-2.

[5] See, Roof repair estimate, attached as Exhibit A-3.

[6] See, Exhibit A, Affidavit of G. Anthony Labrie.

- 2 -

Amica issued a series of payments to Plaintiff for damage associated with Hurricane Isaac.[7] The payments total $18,145.00. The checks were negotiated by Plaintiff.[8]

Plaintiff filed suit against Amica for bad faith for Amica's allegedly "refusing to tender sufficient payment in accordance with the terms of the policy."[9]

## II.    LAW AND ARGUMENT

The crux of Plaintiff's argument is that Amica did not "tender sufficient payment" for Plaintiff's property damage caused by Hurricane Isaac.

In the instant case, two estimates for Replacement Cost were provided for property damage: M&M of $23,468.11 (for Plaintiff) and Rester of $24,892.09 (for Amica). Amica based its payments on the estimate of the Amica independent adjuster, the *higher* estimate amount.[10] The estimate was only adjusted to reflect the actual replacement value based upon the roofing invoice produced by Plaintiff.[11]

As outlined in the prior section, the amount owed for all applicable coverages under the Amica policy totaled $18,145.00.[12] The evidence establishes that Amica paid this amount. Plaintiff can provide no evidence that Amica owed any additional amounts under the policy. As such, summary judgment should be issued and the claim dismissed.

## III.   CONCLUSION

Plaintiff's claim that Amica failed to make a sufficient tender under the policy is without merit. Plaintiff's own expert agreed to the final estimate of the property damage that

---

[7]    Although not challenged by Plaintiff, all payments were timely made under Louisiana law.

[8]    See, Copies of checks, attached as *in globo* Exhibit A-4

[9]    See, Petition for Damages, ¶12, attached hereto as Exhibit C.

[10]   See, Exhibit A, Affidavit of G. Anthony Labrie and Exhibit A-5, Case Notes.

[11]   See, Exhibit A, Affidavit of G. Anthony Labrie.

[12]   See, Exhibit B, Excerpts of Amica Policy, Special Provisions, Louisiana, Form HO 01 17 04 01 10, Part C. 2.e.

served as the basis for Amica's tender of payment. The undisputed evidence establishes that Amica paid more than was due under the final estimate. As such, summary judgment should be granted and Plaintiff's cause of action dismissed *with prejudice*.

RESPECTFULLY SUBMITTED,

BY: _____

JOHN P. WOLFF, III, Bar #14504
VIRGINIA J. MCLIN, Bar #31257
**KEOGH, COX & WILSON, LTD.**
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Telecopier: (225) 343-9612
Email: Jwolff@kcwlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 3rd day of September 2014.

_____
JOHN P. WOLFF, III

- 4 -

| ANITA MITCHELL | * | NUMBER 65,383 DIVISION "A" |
|---|---|---|
| VERSUS | * | 40th JUDICIAL DISTRICT COURT |
| | * | PARISH OF ST. JOHN THE BAPTIST |
| AMICA MUTUAL INSURANCE COMPANY | * | STATE OF LOUISIANA |

## STATEMENT OF UNCONTESTED FACTS

NOW INTO COURT, through undersigned counsel, comes AMICA MUTUAL INSURANCE COMPANY ("Amica"), who avers that the following facts are undisputed:

1.  This suit arises out of Plaintiff's claim for damage to her residence during Hurricane Isaac.

2.  The claim was reported to Amica on August 31, 2012 by Plaintiff.[1]

3.  Amica remained in constant contact with Plaintiff from August 31, 2012 until September 3, 2012, when Plaintiff was able to return to her home after the flood waters subsided.[2]

4.  Plaintiff filed a claim for property damage related to wind driven rain.

5.  Under the policy, a deductible of 2% of the coverage limit is applied for hurricane claims.

6.  The property was inspected multiple times within six months of the claim, the first by Amica's independent adjuster on September 3, 2012.

7.  Plaintiff hired a public adjuster to review the property.

8.  Plaintiff presents no other expert to value her property damage.

9.  Plaintiff's public adjuster, Nathan Michaelson of M&M Insurance Specialists, LLC, issued an estimate for damage to the property due to wind driven rain totaling $23,468.11 (replacement cost value).[3]

---

[1] See, Affidavit of G. Anthony Labrie, attached hereto as Exhibit A.

[2] See, Exhibit A, Affidavit of G. Anthony Labrie. See also, Case Note, attached as Exhibit A-5.

[3] See, M&M estimate, attached as Exhibit A-1.

- 1 -

130086796

Eliana DeFrancesch - Clerk of Court
Filed: Sep 05, 2014  10:05 AM

10. Amica's independent adjuster, Ray Vince of Rester Claims Service, LLC, issued an estimate with a total replacement value of $24,892.09.[4]

11. On July 5, 2013, Plaintiff submitted a final roof repair estimate.[5]

12. Based upon the invoice of actual cost of repair, the Rester estimate for replacement cost was amended. The total replacement cost is $23,090.70. The total covered amount can be calculated as follows:

| | |
|---|---|
| Replacement Cost | $23,090.70 |
| - Deductible | $3,600.00 |
| - Non-recoverable depreciation of fence | $1,645.68 |
| + Food spoilage | $300.00 |
| Total amount owed under policy = **$18,145.00**[6] | |

13. Amica issued a series of payments to Plaintiff for damage associated with Hurricane Isaac.

14. The payments total $18,145.00.

15. The checks were negotiated by Plaintiff.[7]

---

[4] See Rester estimate, attached as Exhibit A-2.

[5] See, Roof repair estimate, attached as Exhibit A-3.

[6] See, Exhibit A, Affidavit of G. Anthony Labrie.

[7] See, Copies of checks, attached as *in globo* Exhibit A-4.

RESPECTFULLY SUBMITTED,

BY: _John P. Wolff_

JOHN P. WOLFF, III, Bar #14504
VIRGINIA J. MCLIN, Bar #31257
**KEOGH, COX & WILSON, LTD.**
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana  70821
Telephone:  (225) 383-3796
Telecopier: (225) 343-9612
Email: Jwolff@kcwlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served this day upon all

known counsel of record by placing a copy in the United States Mail, properly addressed and

postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 3rd day of September, 2014.

_John P. Wolff_
JOHN P. WOLFF, III

- 3 -

| ANITA MITCHELL | * | NUMBER 65,383 DIVISION "A" |
| VERSUS | * | 40th JUDICIAL DISTRICT COURT |
| | * | PARISH OF ST. JOHN THE BAPTIST |
| AMICA MUTUAL INSURANCE COMPANY | * | STATE OF LOUISIANA |

STATE OF TEXAS

COUNTY OF $Collin$

BEFORE ME, the undersigned notary, personally came and appeared:

**G. ANTHONY LABRIE**

who, after being duly sworn, did depose and state:

1.  I am a Claims Supervisor for Amica Mutual Insurance Company.

2.  I am the Claims Supervisor assigned to the Anita Mitchell claim.

3.  Anita Mitchell reported her property damage claim related to Hurricane Isaac to Amica Mutual Insurance Company on August 31, 2012.

4.  Amica remained in constant contact with Plaintiff from August 31, 2012 until September 3, 2012, when Plaintiff was able to return to her home after the flood waters subsided.[1]

5.  The policy issued to Anita Mitchell had a deductible of 2% of the coverage limit is applied for hurricane claims.

6.  Ray Vince of Rester Claims Service, LLC, inspected the property on behalf of Amica and issued an estimate with a total replacement value of $24,892.09.

7.  Nathan Michaelson of M&M Insurance Specialists, LLC, inspected the property on behalf of Plaintiff issued an estimate for damage to the property due to wind driven rain totaling $23,468.11.

8.  On July 5, 2013, Plaintiff submitted a final roof repair estimate with the total actual replacement cost of $23,090.70.

9.  The total covered amount can be calculated as follows:
    | Replacement Cost | $23,090.70 |
    | - Deductible | $3,600.00 |
    | - Non-recoverable depreciation of fence | $1,645.68 |
    | + Food spoilage | $300.00 |
    | Total amount owed under policy = | **$18,145.00** |

10. Amica issued a series of payments to Plaintiff for damage associated with Hurricane Isaac totaling $18,145.00.

11. The checks were negotiated by Plaintiff.

---

[1] See, Exhibit A, Affidavit of G. Anthony Labrie. See also, Case Note, attached as Exhibit B-5.


EXHIBIT
A

12. The Amica claims file includes the following documents, true and correct copies of which are attached hereto as follows:

    a.    Exhibit 1 – M&M estimate
    b.    Exhibit 2 – Rester estimate
    c.    Exhibit 3 – Roof Repair estimate
    d.    Exhibit 4 – Copies of checks
    e.    Exhibit 5 – Redacted Case Notes
    f.    Exhibit 6 – Excerpts of Amica policy issued to Anita Mitchell.

13. This affidavit is based on my personal knowledge and is true and correct to the best of my knowledge and belief.

_____
G. ANTHONY LABRIE

SWORN TO AND SUBSCRIBED BEFORE ME
THIS 29ᵗʰ DAY OF August , 2014.

_____
NOTARY PUBLIC
Notary/Bar Roll No.:_____
My Commission Expires: 5/1/2016

Dara D. Faries
Commission Expires
05-01-2016



# Michaelson & Messinger Insurance Specialists LLC

*State Licensed Adjusters and Appraisers of*
*Insurance Losses Representing the Policyholder*

15 SPINNING WHEEL ROAD • SUITE 34
HINSDALE, ILLINOIS 60521
TELEPHONE: 630-654-2600 • FAX: 630-654-2622

January 8, 2013

Amica Ins. Co.

ATTN: Anthony Labrie

**VIA FACSIMILE: 888-999-3576**

Re: Anita Mitchell
   1 St. Loupe Dr.
   La Place, LA. 70068
   Date of Loss: 08/29/2012
   Claim# 60001305346

Dear Anthony,

Enclosed please find our estimate of damages to the structure for the above captioned loss. Please set up a supplemental claim. Please review the estimate and call me to set up an appointment to reinspect the loss at your earliest convenience. My cell phone number is 504-906-6389.

Your attention to this matter is greatly appreciated.

Very truly yours,
MICHAELSON & MESSINGER INS. SPECIALISTS LLC

Dan Onofrey

**EXHIBIT**
**A-1**

## M&M INSURANCE SPECIALISTS, LLC.

15 SPINNING WHEEL RD, SUITE 34  HINSDALE, IL 60521
TELEPHONE: 630-654-2600  FAX: 630-654-2622

Insured: **ANITA MITCHELL**
Property: 1 ST LOUPE
LA PLACE, LA 70068

Estimator: **DAN**

**Claim Number:** 6001305346     **Policy Number:**     **Type of Loss:** Wind Damage

Date of Loss: 8/29/2012     Date Received:
Date Inspected:     Date Entered: 1/3/2013 6:44 PM

Price List: **LANO5B_NOV12**
Restoration/Service/Remodel
Estimate: **MITCHELL**

## M&M INSURANCE SPECIALISTS, LLC.

15 SPINNING WHEEL RD, SUITE 34   HINSDALE, IL 60521
TELEPHONE: 630-654-2600  FAX: 630-654-2622

### MITCHELL

#### Roof

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| Remove 3 tab - 30 yr. - comp. shingle rfg - incl. felt | 29.02 SQ | 44.95 | 0.00 | 1,304.45 |
| 3 tab - 30 yr. - comp. shingle rfg - incl. felt | 33.67 SQ | 0.00 | 207.58 | 6,989.22 |
| Replace Ridge cap - composition shingles | 140.00 LF | 1.80 | 4.04 | 817.60 |
| Replace Valley metal | 50.00 LF | 0.51 | 3.98 | 224.50 |
| Replace Shingle over ridge vent | 36.00 LF | 0.73 | 7.01 | 278.64 |
| Replace Drip edge/fascia | 240.00 LF | 0.43 | 9.19 | 2,308.80 |
| Replace Chimney flashing | 1.00 EA | 21.86 | 335.34 | 357.20 |
| Replace Neopreen jacks | 4.00 EA | 6.15 | 43.38 | 198.12 |
| Replace Soffit | 240.00 SF | 0.27 | 3.28 | 852.00 |
| Detach & Reset Digital satellite system | 1.00 EA | 0.00 | 0.00 | 22.80 |

Totals: Roof                                                                 13,353.33

#### Exterior

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| Replace Wood fence - treated | 125.00 LF | 5.47 | 25.13 | 3,825.00 |

Totals: Exterior                                                              3,825.00

---

**Bedroom 2**                                                    LxWxH 11' 8" x 11' x 8'



| | | |
|---|---|---|
| 362.67 SF Walls | | 128.33 SF Ceiling |
| 491.00 SF Walls & Ceiling | | 128.33 SF Floor |
| 14.26 SY Flooring | | 45.33 LF Floor Perimeter |
| 93.33 SF Long Wall | | 88.00 SF Short Wall |
| 45.33 LF Ceil. Perimeter | | |

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| Remove Scrape off acoustic (popcorn) texture-no haul off | 128.33 SF | 2.74 | 0.00 | 351.62 |
| Replace Drywall ceiling | 128.33 SF | 0.37 | 1.35 | 220.73 |

MITCHELL                                                        1/8/2013          Page: 2

## M&M INSURANCE SPECIALISTS, LLC.

15 SPINNING WHEEL RD, SUITE 34  HINSDALE, IL 60521
TELEPHONE: 630-654-2600 FAX: 630-654-2622

### CONTINUED - Bedroom 2

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| Mask walls | 362.67 SF | 0.00 | 0.39 | 141.44 |
| Mask floor | 128.33 SF | 0.00 | 0.39 | 50.05 |
| Detach & Reset Ceiling fan & light | 1.00 EA | 0.00 | 0.00 | 141.17 |
| Detach & Reset A/C register | 1.00 EA | 0.00 | 0.00 | 10.88 |
| Detach & Reset Smoke detector | 1.00 EA | 0.00 | 0.00 | 38.38 |
| Replace Batt insulation - R19 | 48.00 SF | 0.26 | 0.88 | 54.72 |
| Paint the walls - two coats | 362.67 SF | 0.00 | 0.67 | 242.99 |
| Replace Acoustic ceiling (popcorn) texture | 128.33 SF | 0.40 | 0.69 | 139.88 |
| Seal & paint acoustic ceiling (popcorn) texture | 128.33 SF | 0.00 | 0.93 | 119.35 |

Totals: Bedroom 2                                                                                      1,511.21

---

| | **Bedroom 2 Closet** | | **LxWxH 5' x 3' 6" x 8'** | |
|---|---|---|---|---|



| 136.00 SF Walls | 17.50 SF Ceiling |
|---|---|
| 153.50 SF Walls & Ceiling | 17.50 SF Floor |
| 1.94 SY Flooring | 17.00 LF Floor Perimeter |
| 40.00 SF Long Wall | 28.00 SF Short Wall |
| 17.00 LF Ceil. Perimeter | |

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| Mask walls | 136.00 SF | 0.00 | 0.39 | 53.04 |
| Mask floor | 17.50 SF | 0.00 | 0.39 | 6.83 |
| Detach & Reset Closet shelf and rod package | 5.00 LF | 0.00 | 0.00 | 57.10 |
| Detach & Reset Light fixture | 1.00 EA | 0.00 | 0.00 | 40.40 |
| Remove Scrape off acoustic (popcorn) texture-no haul off | 17.50 SF | 2.74 | 0.00 | 47.95 |
| Replace Drywall ceiling | 12.00 SF | 0.37 | 1.35 | 20.64 |
| Replace Batt insulation - R19 | 24.00 SF | 0.26 | 0.88 | 27.36 |
| Paint the walls - two coats | 136.00 SF | 0.00 | 0.67 | 91.12 |
| Replace Acoustic ceiling (popcorn) texture | 17.50 SF | 0.40 | 0.69 | 19.08 |
| Seal & paint acoustic ceiling (popcorn) texture | 17.50 SF | 0.00 | 0.93 | 16.28 |

Totals: Bedroom 2 Closet                                                                          379.80

MITCHELL                                                                    1/8/2013          Page: 3

## M&M INSURANCE SPECIALISTS, LLC.

15 SPINNING WHEEL RD, SUITE 34 HINSDALE, IL 60521
TELEPHONE: 630-654-2600 FAX: 630-654-2622

### General

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| Debris removal | 1.00 EA | 1,144.16 | 0.00 | 1,144.16 |
| 6% of $19,069.34 | | | | |
| Dumpster load – Approx. 40 yards, 7-8 tons of debris | 2.00 EA | 736.25 | 0.00 | 1,472.50 |
| Permits | 1.00 EA | 0.00 | 286.04 | 286.04 |
| 1.5% of $19,069.34 | | | | |
| Totals: General | | | | 2,902.70 |
| **Line Item Subtotals: MITCHELL** | | | | **21,972.04** |

| Adjustments for Base Service Charges | Adjustment |
|---|---|
| Carpenter - Finish, Trim/Cabinet | 134.26 |
| Drywall Installer/Finisher | 226.72 |
| Electrician | 176.06 |
| Fencing Installer | 106.00 |
| Heating / A.C. Mechanic | 172.90 |
| Insulation Installer | 133.30 |
| General Laborer | 29.22 |
| Painter | 116.74 |
| Roofer | 280.29 |
| Siding Installer | 120.58 |
| Total Adjustments for Base Service Charges: | 1,496.07 |
| **Line Item Totals: MITCHELL** | **23,468.11** |

### Grand Total Areas:

| | | | | | |
|---|---|---|---|---|---|
| 498.67 | SF Walls | 145.83 | SF Ceiling | 644.50 | SF Walls and Ceiling |
| 145.83 | SF Floor | 16.20 | SY Flooring | 62.33 | LF Floor Perimeter |
| 133.33 | SF Long Wall | 116.00 | SF Short Wall | 62.33 | LF Ceil. Perimeter |
| 0.00 | Floor Area | 0.00 | Total Area | 0.00 | Interior Wall Area |
| 0.00 | Exterior Wall Area | 0.00 | Exterior Perimeter of Walls | | |
| 0.00 | Surface Area | 0.00 | Number of Squares | 0.00 | Total Perimeter Length |
| 0.00 | Total Ridge Length | 0.00 | Total Hip Length | | |

MITCHELL

1/8/2013          Page: 4

## M&M INSURANCE SPECIALISTS, LLC.

15 SPINNING WHEEL RD, SUITE 34   HINSDALE, IL 60521
TELEPHONE: 630-654-2600 FAX: 630-654-2622

### Summary for Dwelling

| | | | |
|---|---|---|---|
| Line Item Total | | | 21,972.04 |
| Total Adjustments for Base Service Charges | | | 1,496.07 |
| Material Sales Tax | @ | 8.750% | 637.08 |
| **Replacement Cost Value** | | | **$24,105.19** |
| **Net Claim** | | | **$24,105.19** |

_____

DAN

MITCHELL

1/8/2013        Page: 5

## M&M INSURANCE SPECIALISTS, LLC.

15 SPINNING WHEEL RD, SUITE 34  HINSDALE, IL 60521
TELEPHONE: 630-654-2600  FAX: 630-654-2622

### Recap by Room

**Estimate: MITCHELL**

| | | |
|---|---|---|
| Roof | 13,353.33 | 56.90% |
| Exterior | 3,825.00 | 16.30% |
| Bedroom 2 | 1,511.21 | 6.44% |
| Bedroom 2 Closet | 379.80 | 1.62% |
| General | 2,902.70 | 12.37% |
| **Subtotal of Areas** | **21,972.04** | **93.63%** |
| **Base Service Charges** | **1,496.07** | **6.37%** |
| **Total** | **23,468.11** | **100.00%** |

MITCHELL

1/8/2013          Page: 6

## M&M INSURANCE SPECIALISTS, LLC.

15 SPINNING WHEEL RD, SUITE 34   HINSDALE, IL 60521
TELEPHONE: 630-654-2600  FAX: 630-654-2622

### Recap by Category

| Items | | | Total | % |
|---|---|---|---|---|
| **GENERAL DEMOLITION** | | | 5,651.64 | 23.45% |
| **DRYWALL** | | | 290.08 | 1.20% |
| **ELECTRICAL** | | | 38.38 | 0.16% |
| **ELECTRICAL - SPECIAL SYSTEMS** | | | 22.80 | 0.09% |
| **FLOOR COVERING - WOOD** | | | 251.36 | 1.04% |
| **PERMITS AND FEES** | | | 286.04 | 1.19% |
| **FENCING** | | | 3,141.25 | 13.03% |
| **FINISH CARPENTRY / TRIMWORK** | | | 57.10 | 0.24% |
| **HEAT, VENT & AIR CONDITIONING** | | | 10.88 | 0.05% |
| **INSULATION** | | | 63.36 | 0.26% |
| **LIGHT FIXTURES** | | | 181.57 | 0.75% |
| **PAINTING** | | | 469.74 | 1.95% |
| **ROOFING** | | | 8,515.04 | 35.32% |
| **SOFFIT, FASCIA, & GUTTER** | | | 2,992.80 | 12.42% |
| **Subtotal** | | | 21,972.04 | 91.15% |
| **Base Service Charges** | | | 1,496.07 | 6.21% |
| **Material Sales Tax** | @ | 8.750% | 637.08 | 2.64% |
| **Total** | | | 24,105.19 | 100.00% |

MITCHELL



**Rester Claims Service, LLC**

8880 Old Hammond Highway, Baton Rouge, LA 70809
Phone: (225) 218-0600/ Fax (225) 248-9123
www.resterclaims.com
TAX ID # - 72-1515171
LA License #: 435422 MS License #: 10109161

| | | | |
|---|---|---|---|
| Insured: | Anita Mitchell | Home: | (504) 231-5069 |
| Property: | 1 St Loupe Dr | | |
| | LaPlace , LA 70068 | | |
| | | | |
| Claim Rep.: | Glen Labrie | | |
| Company: | AMICA Mutual Insurance Company | | |
| | | | |
| Estimator: | Ray Vince | Business: | (225) 252-1568 |
| Company: | Rester Claims Service, L.L.C. | E-mail: | r.vince@resterclaims.com |
| Business: | 8880 Old Hammond Highway | | |
| | Baton Rouge, LA 70809 | | |
| | | | |
| Reference: | | Business: | (800) 242-6422 |
| Company: | AMICA Mutual Insurance Company | | |
| Business: | 2277 Plaza Drive Suite 400 | | |
| | Sugar Land, TX 77479 | | |

**Claim Number:** 60001305346          **Policy Number:** 63011720BG          **Type of Loss:** Hurricane

| | | | | |
|---|---|---|---|---|
| Date of Loss: | 8/28/2012 | Date Received: | | |
| Date Inspected: | 9/27/2012 | Date Entered: | 9/28/2012 10:32 AM | |

| | |
|---|---|
| Price List: | LANO7X_SEP12 |
| | Restoration/Service/Remodel |
| Estimate: | BR12-13405-SUPP2 |



EXHIBIT
A-2



**Rester Claims Service, LLC**

8880 Old Hammond Highway, Baton Rouge, LA 70809
Phone: (225) 218-0600/ Fax (225) 248-9123
www.resterclaims.com
TAX ID # - 72-1515171
LA License #: 435422 MS License #: 10109161

### BR12-13405-SUPP2

#### Main Level

| Closet | | | | | Height: 8' |
|--------|--|--|--|--|------------|



| | |
|--|--|
| 136.00 SF Walls | 17.50 SF Ceiling |
| 153.50 SF Walls & Ceiling | 17.50 SF Floor |
| 1.94 SY Flooring | 17.00 LF Floor Perimeter |
| 17.00 LF Ceil. Perimeter | |

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|-------------|----------|-----------|-----|---------|-----|
| Remove Blown-in insulation - 10" depth - R26 | 17.50 SF | 0.75 | 13.13 | (0.00) | 13.13 |
| Blown-in insulation - 10" depth - R26 | 17.50 SF | 0.77 | 13.48 | (0.90) | 12.58 |
| Remove 5/8" drywall - hung, taped, ready for texture | 17.50 SF | 0.37 | 6.48 | (0.00) | 6.48 |
| 5/8" drywall - hung, taped, ready for texture | 17.50 SF | 1.24 | 21.70 | (1.45) | 20.25 |
| Remove Acoustic ceiling (popcorn) texture | 17.50 SF | 0.40 | 7.00 | (0.00) | 7.00 |
| Acoustic ceiling (popcorn) texture | 17.50 SF | 0.68 | 11.90 | (0.79) | 11.11 |
| Remove 1/2" drywall - hung, taped, ready for texture | 20.40 SF | 0.37 | 7.55 | (0.00) | 7.55 |
| 1/2" drywall - hung, taped, ready for texture | 20.40 SF | 1.17 | 23.87 | (1.59) | 22.28 |
| Texture drywall - light hand texture | 20.40 SF | 0.40 | 8.16 | (0.54) | 7.62 |
| Seal part of the walls w/latex based stain blocker - one coat | 20.40 SF | 0.40 | 8.16 | (4.08) | 4.08 |
| Closet shelf and rod package - Detach & reset | 5.00 LF | 11.97 | 59.85 | (0.00) | 59.85 |
| Paint the walls and ceiling - two coats | 153.50 SF | 0.68 | 104.38 | (52.19) | 52.19 |
| Mask the walls per square foot - plastic and tape - 4 mil | 136.00 SF | 0.18 | 24.48 | (12.24) | 12.24 |
| Floor protection - self-adhesive plastic film | 17.50 SF | 0.46 | 8.05 | (4.03) | 4.02 |
| Light fixture - Detach & reset | 1.00 EA | 40.97 | 40.97 | (0.00) | 40.97 |
| Contents - move out then reset | 1.00 EA | 36.83 | 36.83 | (0.00) | 36.83 |
| Apply anti-microbial agent | 17.50 SF | 0.21 | 3.68 | (0.00) | 3.68 |
| **Totals: Closet** | | | **399.67** | **77.81** | **321.86** |



**Rester Claims Service, LLC**

8880 Old Hammond Highway, Baton Rouge, LA 70809
Phone: (225) 218-0600/ Fax (225) 248-9123
www.resterclaims.com
TAX ID # - 72-1515171
LA License #: 435422 MS License #: 10109161

**Roof**

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Remove Underlayment - 1/2" waferboard | 64.00 SF | 0.58 | 37.12 | (0.00) | 37.12 |
| Underlayment - 1/2" waferboard | 64.00 SF | 1.06 | 67.84 | (4.52) | 63.32 |
| Carpenter - General Framer - per hour | 4.00 HR | 62.56 | 250.24 | (0.00) | 250.24 |
| Remove 3 tab - 25 yr. - composition shingle roofing - incl. felt | 29.00 SQ | 44.93 | 1,302.97 | (0.00) | 1,302.97 |
| 3 tab - 25 yr. - composition shingle roofing - incl. felt | 33.67 SQ | 186.20 | 6,269.35 | (2,507.74) | 3,761.61 |
| Remove Ridge cap - composition shingles | 163.00 LF | 1.85 | 301.55 | (0.00) | 301.55 |
| Ridge cap - composition shingles | 163.00 LF | 4.12 | 671.56 | (223.85) | 447.71 |
| Remove Drip edge | 241.00 LF | 0.29 | 69.89 | (0.00) | 69.89 |
| Drip edge | 241.00 LF | 2.16 | 520.56 | (148.73) | 371.83 |
| Remove Valley metal | 45.00 LF | 0.51 | 22.95 | (0.00) | 22.95 |
| Valley metal | 45.00 LF | 4.05 | 182.25 | (52.07) | 130.18 |
| Step flashing | 12.00 LF | 7.04 | 84.48 | (24.14) | 60.34 |
| Remove Roof vent - turtle type - Metal | 3.00 EA | 7.86 | 23.58 | (0.00) | 23.58 |
| Roof vent - turtle type - Metal | 3.00 EA | 41.72 | 125.16 | (35.76) | 89.40 |
| Remove Flashing - pipe jack | 3.00 EA | 6.15 | 18.45 | (0.00) | 18.45 |
| Flashing - pipe jack | 3.00 EA | 32.25 | 96.75 | (27.64) | 69.11 |
| Remove Chimney flashing - average (32" x 36") | 1.00 EA | 16.39 | 16.39 | (0.00) | 16.39 |
| Chimney flashing - average (32" x 36") | 1.00 EA | 259.40 | 259.40 | (74.11) | 185.29 |
| Remove Continuous ridge vent - aluminum | 40.00 LF | 0.73 | 29.20 | (0.00) | 29.20 |
| Continuous ridge vent - aluminum | 40.00 LF | 6.42 | 256.80 | (73.37) | 183.43 |
| Remove Additional charge for steep roof - 7/12 to 9/12 slope | 29.00 SQ | 12.22 | 354.38 | (0.00) | 354.38 |
| Additional charge for steep roof - 7/12 to 9/12 slope | 29.00 SQ | 42.39 | 1,229.31 | (0.00) | 1,229.31 |
| Dumpster load - Approx. 30 yards, 5-7 tons of debris | 1.00 EA | 642.60 | 642.60 | (0.00) | 642.60 |
| Digital satellite system - alignment and calibration only | 1.00 EA | 68.42 | 68.42 | (0.00) | 68.42 |
| Digital satellite system - Detach & reset | 1.00 EA | 22.80 | 22.80 | (0.00) | 22.80 |
| **Totals: Roof** | | | **12,924.00** | **3,171.93** | **9,752.07** |



**Rester Claims Service, LLC**

8880 Old Hammond Highway, Baton Rouge, LA 70809
Phone: (225) 218-0600/ Fax (225) 248-9123
www.resterclaims.com
TAX ID # - 72-1515171
LA License #: 435422 MS License #: 10109161

### Fencing

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Remove Wood fence 5'- 6' high - cedar | 125.00 LF | 5.47 | 683.75 | <0.00> | 683.75 |
| Wood fence 5'- 6' high - cedar | 125.00 LF | 25.14 | 3,142.50 | <1,571.25> | 1,571.25 |
| Total fence replacement therefore ACV on fence. | | | | | |

| **Totals: Fencing** | | | **3,826.25** | **1,571.25** | **2,255.00** |
|---|---|---|---|---|---|



### Kitchen                                                          Height: 10'

578.33 SF Walls                 230.00 SF Ceiling
808.33 SF Walls & Ceiling       230.00 SF Floor
25.56 SY Flooring               55.25 LF Floor Perimeter
63.00 LF Ceil. Perimeter

**Missing Wall - Goes to Floor**        7' 9" X 6' 8"        **Opens into LIVING_ROOM**

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Remove Acoustic ceiling (popcorn) texture | 230.00 SF | 0.40 | 92.00 | (0.00) | 92.00 |
| Acoustic ceiling (popcorn) texture | 230.00 SF | 0.68 | 156.40 | (10.43) | 145.97 |
| Seal & paint acoustic ceiling (popcorn) texture | 230.00 SF | 0.93 | 213.90 | (106.95) | 106.95 |
| Mask the walls per square foot - plastic and tape - 4 mil | 578.33 SF | 0.18 | 104.10 | (52.05) | 52.05 |
| Floor protection - self-adhesive plastic film | 230.00 SF | 0.46 | 105.80 | (52.90) | 52.90 |
| Heat/AC register - Mechanically attached - Detach & reset | 1.00 EA | 10.88 | 10.88 | (0.00) | 10.88 |
| Fluorescent light fixture - 6' & 8' - Detach & reset | 2.00 EA | 75.34 | 150.68 | (0.00) | 150.68 |
| Chandelier - Detach & reset | 1.00 EA | 101.04 | 101.04 | (0.00) | 101.04 |
| Smoke detector - Detach & reset | 1.00 EA | 37.63 | 37.63 | (0.00) | 37.63 |
| Recessed light fixture - Detach & reset trim only | 1.00 EA | 2.13 | 2.13 | (0.00) | 2.13 |
| No paint on wall since damaged by flood | | | | | |

| **Totals: Kitchen** | | | **974.56** | **222.33** | **752.23** |
|---|---|---|---|---|---|

BR12-13405-SUPP2                                                    1/9/2013        Page: 4



**Rester Claims Service, LLC**

8880 Old Hammond Highway, Baton Rouge, LA 70809
Phone: (225) 218-0600/ Fax (225) 248-9123
www.resterclaims.com
TAX ID # - 72-1515171
LA License #: 435422 MS License #: 10109161



| Living Room | Height: 10' |
|---|---|
| 973.33 SF Walls | 450.14 SF Ceiling |
| 1423.48 SF Walls & Ceiling | 450.14 SF Floor |
| 50.02 SY Flooring | 94.75 LF Floor Perimeter |
| 102.50 LF Ceil. Perimeter | |

Missing Wall - Goes to Floor        7' 9" X 6' 8"        Opens into KITCHEN

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Remove Acoustic ceiling (popcorn) texture | 450.14 SF | 0.40 | 180.06 | (0.00) | 180.06 |
| Acoustic ceiling (popcorn) texture | 450.14 SF | 0.68 | 306.10 | (20.41) | 285.69 |
| Seal & paint acoustic ceiling (popcorn) texture | 450.14 SF | 0.93 | 418.63 | (209.32) | 209.31 |
| Drywall patch / small repair, ready for paint | 1.00 EA | 40.61 | 40.61 | (2.71) | 37.90 |
| Mask the walls per square foot - plastic and tape - 4 mil | 973.33 SF | 0.18 | 175.20 | (87.60) | 87.60 |
| Floor protection - self-adhesive plastic film | 450.14 SF | 0.46 | 207.06 | (103.53) | 103.53 |
| Heat/AC register - Mechanically attached - Detach & reset | 2.00 EA | 10.88 | 21.76 | (0.00) | 21.76 |
| Ceiling fan - Detach & reset | 1.00 EA | 141.52 | 141.52 | (0.00) | 141.52 |
| Chandelier - Detach & reset | 1.00 EA | 101.04 | 101.04 | (0.00) | 101.04 |
| Smoke detector - Detach & reset | 1.00 EA | 37.63 | 37.63 | (0.00) | 37.63 |
| Recessed light fixture - Detach & reset trim only | 1.00 EA | 2.13 | 2.13 | (0.00) | 2.13 |
| No paint on wall since damaged by flood | | | | | |

| Totals: Living Room | | | 1,631.74 | 423.57 | 1,208.17 |
|---|---|---|---|---|---|



| Dining Room | Height: 10' |
|---|---|
| 480.00 SF Walls | 143.00 SF Ceiling |
| 623.00 SF Walls & Ceiling | 143.00 SF Floor |
| 15.89 SY Flooring | 48.00 LF Floor Perimeter |
| 48.00 LF Ceil. Perimeter | |

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|

BRI2-13405-SUPP2                                    1/9/2013        Page: 5



**Rester Claims Service, LLC**

8880 Old Hammond Highway, Baton Rouge, LA 70809
Phone: (225) 218-0600/ Fax (225) 248-9123
www.resterclaims.com
TAX ID # - 72-1515171
LA License #: 435422 MS License #: 10109161

**CONTINUED - Dining Room**

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Remove Blown-in insulation - 10" depth - R26 | 21.45 SF | 0.75 | 16.09 | (0.00) | 16.09 |
| Blown-in insulation - 10" depth - R26 | 21.45 SF | 0.77 | 16.52 | (1.10) | 15.42 |
| Remove 5/8" drywall - hung, taped, ready for texture | 143.00 SF | 0.37 | 52.91 | (0.00) | 52.91 |
| 5/8" drywall - hung, taped, ready for texture | 143.00 SF | 1.24 | 177.32 | (11.82) | 165.50 |
| Remove Acoustic ceiling (popcorn) texture | 143.00 SF | 0.40 | 57.20 | (0.00) | 57.20 |
| Acoustic ceiling (popcorn) texture | 143.00 SF | 0.68 | 97.24 | (6.48) | 90.76 |
| Seal & paint acoustic ceiling (popcorn) texture | 143.00 SF | 0.93 | 132.99 | (66.50) | 66.49 |
| Remove 1/2" drywall - hung, taped, ready for texture | 72.00 SF | 0.37 | 26.64 | (0.00) | 26.64 |
| 1/2" drywall - hung, taped, ready for texture | 72.00 SF | 1.17 | 84.24 | (5.62) | 78.62 |
| Texture drywall - light hand texture | 72.00 SF | 0.40 | 28.80 | (1.92) | 26.88 |
| Seal part of the walls w/latex based stain blocker - one coat | 72.00 SF | 0.40 | 28.80 | (14.40) | 14.40 |
| Paint the walls - two coats | 480.00 SF | 0.68 | 326.40 | (163.20) | 163.20 |
| Mask the walls per square foot - plastic and tape - 4 mil | 480.00 SF | 0.18 | 86.40 | (43.20) | 43.20 |
| Floor protection - self-adhesive plastic film | 143.00 SF | 0.46 | 65.78 | (32.89) | 32.89 |
| Ceiling fan - Detach & reset | 1.00 EA | 141.52 | 141.52 | (0.00) | 141.52 |
| Heat/AC register - Mechanically attached - Detach & reset | 1.00 EA | 10.88 | 10.88 | (0.00) | 10.88 |
| Smoke detector - Detach & reset | 1.00 EA | 37.63 | 37.63 | (0.00) | 37.63 |
| Contents - move out then reset | 1.00 EA | 36.83 | 36.83 | (0.00) | 36.83 |
| Apply anti-microbial agent | 143.00 SF | 0.21 | 30.03 | (0.00) | 30.03 |
| **Totals:  Dining Room** | | | **1,454.22** | **347.13** | **1,107.09** |



**Rester Claims Service, LLC**

8880 Old Hammond Highway, Baton Rouge, LA 70809
Phone: (225) 218-0600/ Fax (225) 248-9123
www.resterclaims.com
TAX ID # - 72-1515171
LA License #: 435422 MS License #: 10109161



| Master Bedroom | | | | | Height: 10' |
|---|---|---|---|---|---|
| 600.00 SF Walls | | | 217.44 SF Ceiling | | |
| 817.44 SF Walls & Ceiling | | | 217.44 SF Floor | | |
| 24.16 SY Flooring | | | 60.00 LF Floor Perimeter | | |
| 60.00 LF Ceil. Perimeter | | | | | |

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Remove Acoustic ceiling (popcorn) texture | 217.44 SF | 0.40 | 86.98 | (0.00) | 86.98 |
| Acoustic ceiling (popcorn) texture | 217.44 SF | 0.68 | 147.86 | (9.86) | 138.00 |
| Seal & paint acoustic ceiling (popcorn) texture | 217.44 SF | 0.93 | 202.22 | (101.11) | 101.11 |
| Mask the walls per square foot - plastic and tape - 4 mil | 600.00 SF | 0.18 | 108.00 | (54.00) | 54.00 |
| Floor protection - self-adhesive plastic film | 217.44 SF | 0.46 | 100.02 | (50.01) | 50.01 |
| Heat/AC register - Mechanically attached - Detach & reset | 2.00 EA | 10.88 | 21.76 | (0.00) | 21.76 |
| Ceiling fan - Detach & reset | 1.00 EA | 141.52 | 141.52 | (0.00) | 141.52 |
| Smoke detector - Detach & reset | 1.00 EA | 37.63 | 37.63 | (0.00) | 37.63 |
| Paint the walls - one coat | 600.00 SF | 0.43 | 258.00 | (129.00) | 129.00 |

No damage to walls due to flod therfore need to paint walls.

Ceiling and walls painted the same color.

| Totals: Master Bedroom | | | 1,103.99 | 343.98 | 760.01 |
|---|---|---|---|---|---|

| Total: Main Level | | | 22,314.43 | 6,158.00 | 16,156.43 |
|---|---|---|---|---|---|

| | Miscellaneous | | | | |
|---|---|---|---|---|---|
| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
| Dumpster load - Approx. 12 yards, 1-3 tons of debris | 1.00 EA | 395.19 | 395.19 | (0.00) | 395.19 |

Interior debris

| Totals: Miscellaneous | | | 395.19 | 0.00 | 395.19 |
|---|---|---|---|---|---|

| Line Item Subtotals: BR12-13405-SUPP2 | | | 22,709.62 | 6,158.00 | 16,551.62 |
|---|---|---|---|---|---|

BR12-13405-SUPP2

1/9/2013

Page: 7



**Rester Claims Service, LLC**

8880 Old Hammond Highway, Baton Rouge, LA 70809
Phone: (225) 218-0600/ Fax (225) 248-9123
www.resterclaims.com
TAX ID # - 72-1515171
LA License #: 435422 MS License #: 10109161

| Adjustments for Base Service Charges | | | | | | | Adjustment |
|---|---|---|---|---|---|---|---|
| Carpenter - Finish, Trim/Cabinet | | | | | | | 134.16 |
| | Coverage | Dwelling | @ | 100.00 % = | 134.16 | | |
| Carpenter - General Framer | | | | | | | 125.12 |
| | Coverage | Dwelling | @ | 100.00 % = | 125.12 | | |
| Cleaning Remediation Technician | | | | | | | 106.14 |
| | Coverage | Dwelling | @ | 100.00 % = | 106.14 | | |
| Drywall Installer/Finisher | | | | | | | 220.84 |
| | Coverage | Dwelling | @ | 100.00 % = | 220.84 | | |
| Electrician | | | | | | | 172.60 |
| | Coverage | Dwelling | @ | 100.00 % = | 172.60 | | |
| Fencing Installer | | | | | | | 105.98 |
| | Coverage | Other Structures | @ | 100.00 % = | 105.98 | | |
| Heating / A.C. Mechanic | | | | | | | 172.86 |
| | Coverage | Dwelling | @ | 100.00 % = | 172.86 | | |
| Insulation Installer | | | | | | | 132.76 |
| | Coverage | Dwelling | @ | 100.00 % = | 132.76 | | |
| General Laborer | | | | | | | 29.22 |
| | Coverage | Dwelling | @ | 100.00 % = | 29.22 | | |
| Painter | | | | | | | 117.00 |
| | Coverage | Dwelling | @ | 100.00 % = | 117.00 | | |
| Roofer | | | | | | | 303.75 |
| | Coverage | Dwelling | @ | 100.00 % = | 303.75 | | |

| Total Adjustments for Base Service Charges: | | | 1,620.43 |
|---|---|---|---|

| Line Item Totals: BR12-13405-SUPP2 | | 24,330.05 | 6,158.00 | 18,172.05 |
|---|---|---|---|---|

## Grand Total Areas:

| | | | | | |
|---|---|---|---|---|---|
| 2,767.67 | SF Walls | 1,058.08 | SF Ceiling | 3,825.75 | SF Walls and Ceiling |
| 1,058.08 | SF Floor | 117.56 | SY Flooring | 275.00 | LF Floor Perimeter |
| 0.00 | SF Long Wall | 0.00 | SF Short Wall | 290.50 | LF Ceil. Perimeter |
| 1,058.08 | Floor Area | 1,144.21 | Total Area | 2,767.67 | Interior Wall Area |
| 2,427.47 | Exterior Wall Area | 224.25 | Exterior Perimeter of Walls | | |
| 0.00 | Surface Area | 0.00 | Number of Squares | 0.00 | Total Perimeter Length |
| 0.00 | Total Ridge Length | 0.00 | Total Hip Length | | |

BR12-13405-SUPP2                                      1/9/2013        Page: 8



**Rester Claims Service, LLC**

8880 Old Hammond Highway, Baton Rouge, LA 70809
Phone: (225) 218-0600/ Fax (225) 248-9123
www.resterclaims.com
TAX ID # - 72-1515171
LA License #: 435422 MS License #: 10109161

| Coverage | Item Total | % | ACV Total | % |
|----------|-----------:|----:|----------:|----:|
| Dwelling | 18,883.37 | 83.15% | 16,067.67 | 86.84% |
| Other Structures | 3,826.25 | 16.85% | 2,435.41 | 13.16% |
| Total | 22,709.62 | 100.00% | 18,503.08 | 100.00% |

 **Rester Claims Service, LLC**

8880 Old Hammond Highway, Baton Rouge, LA 70809
Phone: (225) 218-0600/ Fax (225) 248-9123
www.resterclaims.com
TAX ID # - 72-1515171
LA License #: 435422 MS License #: 10109161

## Summary for Dwelling

| | | | |
|---|---|---|---|
| Line Item Total | | | 18,883.37 |
| Total Adjustments for Base Service Charges | | | 1,514.45 |
| Material Sales Tax | @ | 8.750% | 413.18 |
| **Replacement Cost Value** | | | **$20,811.00** |
| Less Depreciation | | | (4,743.33) |
| **Actual Cash Value** | | | **$16,067.67** |
| **Net Claim** | | | **$16,067.67** |
| Total Recoverable Depreciation | | | 4,743.33 |
| **Net Claim if Depreciation is Recovered** | | | **$20,811.00** |

_____
Ray Vince

 **Rester Claims Service, LLC**

8880 Old Hammond Highway, Baton Rouge, LA 70809
Phone: (225) 218-0600/ Fax (225) 248-9123
www.resterclaims.com
TAX ID # - 72-1515171
LA License #: 435422 MS License #: 10109161

## Summary for Other Structures

| | | | |
|---|---|---|---|
| Line Item Total | | | 3,826.25 |
| Total Adjustments for Base Service Charges | | | 105.98 |
| Material Sales Tax | @ | 8.750% | 148.86 |
| **Replacement Cost Value** | | | **$4,081.09** |
| Less Non-recoverable Depreciation | | | <1,645.68> |
| **Actual Cash Value** | | | **$2,435.41** |
| **Net Claim** | | | **$2,435.41** |

Ray Vince

 **Rester Claims Service, LLC**

8880 Old Hammond Highway, Baton Rouge, LA 70809
Phone: (225) 218-0600/ Fax (225) 248-9123
www.resterclaims.com
TAX ID # - 72-1515171
LA License #: 435422 MS License #: 10109161

## Recap by Room

**Estimate: BR12-13405-SUPP2**

**Area: Main Level**

| | | | |
|---|---|---:|---:|
| **Closet** | | **399.67** | **1.64%** |
| Coverage: Dwelling | 100.00% = | 399.67 | |
| **Roof** | | **12,924.00** | **53.12%** |
| Coverage: Dwelling | 100.00% = | 12,924.00 | |
| **Fencing** | | **3,826.25** | **15.73%** |
| Coverage: Other Structures | 100.00% = | 3,826.25 | |
| **Kitchen** | | **974.56** | **4.01%** |
| Coverage: Dwelling | 100.00% = | 974.56 | |
| **Living Room** | | **1,631.74** | **6.71%** |
| Coverage: Dwelling | 100.00% = | 1,631.74 | |
| **Dining Room** | | **1,454.22** | **5.98%** |
| Coverage: Dwelling | 100.00% = | 1,454.22 | |
| **Master Bedroom** | | **1,103.99** | **4.54%** |
| Coverage: Dwelling | 100.00% = | 1,103.99 | |
| | | | |
| **Area Subtotal: Main Level** | | **22,314.43** | **91.72%** |
| Coverage: Dwelling | 82.85% = | 18,488.18 | |
| Coverage: Other Structures | 17.15% = | 3,826.25 | |
| **Miscellaneous** | | **395.19** | **1.62%** |
| Coverage: Dwelling | 100.00% = | 395.19 | |
| | | | |
| **Subtotal of Areas** | | **22,709.62** | **93.34%** |
| Coverage: Dwelling | 83.15% = | 18,883.37 | |
| Coverage: Other Structures | 16.85% = | 3,826.25 | |
| **Base Service Charges** | | **1,620.43** | **6.66%** |
| Coverage: Dwelling | 93.46% = | 1,514.45 | |
| Coverage: Other Structures | 6.54% = | 105.98 | |
| | | | |
| **Total** | | **24,330.05** | **100.00%** |



**Rester Claims Service, LLC**

8880 Old Hammond Highway, Baton Rouge, LA  70809
Phone: (225) 218-0600/ Fax (225) 248-9123
www.resterclaims.com
TAX ID # - 72-1515171
LA License #: 435422 MS License #: 10109161

## Recap by Category with Depreciation

| Items | | | RCV | Deprec. | ACV |
|---|---|---|---|---|---|
| **CONTENT MANIPULATION** | | | **73.66** | | **73.66** |
| Coverage: Dwelling | @ | 100.00% = | 73.66 | | |
| **GENERAL DEMOLITION** | | | **4,444.06** | | **4,444.06** |
| Coverage: Dwelling | @ | 84.61% = | 3,760.31 | | |
| Coverage: Other Structures | @ | 15.39% = | 683.75 | | |
| **DRYWALL** | | | **1,104.20** | **73.62** | **1,030.58** |
| Coverage: Dwelling | @ | 100.00% = | 1,104.20 | | |
| **ELECTRICAL** | | | **150.52** | | **150.52** |
| Coverage: Dwelling | @ | 100.00% = | 150.52 | | |
| **ELECTRICAL - SPECIAL SYSTEMS** | | | **91.22** | | **91.22** |
| Coverage: Dwelling | @ | 100.00% = | 91.22 | | |
| **FENCING** | | | **3,142.50** | **1,571.25** | **1,571.25** |
| Coverage: Other Structures | @ | 100.00% = | 3,142.50 | | |
| **FINISH CARPENTRY / TRIMWORK** | | | **59.85** | | **59.85** |
| Coverage: Dwelling | @ | 100.00% = | 59.85 | | |
| **FRAMING & ROUGH CARPENTRY** | | | **318.08** | **4.52** | **313.56** |
| Coverage: Dwelling | @ | 100.00% = | 318.08 | | |
| **HEAT, VENT & AIR CONDITIONING** | | | **65.28** | | **65.28** |
| Coverage: Dwelling | @ | 100.00% = | 65.28 | | |
| **INSULATION** | | | **30.00** | **2.00** | **28.00** |
| Coverage: Dwelling | @ | 100.00% = | 30.00 | | |
| **LIGHT FIXTURES** | | | **822.55** | | **822.55** |
| Coverage: Dwelling | @ | 100.00% = | 822.55 | | |
| **PAINTING** | | | **2,678.37** | **1,339.20** | **1,339.17** |
| Coverage: Dwelling | @ | 100.00% = | 2,678.37 | | |
| **ROOFING** | | | **9,695.62** | **3,167.41** | **6,528.21** |
| Coverage: Dwelling | @ | 100.00% = | 9,695.62 | | |
| **WATER EXTRACTION & REMEDIATION** | | | **33.71** | | **33.71** |
| Coverage: Dwelling | @ | 100.00% = | 33.71 | | |
| **Subtotal** | | | **22,709.62** | **6,158.00** | **16,551.62** |
| **Base Service Charges** | | | **1,620.43** | | **1,620.43** |
| Coverage: Dwelling | @ | 93.46% = | 1,514.45 | | |
| Coverage: Other Structures | @ | 6.54% = | 105.98 | | |
| **Material Sales Tax** | @ | 8.750% | **562.04** | **231.01** | **331.03** |
| Coverage: Dwelling | @ | 73.51% = | 413.18 | | |
| Coverage: Other Structures | @ | 26.49% = | 148.86 | | |
| **Total** | | | **24,892.09** | **6,389.01** | **18,503.08** |

BR12-13405-SUPP2

1/9/2013        Page: 13

 **Rester Claims Service, LLC**

8880 Old Hammond Highway, Baton Rouge, LA  70809
Phone: (225) 218-0600/ Fax (225) 248-9123
www.resterclaims.com
TAX ID # - 72-1515171
LA License #: 435422 MS License #: 10109161

This is a estimate of damage only and not an offer of settlement. This appraisal is subject to review and approval of the insurance company.

This is not an authorization of repair, nor is it a guarantee of payment. Your policy may contain terms or conditions which may impact this appraisal. Pending approval, neither the insurer nor it's representatives assumes responsibility for repairs.

If you have any questions, please give me a call.

Ray Vince
Rester Claims Service, LLC.

=== COVER SHEET ===


TO:            _____


FROM:      HARAHAN  BRANCH_____


        FAX#: 5047336946


        TEL#: 5047331733


COMMENT:  HARAHAN  BRANCH



EXHIBIT
A-3

5045593157@mms.att.net
**Sent:** Monday, July 15, 2013 5:50 PM
**To:** Anita Mitchell

Mitchell
KW Construction & Remodeling LLC
156 Hwy 628
Laplace La 70068
985 359 1576
Cell 504 550 3157
Anita Mitchell
# 1 St Loupe Dr
Laplace La 70068
504 231 5069
Performed the following work at the above address:
Roofing work
1. Remove & replace 25 yr shingles with 30 yr per code.(41 sqs)
2. Remove & replace 15# felt
3. Remove & replace up to 64 sqs of roof sheathing
4. Remove all trash & debris
Labor & Material 9500.00
5% debris removal 475.00
20 % Profit & Overhead 1900.00
Total cost. 11,875..00

Roof As Been Replaced As per
Adjuster's Estimate.

J. anthony L.

From. Anita - Ph: 504-231-5069

8 4-TTY ( 31-4-0i3-T-AAAA R8vnMoIK cHR Ti    7/16/2013

**Amica**
Auto Home Life

**AMICA MUTUAL INSURANCE COMPANY**
CORPORATE OFFICE - LINCOLN, RHODE ISLAND

53-7524/113
SOVEREIGN BANK

4220193

SEPTEMBER 7, 2012

CLAIMS ACCOUNT

FOR A LOSS ON 08/28/2012 OR FOR SERVICES RENDERED UNDER POLICY NO. 630117-20BG
CLAIM FILE NUMBER F60001305346     INSURED ANITA MITCHELL

$5,368.35

PAY *5,368*DOLLARS AND 35 CENTS

TO THE
ORDER     ANITA MITCHELL
OF



CONTROLLER

⑈4220193⑈ ⑈011375245⑈ 7566000498 7⑈

727477

**WARNINGI**
*This is watermarked paper and contains invisible fibers.*
*Do not accept without noting watermark.*
*Hold to light to*
*verify watermark.*

E162-2

*Do Not Endorse Below This Line*

4340603390

:or Deposit Only
ASI Federal Credit Union
2650 7506 7

**Amica**
Auto Home Life

**AMICA MUTUAL INSURANCE COMPANY**
CORPORATE OFFICE - LINCOLN, RHODE ISLAND

53-7524/113
SOVEREIGN BANK

4220196

SEPTEMBER 7, 2012

CLAIMS ACCOUNT

FOR A LOSS ON 08/28/2012 OR FOR SERVICES RENDERED UNDER POLICY NO. 630117-20BG
CLAIM FILE NUMBER F60001305346 INSURED ANITA MITCHELL

PAY *300*DOLLARS AND 96 CENTS

$300.96

TO THE
ORDER ANITA MITCHELL
OF

Mary R. Williamson
CONTROLLER

⑈4220196⑈ ⑆011375245⑆ 7586000498 7⑈

WARNING!

This is watermarked paper and contains invisible fibers.
Do not accept without noting watermark.

Hold to light to
verify watermark.

Do Not Endorse Below This Line

E162-2

727475

434060339 2

For Deposit Only
ASI FEDERAL CREDIT UNION
265075087

10/18/2012  03100018

Auto. Home Life

**AMICA MUTUAL INSURANCE COMPANY**
CORPORATE OFFICE - LINCOLN, RHODE ISLAND

53-7524/113
SOVEREIGN BANK

4220203

SEPTEMBER 7, 2012

**CLAIMS ACCOUNT**

FOR A LOSS ON  08/28/2012  OR FOR SERVICES RENDERED UNDER POLICY NO.   630117-20BG
CLAIM FILE NUMBER   F6000130534G          INSURED  ANITA MITCHELL

PAY  *300*DOLLARS AND 00 CENTS                                    $300.00

TO THE
ORDER      ANITA MITCHELL
OF

Mary R. Williamson
CONTROLLER

⑆4 2 20 203⑆  ⑈0 ⑉ 13 75 24 5⑈  75 8 6 0 0 0 4 9 8 7⑈

**WARNING!**

This is watermarked paper and contains invisible fibers.
Do not accept without noting watermark.
Hold to light to
verify watermark.

Do Not Endorse Below This Line

43406 03390 2

For Deposit Only
ASI FEDERAL CREDIT UNION
265075087

10/18/2012 031000815

**Amica**
Auto Home Life

**AMICA MUTUAL INSURANCE COMPANY**
CORPORATE OFFICE - LINCOLN, RHODE ISLAND

53-7524/113
SOVEREIGN BANK

4254959

OCTOBER 4, 2012

**CLAIMS ACCOUNT**

FOR A LOSS ON 08/28/2012 OR FOR SERVICES RENDERED UNDER POLICY NO. 630117-20BG
CLAIM FILE NUMBER F60001305346 INSURED ANITA MITCHELL

PAY *674*DOLLARS AND 08 CENTS

$674.08

TO THE
ORDER
OF

ANITA MITCHELL

Mary R. Williamson
CONTROLLER

⑈4254959⑈ ⑈0113752451⑈ 758600004987⑈

WARNING!
This is watermarked paper and contains invisible fibers.
Do not accept without noting watermark.
Hold to light to
verify watermark.

74083 5

E162-2

*Anita Mitchell*

Do Not Endorse Below This Line

434 06 03390 -2

For Deposit Only
ASI Federal Credit Union
2650 7506 7

12/11/2012  0333000105

**Amica**
Auto Home Life

**AMICA MUTUAL INSURANCE COMPANY**
CORPORATE OFFICE - LINCOLN, RHODE ISLAND

53-7524/113
SOVEREIGN BANK

4269937

OCTOBER 18, 2012

**CLAIMS ACCOUNT**
FOR A LOSS ON 08/28/2012 OR FOR SERVICES RENDERED UNDER POLICY NO. 630117-20BG
CLAIM FILE NUMBER F60001305346     INSURED ANITA MITCHELL

$100.00

PAY     *100*DOLLARS AND 00 CENTS

TO THE
ORDER     ANITA MITCHELL
OF

Mary R. Williamson
CONTROLLER

⑆4269937⑆ ⑇011375245⑇ 75860004987⑈

WARNING!
*This is watermarked paper and contains invisible fibers.*
*Do not accept without noting watermark.*
Hold to light to
verify watermark.

*Do Not Endorse Below This Line*

4340603390 -2

For Deposit Only
ASI Federal Credit Union
2650 7506 7

**Amica**
Auto Home Life

**AMICA MUTUAL INSURANCE COMPANY**
CORPORATE OFFICE - LINCOLN, RHODE ISLAND

53-7524/113
SOVEREIGN BANK

4404009

**CLAIMS ACCOUNT**

JANUARY 25, 2013

FOR A LOSS ON  08.28.2012  OR FOR SERVICES RENDERED UNDER POLICY NO.  630117-20BG
CLAIM FILE NUMBER   F600013D5346          ISSURED  ANITA MITCHELL

PAY    *6,325*DOLLARS AND 24 CENTS          MAR 26 2013          $6,325.24

TO THE
ORDER
OF

ANITA MITCHELL & BANK OF AMERICA N.A.
ITS SUCCESSORS AND/OR ASSIGNS ATIMA

#188239089

Mary R. Williamson
CONTROLLER

⑈440400⑈9⑈ ⑈:0⑈13⑈75⑈24⑈5⑈: 75860004987⑈⑈

WARNING!
This is watermarked paper and contains invisible fibers.
Do not accept without noting watermark.
Hold to light to
verify watermark.

611751

4340603390

E162-2

Bank of America N.A.
DoFKOR EXPorse Below-This Line
F/K/A Countrywide Home Loans Servicing, LP
F/K/A Countrywide Home Loans Servicing, LP
Without Recourse                    4

Senior Vice President          5

FOR DEPOSIT ONLY
ASIFCU
265975087

**Amica**
Auto Home Life

53-7524/113
SOVEREIGN BANK

62504

**AMICA MUTUAL INSURANCE COMPANY**
CORPORATE OFFICE - LINCOLN, RHODE ISLAND

4404043

JANUARY 25, 2013

$2,134.45

CLAIMS ACCOUNT
FOR A LOSS ON  08/28/2012  OR FOR SERVICES RENDERED UNDER POLICY NO.   630117-20BG
CLAIM FILE NUMBER   F60001305346          INSURED  ANITA MITCHELL

PAY   *2,134*DOLLARS AND 45 CENTS

TO THE
ORDER   ANITA MITCHELL
OF

Mary L. Williamson
CONTROLLER

⑈4404043⑈ ⑆0113752455⑆ 758600004987⑈

811752

**WARNING!**
This is watermarked paper and contains invisible fibers.
Do not accept without noting watermark.
Hold to light to
verify watermark.

E162-2

*Anita Michels*

Do Not Endorse Below This Line

4340603390-#

**FOR DEPOSIT ONLY**
**ASIFCU**
**265075087**

**Amica**
Auto Home Life

53-7524/113
SOVEREIGN BANK

4640864

# AMICA MUTUAL INSURANCE COMPANY
CORPORATE OFFICE · LINCOLN, RHODE ISLAND

AUGUST 7, 2013

$2,941.94

CLAIMS ACCOUNT

FOR A LOSS ON 08.28.2012 OR FOR SERVICES RENDERED UNDER POLICY NO. 630117-20BG
INSURED ANITA MITCHELL

IMM FILE NUMBER F6000130534b

PAY   *2,941*DOLLARS AND 94 CENTS

TO THE
ORDER
OF

ANITA MITCHELL & MICHAELSON & MESSINGER
INSURANCE SPECIALISTS LLC

Mary R. Williamson
CONTROLLER

⑈4640864⑈ ⑈0113752⑈5⑈ 7586000498 7⑈

**WARNING!**
This is watermarked paper and contains invisible fibers.
Do not accept without noting watermark.

MICHAEL SOULE & MELISSA to
CLEARANCE SPECIALISTS LLC

BY

Do Not Endorse Below This Line

434803398-1

82/20/2014  032656627

Claim File: 60001305346

A called back to see if we have the appraisal of the damage to her home done and to go over what the next steps will be so that she can have repairs started. Advised that the F/H should be able to answer her questions about everything and I would ask that they call her back to discuss this. Sent info to F/H.

**By:** -Rodriguez, Loyda I. (09/04/2012 04:53 PM)

**Topic:** Other

**Related To:** Entire Claim File

**Confidential:** No

Claim number for Fidelity National Insurance- FNI-1-12-0003535

**By:** -Nickel, Kristen (09/03/2012 12:15 PM)

**Topic:** Contact

**Related To:** (1) Property - Insured's loss - Mitchell, Anita

**Confidential:** No

Anita called looking for Kevin Kiser - she is home now and there was some flooding. The water was definitely in the garage and she is not sure how far it got into the house. Provided adj cell number & advised I would note file. She thanked.

**By:** -Kiser, Kevin D. (08/31/2012 08:35 PM)

**Topic:** Contact

**Related To:** Entire Claim File

**Confidential:** No

I spoke with the insured this afternoon from the road. She informs me she is still not at home as they are not allowed back in their neighborhood yet. She is awaiting word on when this will take place. She requested I give her a call back in a couple of days as she did not have anything to write with at the time of our talk. I just arrived in the area this

Labrie, Glen A. Jr.

**EXHIBIT**
A-5

09/26/2013 12:03 PM

Claim File: 60001305346

evening and news and radio reports indicate flooding is still very bad in La Place. I will make sure to follow up with the insured and coordinate an inspection.

**By:** -Labrie, Glen A. Jr. (08/31/2012 12:35 PM)

**Topic:** Insured First Contact

**Related To:** (1) Property - Insured's loss - Mitchell, Anita

**Confidential:** No

I siw the insured and explained the nature of Kevin and my involvement with this claim. She understands that Kevin will inspect and report to the file of his findings, and I would be in contact to discuss coverage and file handling matters. Insured indicated that she has not been to her house be she understands that her area sustained about 6 feet of standing water. She could not answer questions about damage since she has not been to her house. I told her that Kevin would be in touch with her in 24-48 hours to discuss inspection. Diary set to follow up on Kevin's inspection.

**By:** -Bullard, Melissa A. (08/31/2012 11:43 AM)

**Topic:** Other

**Related To:** Entire Claim File

**Confidential:** No

assignment template sent, sent through MSB, Type B letter done

**By:** -Hammond, Teresa D. (08/31/2012 11:29 AM)

**Topic:** Evaluation

**Related To:** Entire Claim File

**Confidential:** No

CAT 20 - CQ for flood damage-Assigning Kiser/Labrie for investigation under Type B. Please convert file and add CQ to Loss Details.

Claim File: 6000130634G

**By:**            -Childs, Timothy B. (08/31/2012 11:17 AM)

**Topic:**

**Related To:**     Entire Claim File

**Confidential:**   No

This one should be assigned to a supervisor and K. Kiser and converted on opening.

**By:**            -Bickford, Karyn J. (08/31/2012 11:07 AM)

**Topic:**         First notice of loss

**Related To:**     Entire Claim File

**Confidential:**   No

Insured called to report loss; insured has not gone home yet she assumes her house is flooded. I tried to ask the insured further loss details insured got upset and said she is not home and can't answer any of my questions, I exp. to the insured to call us back once she gets home; she said fine and hung up.

## SPECIAL PROVISIONS - LOUISIANA

**SECTION I - EXCLUSIONS**

**8. Intentional Loss** is replaced by the following:

**8. Intentional Loss,** meaning any loss arising out of any act committed:

    **a.** With respect to loss caused by fire;

        **(1)** By or at the direction of the **insured;** and

        **(2)** With the intent to cause a loss.

    **b.** With respect to loss caused by a peril other than fire and with respect to all **insureds** covered under this policy;

        **(1)** By you or at your direction; and

        **(2)** With the intent to cause a loss.

(This is Exclusion **A.8.** in Forms **HO 00 03** and **HO 00 05.**)

**SECTION I - CONDITIONS**

**B. Duties After Loss**

Paragraph **8.** is replaced by the following:

**8.** Send to us your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

    **a.** The time and cause of loss;

    **b.** The interests of all **insureds** and all others in the property involved and all liens on the property;

    **c.** Other insurance which may cover the loss;

    **d.** Changes in title or occupancy of the property during the term of the policy;

    **e.** Specifications of damaged buildings and detailed repair estimates;

    **f.** The inventory of damaged personal property described in **6.** above;

    **g.** Receipts for additional living expenses incurred and records that support the fair rental value of loss; and

    **h.** Evidence or affidavit that supports a claim under **E.6.** Credit Card, Electronic Fund Transfer Card Or Access Device, Forgery And Counterfeit Money under Section I - Property Coverages, stating the amount and cause of loss.

This proof of loss must be sent to us within:

**(1)** 180 days after our request, if the loss results from a catastrophic event for which a state of disaster or emergency was declared pursuant to law by civil officials; however, this 180-day period does not commence until the state of emergency or disaster has ended and you have access to your property; or

**(2)** 60 days after our request in all other cases.

**C. Loss Settlement**

Under Forms **HO 00 02, HO 00 03** and **HO 00 05,** paragraph **2.a.(2)** is replaced by the following:

    **(2)** The replacement cost of that part of the building damaged with material of like kind and quality; or

Under Forms **HO 00 02, HO 00 03** and **HO 00 05,** Paragraph **2.e.** is replaced by the following:

    **e.** You may disregard the replacement cost loss settlement provisions and make claim under this policy for loss to buildings on an actual cash value basis. You may then make claim for any additional liability according to the provisions of this Condition **C.** Loss Settlement, provided you notify us, within 180 days after the date of loss, of your intent to repair or replace the damaged building. Any settlement under this provision will allow you, an **insured** seeking coverage, or a representation of either, the necessary period to provide us with a signed, sworn proof of loss, as described in the Duties After Loss section of this policy.

**I. Loss Payment** is replaced by the following:

**I. Loss Payment**

We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. The undisputed portion of the loss will be payable within 30 days after we receive your proof of loss.

**K. Mortgage Clause**

Paragraph **3.** is replaced by the following:

**3.** If the policy is cancelled by us, the mortgagee will be notified:

    **a.** At least 10 days before the date cancellation takes effect if we cancel for nonpayment of premium; or

    Copyright, Insurance Services Office, Inc., 2009



EXHIBIT

A-6

40ᵗʰ JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. JOHN THE BAPTIST

STATE OF LOUISIANA

NO. 65383

DIVISION " A"

ANITA MITCHELL,

VERSUS

AMICA MUTUAL INSURANCE COMPANY

Elana DeFrancesch - Clerk of Court
Filed: Sep 06, 2013 12:32 PM

_____ DEPUTY CLERK

PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioner, Anita Mitchell, a

person of the full age of majority and domiciled in the Parish of St. John the Baptist, State of

Louisiana, who respectfully represents that:

1.

Made Defendant herein is:

Amica Mutual Insurance Company ("Amica"), a foreign insurance company authorized
to do and doing business in the Parish of St. John the Baptist, State of Louisiana.

2.

Venue is proper in this Court because the subject property is located in the Parish of St.

John the Baptist and the loss occurred in the Parish of St. John the Baptist.

3.

Defendant is justly and truly indebted to Petitioner herein for damages reasonable in the

premises, together with legal interest thereon from the date of judicial demand until paid, and for

costs in these proceedings, for the following, to-wit:

4.

Petitioner owns residential property located at 1 Saint Loupe Street, LaPlace, Louisiana

70068 ("the Residence").

5.

On August 28, 2012, Petitioner had in place a contract with Amica to provide a

homeowner's insurance policy, number 630117-20BG ("the Policy"), for the Residence, which

at all times pertinent hereto provided coverage for the matters, risks and things involved herein.

28 Aug 13

EXHIBIT
B

Scan Date: 9/18/2013 9:50:47 AM

6.

In the days preceding August 28, 2012, weather forecasters and government officials predicted that Hurricane Isaac, then in the Gulf of Mexico, would severely impact southeastern Louisiana.

7.

On the morning of August 28, 2012, Hurricane Isaac approached the Gulf Coast. The storm first made landfall in southeast Louisiana near the mouth of the Mississippi River at approximately 6:00 p.m. before shifting slightly west for a second landfall on August 29, 2012 near Port Fourchon, Louisiana, at approximately 2:00 a.m. Hurricane Isaac was accompanied by extremely destructive winds which were documented to be most intense along the eastern sides of the storm. The event caused widespread devastation and damage, including damage to the Residence.

8.

During Hurricane Isaac, the Residence sustained substantial wind and rain damage, rendering the Residence uninhabitable and necessitating extensive repairs.

9.

The Policy issued by Amica provided coverage for loss or damage caused by the peril of wind. Additionally, based upon information and belief, the Policy contained a hurricane and/or windstorm endorsement that created coverage for all of the damage sustained at the Residence.

10.

In compliance with the Policy, Petitioner promptly reported the resulting physical and structural damage sustained to the Residence to Amica.

11.

Following Hurricane Isaac, representatives of Amica either viewed the wind damage to the Residence or were directly advised of the nature and scope of damage by Petitioner.

12.

Despite having been provided with sufficient proof of loss, the Defendant insurance company has acted in bad faith by refusing to tender sufficient payment in accordance with the terms of the Policy. Coverage under the Policy remains available and is due to Petitioner herein.

2

13.

Petitioner is entitled to a judgment declaring that the language of the Policy provides coverage for all damage resulting from a hurricane.

14.

The actions of Amica in failing to fully and fairly adjust Petitioner's claims are arbitrary, capricious, and without probable cause, making Amica liable for penalties provided under La. R.S. 22:1892 and 22:1973.

15.

Defendant, Amica, is liable unto Petitioner under the following legal theories:

a)   Breach of contract;

b)   Bad faith claims adjusting;

c)   Negligent claims adjusting;

d)   Intentional infliction of emotional distress; and

e)   Any and all other legal theories which may be found through discovery and proven at the trial of this matter.

16.

Defendant, Amica, has committed other acts of negligence, breach of contract, and breach of its duty of good faith and fair dealing, all of which will be shown and proven at the trial of this matter.

17.

As a result of the actions of Amica, Petitioner has suffered, or will suffer, the following non-exclusive damages:

a)   Loss of use of property;

b)   Loss of enjoyment of property;

c)   Diminution in value of property;

d)   Repair and remediation expenses;

e)   Attorney's fees;

f)   Costs of this litigation; and

g)   Any and all other damages which will be shown and proven at the trial of this matter.

3

18.

Petitioner reserves the right to supplement and amend this Petition for Damages.

WHEREFORE, Petitioner, Anita Mitchell, prays that Defendant, Amica, be served with a copy of this Petition for Damages and duly cited to appear and answer same, and that after expiration of all legal delays and due proceedings, there be judgment rendered in favor of Petitioner and against Defendant in an amount that will fully compensate Petitioner for the damages pursuant to the evidence and in accordance with the law; all sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

Respectfully Submitted,

**EARL G. PERRY, JR., BAR NO. 10523**
**Gauthier, Houghtaling & Williams, LLP**
3500 North Hullen Street
Metairie, Louisiana 70002
Telephone: (504) 456-8600
Facsimile: (504) 456-8624
E-mail: earl@ghwlegal.com
**COUNSEL FOR PETITIONER**

**PLEASE SERVE:**

AMICA MUTUAL INSURANCE COMPANY
*Through its Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA  70809

4

09/03/2014  14:04 Keogh Cox Wilson        (FAX)        P.001/012

JOHN P. WOLFF, III
STEVEN C. JUDICE
ANDREW BLANCHFIELD
EDWARD R STAUSS, III
KRIS L. LANDRY*
GRACELLA SIMMONS
NANCY B. GILBERT
COLLIN J. LeBLANC
CHAD A. SULLIVAN, R.N., J.D.++
CHRISTOPHER K. JONES
MARY ANNE WOLF**
STEPHEN N. WHITLOW
MARTIN E. GOLDEN
TODD B. BOWLING
VIRGINIA J. MELIN

* LICENSED IN LOUISIANA & TEXAS
++ REGISTERED NURSE
** LICENSED ENGINEER

**KCW**
**KEOGH COX & WILSON LTD**
**LAW**
RELATIONSHIPS. RESULTS.

C. REYNOLDS LeBLANC
RICHARD W. WOLFF
BRENT J. COBB
MARK T. ASSAD

SPECIAL COUNSEL
ANDREW J. HODGES, IV

OF COUNSEL
JOHN R. KEOGH

JOHN E. COX
(1923 - 2010)
STEPHEN R. WILSON
(1950 - 2010)

September 3, 2014

VIA FAX and U.S. MAIL

Eliana DeFrancesch, Clerk
40th Judicial District Court
P. O. Box 280
Edgard, LA 70049

Eliana DeFrancesch - Clerk of Court
Filed: Sep 03, 2014 3:02 PM

130082464

RE:   Anita Mitchell v. Amica Mutual Insurance Company
      Suit No. 65,383, Div. "A"; 40th JDC, St. John the Baptist Parish
      Our File No.: 63.1326716

Dear Clerk:

Please find enclosed an original plus two (2) copies of a *Motion to for Summary Judgment, Order, Memorandum in Support* with *Exhibits,* and *Statement of Uncontested Facts* on behalf of Amica Mutual Insurance Company. Please file the originals into the suit record and return a file-stamped copy to us in the stamped, self-addressed envelope provided.

Please present the Order to the Judge for signature, and thereafter, have plaintiff served through counsel of record as indicated on the Order. Please provide us with a conformed copy once Order is signed by the Judge and provide all counsel with Notice of Hearing.

Our check in the amount of $360.00 is enclosed to cover the fax filing, filing and service fees. **Please include a paid receipt or copy of the accounting ledger sheet indicating payment of this filing along with the file-stamped copy.**

Thank you for your assistance.

701 MAIN STREET (70802) | P.O. BOX 1151 (70821) | BATON ROUGE, LOUISIANA | (225) 383-3796 | FAX (225) 343-9612 | EMAIL kcwlaw@kcwlaw.com

Eliana DeFrancesch, Clerk
40th Judicial District Court
September 3, 2014
Page 2

Very truly yours,

KEOGH, COX & WILSON, LTD.

*John P. Wolff III*

JOHN P. WOLFF, III
VIRGINIA J. MCLIN

JPW/VJM:tmv
Enclosures

cc (w/encl.)   Earl G. Perry, Esq. - earl@ghwlegal.com; jamie@ghwlegal.com

Eliana DeFrancesch - Clerk of Court
Filed: Sep 05, 2014  10:05 AM
130086689

| ANITA MITCHELL | * | NUMBER 65,383 DIVISION "A" |
| VERSUS | * | 40th JUDICIAL DISTRICT COURT |
| | * | PARISH OF ST. JOHN THE BAPTIST |
| AMICA MUTUAL INSURANCE COMPANY | * | STATE OF LOUISIANA |

## ORDER

CONSIDERING the foregoing Motion for Summary Judgment;

IT IS HEREBY ORDERED, that Plaintiff, Anita Mitchell, show cause on the 1st

day of October, 2014, why the motion should not be granted and Plaintiff's claim

dismissed *with prejudice*.

Edgard, Louisiana, this 11th day of September, 2014.

JUDGE MADELINE JASMINE
40TH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST

PLEASE SERVE
Anita Mitchell
through counsel of record
Earl G. Perry, Esq.
Gauthier Houghtaling & Williams, LLP
3500 North Hullen Street
Metairie, LA 70002

cc  E. Perry
    J. Wolff    9/15/14  Not

- 3 -

D55150916

## NOTICE - OTHER THAN PETITION

ANITA  MITCHELL

VS

AMICA MUTUAL INSURANCE
COMPANY
DOCKET NUMBER: C-65383

40TH JUDICIAL DISTRICT COURT

PARISH OF ST. JOHN THE BAPTIST

STATE OF LOUISIANA

To:    **ANITA MITCHELL**
**THROUGH EARL G. PERRY**
**3500 NORTH HULLEN STREET**
**METAIRIE, LA 70002**

Eliana DeFrancesch - Clerk of Court
Filed: Sep 23, 2014 9:59 AM

**Parish: JEFFERSON**

130118326

## HEARING SET FOR OCTOBER 2, 2014 @ 9:00 AM

Please take notice that:

MOTION FOR SUMMARY JUDGMENT; ORDER; MEMORANDUM IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT; STATEMENT OF
UNCONTESTED FACTS; EXHIBITS

was/were filed this day as per attached copy.

This service was ordered by, **ATTY. JOHN P. WOLFF, III** and was issued by the Clerk
of Court on the **SEPTEMBER 15, 2014**.

*MEGAN ARCURI*
Deputy Clerk of Court for
Eliana DeFrancesch, Clerk of Court

RECEIVED ON THE _____ DAY OF _____ 20___ AND ON THE _____
DAY OF _____ 20___ SERVED THE ABOVE NAMED PARTY AS
FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME
AT HIS DOMICILE IN THE PARISH IN THE HANDS OF
_____, A PERSON APPARENTLY OVER THE AGE OF
SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME
AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY
INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM
HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF
_____, 20___ _____

SERVICE  $_____     BY:_____
MILEAGE $_____           **DEPUTY SHERIFF**
TOTAL    $_____

ORIGINAL – RETURN    COPY – SERVICE    COPY - CLERK

DATE RECEIVED 9-18-14 DATE RETD 9-19-14

DATE SERVED 9-18-14

SERVICE AFFECTED OR REASON UNSERVED:

X PERSONAL - - - - DOMICILARY THRU _____

___ THRU / OTHER _____

___ NOT AT THIS ADDRESS PER - _____

___ UNABLE TO SERVE AFTER MAKING _____ ATTEMPTS

_____ # _2196_

Deputy Sheriff of Jefferson Parish

**40th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. JOHN THE BAPTIST**

**STATE OF LOUISIANA**

**NO. 65,383**                                                              **DIVISION "A"**

**ANITA MITCHELL**

**VERSUS**

**AMICA MUTUAL INSURANCE COMPANY**

Eliana DeFrancesch - Clerk of Court
Filed: Sep 30, 2014  8:57 AM
FILED
130130040

                                                              **DEPUTY CLERK**

**UNOPPOSED MOTION TO CONTINUE THE OCTOBER 2, 2014 HEARING
ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND NOVEMBER 24, 2014 TRIAL**

      **NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Anita Mitchell, who respectfully requests that the Court continue the October 2, 2014 hearing on Defendants' Motion for Summary Judgment until November 7, 2014, and the trial currently set to begin on November 24, 2014 to a date to be determined in the future, for the reasons more fully outlined below:

1.

      In January, 2014, counsel for Plaintiff suffered a major health emergency, for which he was hospitalized.  Mr. Perry's unforeseen illness necessitated multiple surgeries which developed into an extended leave of absence from the office.  Although undersigned counsel was permitted to return to work in April, 2014, he has to date been continuously under physicians' care in relation to this illness.

2.

      Undersigned counsel recently attended an appointment with his surgeon, at which a final procedure resulting from his ongoing health issues was scheduled for October 2, 2014.  Shortly after this operation was scheduled, Plaintiff was served with the notice setting the hearing on Defendant's Motion for Summary Judgment for the same date as the surgery.  Mr. Perry's office has been advised by the Court that November 7, 2014 is open for the purpose of resetting this hearing.  Undersigned counsel's office has also been in contact with opposing counsel, who has expressed no objection to a continuance of the hearing until November 7, 2014.

PREVIOUSLY FILED
BY FAX ON
29 DAY OF Sept 20 14

Megan An-

3.

Further, the trial of this matter is currently set to begin on November 24, 2014. Because it is anticipated that Mr. Perry will be hospitalized for several days following the October 2, 2014 operation and that it will take approximately two weeks for him to make a full recovery, undersigned counsel respectfully requests that the trial also be continued to a date to be determined in the future, in order to allow adequate preparation time so that he may best represent his client's interests. Opposing counsel has indicated that there is no objection to a continuance of the November 24, 2014 trial of this matter.

**WHEREFORE,** Plaintiff, Anita Mitchell, requests that this Honorable Court continue the October 2, 2014 hearing on Defendant's Motion for Summary Judgment until November 7, 2014, and continue the November 24, 2014 trial of this matter to a date to be determined in the future.

Respectfully submitted,

**EARL G. PERRY, JR. (LA BAR NO. 10523)**
**Gauthier, Houghtaling & Williams, LLP**
3500 North Hullen Street
Metairie, LA  70002
Telephone:  (504) 456-8600
Facsimile:  (504) 456-8624
E-mail:  earl@ghwlegal.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record via facsimile and/or electronic transmission and/or United States Mail, postage prepaid and properly addressed, this 29th day of October, 2014.

**EARL G. PERRY, JR.**

**40th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. JOHN THE BAPTIST**

**STATE OF LOUISIANA**

NO. 65,383                                                    DIVISION "A"

**ANITA MITCHELL**

**VERSUS**

**AMICA MUTUAL INSURANCE COMPANY**

Eliana DeFrancesch - Clerk of Court
Filed: Sep 30, 2014 8:57 AM

130130032

**DEPUTY CLERK**

**ORDER**

Considering the foregoing;

**IT IS ORDERED** that the October 2, 2014 hearing on Defendant's Motion for Summary

Judgment be and hereby is continued until November 7, 2014 at 9 o'clock a.m.

**IT IS FURTHER ORDERED** that the trial of this matter, currently set to begin on

November 24, 2014, be and hereby is continued to a date to be determined in the future.

Edgard, Louisiana, this 30th day of September 2014.

**JUDGE**

# FORTIETH JUDICIAL DISTRICT COURT

## PARISH OF SAINT JOHN THE BAPTIST

### STATE OF LOUISIANA

**DOCKET NO.: 65,383**                    **DIVISION "A"**

### ANITA MITCHELL

### VERSUS

### AMICA MUTUAL INSURANCE COMPANY

Eliana Derfrancesch - Clerk of Court
Filed November 05, 2014 11:07 AM

130191406

**D/C:** _____

**ORDER**

On motion of the court, and following a telephone conversation with the each party,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Motion for

Summary Judgment filed by defendant, Amica Mutual Insurance Company, currently set for

Friday, November 7, 2014 at 9:00 a.m. is hereby reset to Friday, November 14, 2014 at 9:00 a.m.

THUS DONE AND SIGNED in Edgard, Louisiana, this 5th day of November, 2014.

_____
JUDGE, 40th Judicial District Court

11/5/14
cc
J. Wolff III
R. Perry

## 40th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. JOHN THE BAPTIST

### STATE OF LOUISIANA

NO. 65,383                                                          DIVISION "A"

### ANITA MITCHELL

### VERSUS

### AMICA MUTUAL INSURANCE COMPANY

**Eliana DeFrancesch - Clerk of Court**
Filed: Nov 06, 2014  3:07 PM

FILED: _____ ▐█▌▐█▐█▌▐██▐███▐█▌▐██▌▐██▌▐█▌ _____   _____

130194772      **DEPUTY CLERK**

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Anita Mitchell, who opposes the Motion for Summary Judgment filed by Defendant, Amica Mutual Insurance Company ("Amica"), for the reasons set forth below:

Defendant has filed the instant Motion for Summary Judgment on the grounds that Amica has tendered unto Plaintiff sufficient payment for damages sustained to Plaintiff's property during Hurricane Isaac. While Plaintiff does not dispute the fact that the $18,145.02 in payments she received from Amica was sufficient with regard to her building damages, Plaintiff contends that her remaining claims relate to the contents of the insured property Following Hurricane Isaac, Plaintiff compiled an itemization of her personal property losses which totaled $70,349.98, and submitted same to Defendant insurer. (Exhibit A) Despite the fact that the policy at issue in this litigation provided $152,250 in contents coverage, Plaintiff has received no compensation for these losses to date.

Additionally, although the insured property did sustain some flooding as a result of Hurricane Isaac, the flood-related damages were minimal. Plaintiff received only $5,892.26 from her flood insurer in connection with these damages, all of which were building-related. For this reason, combined with the fact that Plaintiff's roof was replaced entirely upon the inspection and approval of Defendant herein, Plaintiff contends that all content losses are attributed to wind damage caused by roof and windows failing under wind forces and should therefore have been covered under the homeowner's policy at issue.

**WHEREFORE,** considering the foregoing, Plaintiff respectfully requests that the Motion for Summary Judgment filed by Defendant, Amica Mutual Insurance Company, be denied as premature.

Respectfully submitted:

**EARL G. PERRY, JR. (LA Bar No. 10523)**
**GAUTHIER, HOUGHTALING & WILLIAMS, LLP**
3500 North Hullen Street
Metairie, Louisiana 70002
Telephone:      (504) 456-8600
Facsimile:       (504) 456-8624
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to all counsel of record by way of electronic transmission and/or facsimile and/or by depositing same in the United States Mail, postage prepaid and properly addressed, this 6th day of November, 2014.

**EARL G. PERRY, JR.**

2

**NOTES**

Anita Mitchell      List      furniture

| | |
|---|---|
| Leather Sectional Sofa + Chair | $7000.00 |
| Table a Chairs | 3500.00 |
| Table & Chairs And Hutch | 6000.00 |
| Lamp | 275.00 |
| DVD's + Stand | 450.00 |
| Ceramic Tiles | 300.00 |
| Bar stools | 650.00 |
| Lamp Stand | 200.00 |
| Plants | 200.00 |
| Barbecue Grill | 750.00 |
| Glass Table | 600.00 |
| Mirrow + Pictures | 650.00 |
| Rugs | 2000.00 |
| RCA Surround Sound System | 1000.00 |
| Tool Box | 3000.00 |
| Bed Room Furniture | 8000.00 |
| Washer q Dryer | 1000.00 |
| Re friger ator | 950.00 |
| Hot Water Heater | 1000.00 |
| Shoes 50 pairs | 4500.00 |
| Dress Saits | 12000.00 |
| Jeans And Shirts | 1000.00 |
| Lawn Mower | 700.00 |
| 2 Weed Eaters And Edger | 1000.00 |
| Sheet Rock | 600.00 |
| Fence Boards | 100.00 |
| 5 inch Molding | 550.00 |



Kenneth Copeland Ministries



PLAINTIFF'S EXHIBIT

Assorted Artifical Flowers (2)    55.11
Live Plants                (10)    460.00
Fancy Curtain, Valance, tiebacks
And Swags - Made Hand      (6)    2360.0
Watch with Leather Straps  (2)    110.0
Jewelry Box                (1)    19.7
Costume earrings           (7)    130.81
LiaSophia Necklace         (1)    44.0
5
Mens Watch - Kenneth Cole  (1)    150.0
Base ball Caps             (3)    75.0
Dust Pan                   (1)    5.95
Broom                      (2)    27.99
Mop                        (1)    15.00
Cleaners            15 Bottles    65.00
Hamper - Wicker            (1)    38.58
Small Hair Dryer           (1)    21.99
feminine pads              (1)    8.26
6/Ass Vases                (2)    16.99
Bath & Body Works Lotion  (2)    26.99
4 Piece Luggage Set - American tour (1) 220.49
Comforters                 (2)    330.00
Leather Belts              (6)    165.04
Blankets                   (2)    165.38
Xmas decorations, Assorted Boxes (2) 665.00
Sony CD bombox             (1)    82.63
Make up Bag                (1)    16.48

NOTES

| Leather cell phone case | (1) | 27.51 |
| Cell phone charger | (2) | 50.60 |
| plastic hamper | (1) | 35.22 |
| Broom | (2) | 55.62 |
| Dust pan | (2) | 27.51 |
| Squirt gun | (1) | 19.68 |
| Vases | (2) | 32.96 |
| Spray bottle | (2) | 5.49 |
| Rubber backed Welcome Mats | (2) | 44.08 |
| Coffee Maker -Sunbeam-12 cup | (1) | 55.07 |
| Plastic cups | (3) | 9.92 |
| Amana Micro Village | (1) | 198.39 |
| Wood Wall Clock | (1) | 44.09 |
| Assorted plast c Storage containers | (20) | 77.18 |
| Extension cord | (10) | 26.28 |
| Palmer Table fan | (1) | 27.51 |
| Corelle Bowl | (1) | 6.56 |
| forks | (10) | 166.00 |
| Knife | (6) | 155.09 |
| Spoons | (10) | 100.29 |
| Plastic Drawdivider | (1) | 10.95 |
| Larget Small pots | (21) | 650.00 |
| Kitchenmaid Mixer & Accessories | (1) | 385.82 |
| Acrylic cutting Board | (1) | 21.00 |
| Ge -4burner Electric Stove w/drawer Storage | (1) | 606.38 |
| Refrigerator food Inside freezer Above | (1) | 1000.00 |
| Curling Iron | (1) | 34.00 |
| Watering can | (1) | 6.56 |
| Zippered pencil case | (1) | 7.66 |
| Pillar Candles | (5) | 23.37 |



Kenneth Copeland Ministries

**NOTES**

| | | |
|---|---|---|
| Soft balls | (6) | 120.00 |
| Sport cap | (4) | 55.02 |
| 7-Tier shelf | (1) | 49.56 |
| 5x7 frames used | (4) | 33.04 |
| 3ring nyloncase + bcase | (1) | 21.99 |
| Computer game | (20) | 1000.00 |
| Large cook books | (1) | 77.06 |
| Cleaners | (15) | 55.09 |
| Checker board game | (1) | 10.00 |
| Fancy Curtain Rods | (4) | 80.00 |
| Wood End Table | (1) | 220.49 |
| Costume Watch | (2) | 55.01 |
| Jumbo Coloring Books | (2) | 21.94 |
| Children Books | (17) | 149.00 |
| Permanent Markers | (2) | 21.94 |
| 6 Coasters | (6) | 16.48 |
| Extension cords | (4) | 33.04 |
| Bath Rugs | (6) | 88.10 |
| Plastic Waste Can | (2) | 36.00 |
| Scrub brush | (1) | 6.56 |
| Pillar Candle | (6) | 66.06 |
| Shower curtain liners | (1) | 9.95 |
| Package Water balloons | (10) | 49.95 |
| Toy guns | (4) | 26.24 |
| Small Stuffed Animals | (4) | 79.16 |
| Plastic bat | (1) | 8.76 |
| DVD Movies | | |
| Personal Fan | (1) | 10.97 |
| Office Supplies, Assorted | (1) | 55.13 |
| Koozie | (2) | 8.80 |



Kenneth Copeland Ministries

| PACKAGE WAter BAloons | (6) | 13.99 |
| Socks | (20) | 71.66 |
| ASsorted toys | (1) | 220.50 |
| Soft Cover Books | (10) | 225.00 |
| door Mats | (3) | 33.84 |
| out Door Heavy Duty Cord | (2) | 110.00 |
| out Door timer | (2) | 55.13 |
| Canister Set | (1) | 77.18 |
| Sprinkler | (1) | 21.99 |
| Fabric Wallet | (1) | 19.79 |

| ANITA MITCHELL | * | NUMBER 65,383 DIVISION "A" |
| VERSUS | * | 40th JUDICIAL DISTRICT COURT |
| | * | PARISH OF ST. JOHN THE BAPTIST |
| AMICA MUTUAL INSURANCE COMPANY | * | STATE OF LOUISIANA |

## REPLY MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Plaintiff, Anita Mitchell, admits in her opposition that Amica Mutual Insurance Company ("Amica") made a full and proper payment for the property damage claim. However, in a last ditch effort to revive her case, she now claims, *for the first time in this litigation and throughout the history of this claim*, that she is owed $70,349.98 for the contents of her home purportedly damaged during Hurricane Isaac. At the outset, Plaintiff attaches an unauthenticated purported contents list that has not been presented to Amica at any time and was not produced during discovery in the present litigation. This document is improper summary judgment evidence and must be stricken from the record.

Further, Mitchell's attempt to defeat summary judgment raising new issues and expanding the pleadings is without merit. Any contents claim is prescribed because suit regarding the contents claim was not filed within the two year prescriptive period.

At the very least, Plaintiff's claim for bad faith should be dismissed. Plaintiff now admits that she received full and proper reimbursement for her property damage claim. Additionally, Plaintiff has no proof that she produced the alleged contents list to Amica at any time or made a claim for contents.

Therefore, Amica respectfully requests that this Court grant the motion for summary judgment and dismiss the claim against Amica *with prejudice*.

12    Nov    12
Megan Cannenne

## I.   LAW AND ARGUMENT

By Plaintiff's admission in the opposition memorandum, her property damage claim, and bad faith claim attached to such claim, should be dismissed with prejudice at Plaintiff's cost. Plaintiff admits that she received a full and proper payment for her property damage claim. She raises no issues with regard to Amica's handling of the claim. Therefore, that portion of the claim should be resolved in Amica's favor.

Now, through opposition memorandum, Plaintiff attempts to expand the pleadings to include a claim for personal property, i.e., contents. The contents claim is without merit and is prescribed. Therefore, the entirety of Plaintiff's claims must be dismissed with prejudice at Plaintiff's cost.

### A.   Motion to Strike Plaintiff's Exhibit

Amica moves to strike the unsworn and unauthenticated exhibit attached to Plaintiff's opposition memorandum. La. C.C.P. arts. 966 and 967 do not permit a party to use unsworn and unverified documents as summary judgment evidence. *Boland v. West Feliciana Parish Police Jury,* 2003-1297 (La. App. 1 Cir. 6/25/04), 878 So. 2d 808. "[U]nsworn or unverified documents, such as letters or reports, annexed to motions for summary judgment are not self-proving and will not be considered; attaching such documents to a motion for summary judgment does not transform such documents into competent summary judgment evidence." *Sheffie v. Wal-Mart Louisiana, LLC,* 11-1038 (La. App. 5 Cir. 5/31/12), 92 So. 3d 625, 629 (La. Ct. App. 2012), reh'g denied (July 19, 2012).

The exhibit attached to Plaintiff's opposition memorandum is unsworn and unverified. Thus, it is not proper summary judgment evidence; cannot be considered by this Court; and must be stricken from the record.

### B.   Summary judgment must be granted, Plaintiff fails to meet her burden of proving the existence of a genuine issue of material fact.

Plaintiff admits that her property damage claim is without merit. Thus, the sole issue before this Court is resolved.

- 2 -

Amica presented undisputed evidence that the entirety of the claim made by Plaintiff was satisfied by Amica. When a motion for summary judgment is made and supported by proper summary judgment evidence, "an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided [sic], must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him." La. C.C.P. art. 967.

Here, Plaintiff makes conclusory allegations of a claim for personal property damage that is not supported by proper summary judgment evidence, nor by any pleadings or discovery presented in this case. Plaintiff's attempt to avoid summary judgment by raising a new claim for the first time in the history of this litigation should be ignored by this Court.

Amica expressly objects to Plaintiff's attempt to expand the pleadings through an opposition memorandum.

**C.    Plaintiff's claim for personal property damage is prescribed.**

Amica Policy Form HO 00 03 10 00; Section I - CONDITIONS; G. Suit Against Us provides "[n]o action can be brought against us unless there has been full compliance with all terms under Section I of this policy and the action is started within two years after the date of loss."[1] This provision is proper under La. R.S. 22:868. Thus, any claim against Amica prescribes if not brought within two years of the date of loss.

In the instant case, Plaintiff filed a claim solely for the damage to her residence. In the Petition for Damages, Plaintiff outlines a property damage claim for damage to her "Residence." Specifically, in Paragraph 10, Plaintiff alleges "physical and structural damage sustained to the Residence."[2] Nowhere in the Petition does Plaintiff make a claim of damage

---

[1] See, Amica Policy Form HO 00 03 10 00, a certified copy of which is attached hereto as Exhibit 1.

[2] See, Petition for Damages, attached hereto as Exhibit 2.

- 3 -

to the contents of her home.

Moreover, no indication is made that Plaintiff ever reported the over $70,000 in contents damage to Amica. Indeed, Plaintiff did not outline a contents claim in her responses to discovery and the contents list was not produced. When asked to outline all property damage, Plaintiff only detailed the damage to the building and made no mention of a contents claim.[3] Also pertinent, Plaintiff admitted in discovery responses that she was not claiming a sum to exceed $50,000.[4]

The date of subject loss was August 28, 2012. Plaintiff filed suit for damage to her home on August 28, 2013, but did not include a claim for contents. The contents claim prescribed on August 28, 2014. Therefore, any claim for payment for personal property must be dismissed.

## D.    Plaintiff's bad faith claim should be dismissed.

At the very least, any purported bad faith claim Plaintiff now attempts to make with regard to contents should be dismissed. Plaintiff admits that she was paid in full for her property damage claim. Thus, Amica could not have acted in bad faith by making a full and proper payment.

Further, Plaintiff provides no proof that she submitted her personal property claim to Amica at any time before the opposition memorandum was filed in this litigation. Thus, Plaintiff cannot argue that Amica improperly handled a claim that she never made.

## E.    Plaintiff should be prohibited from arguing.

Louisiana District Court Rule 9.9(c) provides that a party filing an opposition must furnish the memorandum so that it is received by the opposing party at least eight calendar days before the hearing or forfeit the right to oral argument. In the instant case, the original

---

[3] See, Plaintiff's Answers to Interrogatories and Requests for Production of Documents, attached hereto as Exhibit 3.

[4] *Id.* at Answer to Request for Admission No. 2.

hearing was set for November 7, 2014. Plaintiff's opposition memorandum was due on October 30, 3014. Plaintiff did not file her opposition until November 6, 2014.

Plaintiff attempts to capitalize on the fact that the hearing was rescheduled. However, the hearing was not rescheduled until *after* Plaintiff's opposition deadline was passed. Plaintiff should not be afforded the opportunity to revive the opposition deadline because the hearing was rescheduled.

Therefore, Amica respectfully requests that Plaintiff be prohibited from arguing at the hearing on this matter.

## III.    CONCLUSION

Amica's motion for summary judgment is based upon undisputed facts. The entirety of the claim filed by the Plaintiff has been resolved. As such, summary judgment should be granted and Plaintiff's cause of action dismissed *with prejudice*.

RESPECTFULLY SUBMITTED,

BY: _____

JOHN P. WOLFF, III, Bar #14504
VIRGINIA J. McLIN, Bar #31257
**KEOGH, COX & WILSON, LTD.**
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Telecopier: (225) 343-9612
Email: Jwolff@kcwlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this ___12th___ day of ___November___, 2014.

_____
JOHN P. WOLFF, III

- 5 -

## Amica

**Policy No.** 630117-20BG

ᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗᵗ **Effective:** JANUARY 6, 2012
ANITA MITCHELL
1 SAINT LOUPE DR
LA PLACE LA  70068-6492

### IMPORTANT CHANGES TO YOUR HOMEOWNERS RENEWAL POLICY

Our records indicate the value of your home needs to be adjusted.  We are increasing your dwelling coverage to $203,000 in line with our estimate.

Many factors went into estimating your new dwelling value.  One of these factors is reconstruction costs.  Reconstruction costs have risen steadily since our last survey of your home.  We consider various other factors during our valuation process that impact the the dwelling amount.  If you have questions or comments, we welcome your input.  You may contact your local Amica office to discuss this further or to request changes to the dwelling coverage limit at any time during the policy period.

It is important to remember that you are ultimately responsible for determining the proper value of your dwelling.  In the event you fail to maintain sufficient coverage, your insurance policy may not provide adequate limits to replace your home in the event of a total loss.  Dwelling coverage is limited to 130% of the Coverage A limit.  Your local branch office would welcome discussing your dwelling's value and can employ estimating tools to help with your decision.

Also, please remember to inform us within 30 days of any dwelling alterations which increase the replacement cost of your dwelling by 5% or more.



that applies under this policy bears to the total amount of insurance covering the loss; or

2. A service agreement, this insurance is excess over any amounts payable under any such agreement. Service agreement means a service plan, property restoration plan, home warranty or other similar service warranty agreement, even if it is characterized as insurance.

### G. Suit Against Us

No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of loss.

### H. Our Option

If we give you written notice within 30 days after we receive your signed, sworn proof of loss, we may repair or replace any part of the damaged property with material or property of like kind and quality.

### I. Loss Payment

We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:

1. Reach an agreement with you;

2. There is an entry of a final judgment; or

3. There is a filing of an appraisal award with us.

### J. Abandonment Of Property

We need not accept any property abandoned by an **Insured.**

### K. Mortgage Clause

1. If a mortgagee is named in this policy, any loss payable under Coverage **A** or **B** will be paid to the mortgagee and you, as interest appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

2. If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:

    a. Notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

    b. Pays any premium due under this policy on demand if you have neglected to pay the premium; and

    c. Submits a signed, sworn statement of loss within 60 days after receiving notice from

us of your failure to do so. Paragraphs **E.** Appraisal, **G.** Suit Against Us and **I.** Loss Payment under Section I - Conditions also apply to the mortgagee.

3. If we decide to cancel or not to renew this policy, the mortgagee will be notified at least 10 days before the date cancellation or nonrenewal takes effect.

4. If we pay the mortgagee for any loss and deny payment to you:

    a. We are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

    b. At our option, we may pay to the mortgagee the whole principal on the mortgage plus any accrued interest. In this event, we will receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

5. Subrogation will not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

### L. No Benefit To Bailee

We will not recognize any assignment or grant any coverage that benefits a person or organization holding, storing or moving property for a fee regardless of any other provision of this policy.

### M. Nuclear Hazard Clause

1. "Nuclear Hazard" means any nuclear reaction, radiation, or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these.

2. Loss caused by the nuclear hazard will not be considered loss caused by fire, explosion, or smoke, whether these perils are specifically named in or otherwise included within the Perils Insured Against.

3. This policy does not apply under Section I to loss caused directly or indirectly by nuclear hazard, except that direct loss by fire resulting from the nuclear hazard is covered.

### N. Recovered Property

If you or we recover any property for which we have made payment under this policy, you or we will notify the other of the recovery. At your option, the property will be returned to or retained by you or it will become our property. If the recovered property is returned to or retained by you, the loss payment will be adjusted based on the amount you received for the recovered property.

**HO 00 03 10 00**        Copyright, Insurance Services Office, Inc., 1999        **Page 15 of 22**

40th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. JOHN THE BAPTIST

STATE OF LOUISIANA

NO. 65383

DIVISION " A"

ANITA MITCHELL

VERSUS

AMICA MUTUAL INSURANCE COMPANY

Hanna DeFrancesch – Clerk of Court
Rec'd: Aug 08, 2013  12:12 PM

125201560

DEPUTY CLERK

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioner, Anita Mitchell, a person of the full age of majority and domiciled in the Parish of St. John the Baptist, State of Louisiana, who respectfully represents that:

1.

Made Defendant herein is:

Amica Mutual Insurance Company ("Amica"), a foreign insurance company authorized to do and doing business in the Parish of St. John the Baptist, State of Louisiana.

2.

Venue is proper in this Court because the subject property is located in the Parish of St. John the Baptist and the loss occurred in the Parish of St. John the Baptist.

3.

Defendant is justly and truly indebted to Petitioner herein for damages reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, and for costs in these proceedings, for the following, to-wit:

4.

Petitioner owns residential property located at 1 Saint Loupe Street, LaPlace, Louisiana 70068 ("the Residence").

5.

On August 28, 2012, Petitioner had in place a contract with Amica to provide a homeowner's insurance policy, number 630117-20BG ("the Policy"), for the Residence, which at all times pertinent hereto provided coverage for the matters, risks and things involved herein.



EXHIBIT
2

6.

In the days preceding August 28, 2012, weather forecasters and government officials predicted that Hurricane Isaac, then in the Gulf of Mexico, would severely impact southeastern Louisiana.

7.

On the morning of August 28, 2012, Hurricane Isaac approached the Gulf Coast. The storm first made landfall in southeast Louisiana near the mouth of the Mississippi River at approximately 6:00 p.m. before shifting slightly west for a second landfall on August 29, 2012 near Port Fourchon, Louisiana, at approximately 2:00 a.m. Hurricane Isaac was accompanied by extremely destructive winds which were documented to be most intense along the eastern sides of the storm. The event caused widespread devastation and damage, including damage to the Residence.

8.

During Hurricane Isaac, the Residence sustained substantial wind and rain damage, rendering the Residence uninhabitable and necessitating extensive repairs.

9.

The Policy issued by Amica provided coverage for loss or damage caused by the peril of wind. Additionally, based upon information and belief, the Policy contained a hurricane and/or windstorm endorsement that created coverage for all of the damage sustained at the Residence.

10.

In compliance with the Policy, Petitioner promptly reported the resulting physical and structural damage sustained to the Residence to Amica.

11.

Following Hurricane Isaac, representatives of Amica either viewed the wind damage to the Residence or were directly advised of the nature and scope of damage by Petitioner.

12.

Despite having been provided with sufficient proof of loss, the Defendant insurance company has acted in bad faith by refusing to tender sufficient payment in accordance with the terms of the Policy. Coverage under the Policy remains available and is due to Petitioner herein.

2

13.

Petitioner is entitled to a judgment declaring that the language of the Policy provides coverage for all damage resulting from a hurricane.

14.

The actions of Amica in failing to fully and fairly adjust Petitioner's claims are arbitrary, capricious, and without probable cause, making Amica liable for penalties provided under La. R.S. 22:1892 and 22:1973.

15.

Defendant, Amica, is liable unto Petitioner under the following legal theories:

a)   Breach of contract;

b)   Bad faith claims adjusting;

c)   Negligent claims adjusting;

d)   Intentional infliction of emotional distress; and

e)   Any and all other legal theories which may be found through discovery and proven at the trial of this matter.

16.

Defendant, Amica, has committed other acts of negligence, breach of contract, and breach of its duty of good faith and fair dealing, all of which will be shown and proven at the trial of this matter.

17.

As a result of the actions of Amica, Petitioner has suffered, or will suffer, the following non-exclusive damages:

a)   Loss of use of property;

b)   Loss of enjoyment of property;

c)   Diminution in value of property;

d)   Repair and remediation expenses;

e)   Attorney's fees;

f)   Costs of this litigation; and

g)   Any and all other damages which will be shown and proven at the trial of this matter.

3

18.

Petitioner reserves the right to supplement and amend this Petition For Damages.

**WHEREFORE,** Petitioner, Anita Mitchell, prays that Defendant, Amica, be served with a copy of this Petition for Damages and duly cited to appear and answer same, and that after expiration of all legal delays and due proceedings, there be judgment rendered in favor of Petitioner and against Defendant in an amount that will fully compensate Petitioner for the damages pursuant to the evidence and in accordance with the law; all sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

Respectfully Submitted,

**EARL G. PERRY, JR., BAR NO. 10523**
**Gauthier, Houghtaling & Williams, LLP**
3500 North Hullen Street
Metairie, Louisiana 70002
Telephone: (504) 456-8600
Facsimile: (504) 456-8624
E-mail: earl@ghwlegal.com
**COUNSEL FOR PETITIONER**

**PLEASE SERVE:**

AMICA MUTUAL INSURANCE COMPANY
*Through its Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

4

**40th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. JOHN THE BAPTIST**

**STATE OF LOUISIANA**

**NO. 65,383**                                                                 **DIVISION "A"**

**ANITA MITCHELL**

**VERSUS**

**AMICA MUTUAL INSURANCE COMPANY**

**FILED:** _____          _____

                                                             **DEPUTY CLERK**

**PLAINTIFF'S ANSWERS TO INTERROGATORIES,
RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS
AND RESPONSES TO REQUESTS FOR ADMISSION
PROPOUNDED BY DEFENDANT, AMICA MUTUAL INSURANCE COMPANY**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Anita Mitchell,

who responds to the Interrogatories, Requests for Production of Documents and Requests for

Admission propounded to her by Defendant, Amica Mutual Insurance Company, as follows:

**INTERROGATORY NO. 1**

Please state the name, address, telephone number, date of birth, driver's license number

and Social Security number of each party responding to these interrogatories.

**ANSWER TO INTERROGATORY NO. 1**

1) Anita Mitchell
   1 St. Loupe Drive
   LaPlace, Louisiana 70068
   Telephone: (504) 231-5069
   Date of Birth: September 6, 1955
   Driver's License No.: 001230124 (Louisiana)
   SSN: xxx-xx-0339

2) Earl G. Perry, Jr., Esq.
   Gauthier, Houghtaling & Williams, LLP
   3500 North Hullen Street
   Metairie, Louisiana 70002
   Telephone:(504) 456-8600
   Counsel for Plaintiff

**INTERROGATORY NO. 2**

Please state the full name and last known address, giving the street, street number, city

and state or information for the location of every person known to, or reasonably believed by

you, who has or purports to have knowledge or information of any facts pertaining to the subject

claim on the insured property.

1



**ANSWER TO INTERROGATORY NO. 2**

Please see Answer to Interrogatory No. 1.  In addition, Plaintiff states that the following

may have knowledge or information concerning the claims asserted in this litigation:

1) Dan Onofrey and/or
   representatives of Michaelson and Messinger
   Insurance Specialists, LLC ("M&M")
   15 Spinning Wheel Road, Suite 34
   Hinsdale, Illinois  60521
   Telephone:  (630) 654-2600

2) Ray Vince and/or
   representatives of Rester Claim Service
   8880 Old Hammond Highway
   Baton Rouge, Louisiana 70809
   Telephone:  (225) 218-0600

3) G. Anthony Labrie, Jr.
   Kevin Kiser and/or
   representatives of Amica Insurance Company
   7460 Warren Parkway, Suite 150
   Frisco, Texas  75070

4) Representatives of Bank of America, NA,
   its successors and/or assigns
   P.O. Box 961291
   Fort Worth, TX  76161

**INTERROGATORY NO. 3**

Please identify, in accordance with the definitions set forth hereinabove, each and every

expert witness whom you will or may call to testify at the trial of this matter or with whom you

have consulted.

**ANSWER TO INTERROGATORY NO. 3**

Plaintiff objects to this Interrogatory as premature.  Plaintiff will provide this information

in accordance with the Court's Scheduling Order.  Subject to said objections and without

waiving same, Plaintiff may call the following expert witness to testify at the trial of this matter:

1) Dan Onofrey and/or
   a representative of Michaelson and Messinger Insurance Specialists, LLC
   15 Spinning Wheel Road, Suite 34
   Hinsdale, Illinois  60521
   Telephone:  (630) 654-2600

   Representative(s) of Michaelson and Messinger assisted Plaintiff in connection with
   her claim(s) by estimating the damages.  Mr. Onofrey and/or a representative of
   Michaelson and Messinger may be called to testify regarding the findings of their
   inspection, the claims asserted, and damages sustained as a result of Hurricane Isaac
   which are the subject matter of this lawsuit.

2

**INTERROGATORY NO. 4**

Please describe in detail all property damages that were believe were sustained at the insured property as a result of Hurricane Isaac.

**ANSWER TO INTERROGATORY NO. 4**

Plaintiff's insured property sustained damages including, but not limited to, the following:

Exterior – roof, drip edge/fascia, soffits, flashing, attic and roof vents, chimney, satellite system and fencing.

Interior, including a bedroom and its closet – ceiling fan, smoke detectors, A/C register, insulation, drywall, closet shelving, and light fixtures.

Plaintiff's property also sustained damages which necessitated general clean-up and debris removal.

**REQUEST FOR PRODUCTION NO. 1**

Please produce all documents that support the claimed damages described in Interrogatory No. 4, such documents to include but not be limited to: photographs, estimates, repair estimates, bills or invoices, etc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Please see all documents currently in Plaintiff's possession which are responsive to this request, attached hereto as MITCHELL 0000021 – 0000027.

**INTERROGATORY NO. 5**

Did the subject property sustain any flooding as a result of Hurricane Isaac? If yes, please describe the extent of the flood water at the subject property and the location in the subject property that sustained flooding.

**ANSWER TO INTERROGATORY NO. 5**

The property did sustain flooding as a result of Hurricane Isaac. Plaintiff does not currently recall the exact measure of floodwater the property sustained.

**INTERROGATORY NO. 6**

Was a policy of flood insurance that afforded coverage to the subject property in effect at the time of the subject loss? If so, please state the name and address of the insurer, the policy number, and coverage limits. Please also state whether you submitted a claim to your flood

3

insurer for damages as a result of the subject loss, and the amount paid by the flood insurer on the submitted claim.

### ANSWER TO INTERROGATORY NO. 6

Plaintiff's property was covered by a policy of flood insurance which was issued by Fidelity National Flood Insurance (Policy No. 17115028388902) at the time of Hurricane Isaac. Plaintiff's flood policy provided the following coverages:  1) Building - $205,700; and 2) - $100,000.

Plaintiff reported a claim concerning flood-related damage to the property as a result of Hurricane Isaac to her flood insurer (Claim No. 12 0003535).  Plaintiff has been paid to date approximately $5,892.26 in connection with her flood claim.

### REQUEST FOR PRODUCTION NO. 2

Please produce a copy of all documents pertinent to your answer to Interrogatory Nos. 5 and 6, to include but not be limited to: a copy of the flood insurance policy, a copy of all documents reflecting communications between you and the flood insurer, all documentation related to payments made by the flood insurer, all photographs, estimates and other documents relating to the described flood damages.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2

Please see all documents currently in Plaintiff's possession which are responsive to this request, attached hereto as MITCHELL 0000047 – 0000095.

### INTERROGATORY NO. 7

Please describe all of the repair work you or someone on your behalf performed at the subject property as a result of the damages sustained from Hurricane Isaac.

### ANSWER TO INTERROGATORY NO. 7

Plaintiff has had numerous repairs performed to the property as a result of Hurricane Isaac, including but not limited to the following:  gutted the property, replacement of the roof, sheetrock repairs, replacement of flooring and baseboards, painting, etc.

### INTERROGATORY NO. 8

Please identify, as defined above, all persons, entities, contractors, repairmen, or other persons who you contacted to perform any of the repairs described in Interrogatory No. 7.

4

**ANSWER TO INTERROGATORY NO. 8**

Plaintiff hired a General Contractor by the name of Kevin Wilson to perform the majority of the repairs referenced in Answer to Interrogatory No. 7.

**REQUEST FOR PRODUCTION NO. 3**

Please produce any and all documents that relate to the repairs undertaken to the subject property as a result of the subject claim. Please include all estimates, invoices, repair bills, cancelled checks, credit card receipts, or other documents reflecting the repair work performed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Plaintiff is unsure as to whether she remains in possession of documents responsive to this request. Plaintiff is attempting to locate any documents which may still be in her possession which are responsive to this Request and will supplement immediately should such information become available.

**INTERROGATORY NO. 9**

Are you claiming additional living expenses as a result of the damage alleged in this suit? If so, please outline your usual monthly costs and expenses and describe the additional living expenses that were incurred as a result of the subject loss.

**ANSWER TO INTERROGATORY NO. 9**

With respect to the "Coverage D - Loss of Use" provision contained in the policy at issue, Plaintiff asserts that she was forced out of herr home for a period of time as a result of Hurricane Isaac damages. Plaintiff, Anita Mitchell, evacuated her home when the floodwater began rising and remained at a shelter in Lafayette, Louisiana for a period of two weeks, where she incurred costs related to food and clothing.

Following her departure from the shelter, Plaintiff was forced to temporarily reside at her son's home located at 143 Chad D. Baker Street in Reserve, Louisiana for a period of approximately one month while her property was being cleaned, gutted and repaired. Plaintiff contributed monetarily on an as-needed basis to the aforementioned household during this time. Further, Plaintiff commuted back and forth between Reserve and LaPlace, Louisiana three to four times per week during this time. Accordingly, Plaintiff incurred expenses related to gasoline and mileage, in addition to dining expenses totaling approximately $100 per week during the month she was unable to prepare meals in her home.

5

### REQUEST FOR PRODUCTION NO. 4

Please produce any and all documents related to the additional living expenses you are claiming were incurred as a result of the damages to the insured property from Hurricane Isaac.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 4

Plaintiff is unsure as to whether she remains in possession of documents responsive to this request. Plaintiff is attempting to locate any documents which may still be in her possession which are responsive to this Request and will supplement immediately should such information become available.

### INTERROGATORY NO. 10

In paragraph 12 of the Petition, you claim that Amica "refuse[d] to tender sufficient payment in accordance with the terms of the policy." In this regard, please describe in detail all property damages or other loss for which you allege Amica did not tender sufficient payment.

### ANSWER TO INTERROGATORY NO. 10

Plaintiff contends that the Defendant insurer failed to fairly adjust and tender to plaintiff an amount sufficient to cover her losses within the time allowed by law.

### REQUEST FOR PRODUCTION NO. 5

Please produce any and all documents that supports or relates to your answer to Interrogatory No. 10.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 5

Any and all documents currently in Plaintiff's possession which are responsive to this request are attached hereto (MITCHELL 0000001 – 0000095). Plaintiff will supplement this response at a later date should additional documentation become available to her.

### INTERROGATORY NO. 11

With respect to your claim to entitlement to penalties or attorney's fees as set forth in paragraph 14 of your Petition, please respond to the following: (a) outline, in detail, each and every act or omission on the part of Amica or its representatives that gave rise to the claim; and (b) describe any damage which you claim you sustained as a result of such alleged actions by Amica.

6

### ANSWER TO INTERROGATORY NO. 11

Plaintiff feels that Amica's assessment of her losses do not fully cover all of her damages and therefore contends that she is entitled to a full recovery of the attorney's fees and costs incurred as a result of this litigation, in accordance with the contract into which Plaintiff entered.

### INTERROGATORY NO. 12

To the extent you are claiming Intentional Infliction of Emotional Distress in connection with Amica's handling of your claims, please describe in detail the specific conduct by Amica or its representatives that gave rise to this claim.

### ANSWER TO INTERROGATORY NO. 12

Plaintiff has not asserted any such claim.

### REQUEST FOR PRODUCTION NO. 6

Please provide all documents that support your claim for intentional infliction of emotional distress, including but not limited to all invoices, receipts, and documentation of treatment with medical or other professionals resulting from the claimed actions.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 6

None.

### REQUEST FOR PRODUCTION NO. 7

Please produce copies of any and all documents that you sent to Amica, or that you received from Amica, to include all letters, enclosures, emails, attachments, estimates provided, notes, etc.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 7

Please see all documents currently in Plaintiff's possession which are responsive to this request, attached hereto as MITCHELL 0000001 – 0000046.

### INTERROGATORY NO. 13

Please identify all prior damage claims you submitted to a property insurer on the subject property for the time period of January 1, 2005 through the present date. For each such submitted claim please state the following: 1) the date the claimed damage was sustained; 2) a description of the damages sustained at the time; 3) the identity of the insurer to whom the claim was submitted; 4) the amount, if any, received in payment from the insurer for the claimed

7

damage; and 5) the repair, remediation or remodeling work that was performed to remedy the claimed damage.

**ANSWER TO INTERROGATORY NO.13**

Plaintiff's property sustained damages in 2005 as a result of Hurricane Katrina. Plaintiff reported these damages to her homeowner's insurer.

**REQUEST FOR PRODUCTION NO. 8**

Please produce a copy of any and all documents that relate to your answer to interrogatory no. 13.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Plaintiff is attempting to locate any documents still be in her possession which are responsive to this request and will supplement this Response immediately should such information become available.

**REQUEST FOR PRODUCTION NO. 9**

To the extent not otherwise produced, please produce each and every photograph, document, exhibit or other item of tangible evidence which you will or may attempt to introduce at trial on the merits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Plaintiff objects to this Request as premature. Plaintiff will provide this information in accordance with the Court's Scheduling Order.

**Plaintiff specifically reserves the right to supplement and/or amend the foregoing Answers and Responses at a later date prior to trial.**

<b>RESPONSES TO REQUESTS FOR ADMISSION</b>

**REQUEST NO. 1**

Admit that you have previously received the sum of $26,488.35 from defendant in payment of the subject claim.

**RESPONSE TO REQUEST NO. 1**

Plaintiff does not currently recall the exact amount received from Defendant in connection with this claim and is not in a position to either admit to or deny this Request. All information currently in Plaintiff's possession indicate that she received a total of approximately

8

$9,906 in connection with the subject claim. However, Plaintiff is attempting to locate any and all information which may still be in her possession regarding Hurricane Isaac and will supplement this response immediately should further information become available.

## REQUEST NO. 2

Admit that you are not claiming damages exclusive of the amount previously paid by defendant on the subject claim that exceeds the sum of $50,000 in connection with this suit.

## RESPONSE TO REQUEST NO. 2

Admitted.

## REQUEST NO. 3

Admit that you are not claiming damages exclusive of the amount previously paid by defendant on the subject claim that exceeds the sum of $75,000 in connection with this suit.

## RESPONSE TO REQUEST NO. 3

Admitted.

**Plaintiff specifically reserves the right to supplement and/or amend the foregoing Answers and Responses at a later date prior to trial.**

Respectfully Submitted:

**EARL G. PERRY, JR., BAR NO. 10523**
**Gauthier, Houghtaling & Williams, LLP**
3500 North Hullen Street
Metairie, Louisiana 70002
Telephone: (504) 456-8600
Facsimile: (504) 456-8624
E-mail: earl@ghwlegal.com
**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served this day upon all known counsel of record by way of electronic transmission and/or facsimile and/or by placing a copy in the United States Mail, postage prepaid and properly addressed, this 7th day of July, 2014.

**EARL G. PERRY, JR**

9

40th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. JOHN THE BAPTIST

STATE OF LOUISIANA

NO. 65,383                                                    DIVISION "A"

ANITA MITCHELL

VERSUS

AMICA MUTUAL INSURANCE COMPANY

FILED: _____      _____
                                                                 DEPUTY CLERK

### PLAINTIFF'S ANSWERS TO INTERROGATORIES, RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND RESPONSES TO REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANT, AMICA MUTUAL INSURANCE COMPANY

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Anita Mitchell, who responds to the Interrogatories, Requests for Production of Documents and Requests for Admission propounded to her by Defendant, Amica Mutual Insurance Company, as follows:

**INTERROGATORY NO. 1**

Please state the name, address, telephone number, date of birth, driver's license number and Social Security number of each party responding to these interrogatories.

**ANSWER TO INTERROGATORY NO. 1**

1) Anita Mitchell
   1 St. Loupe Drive
   LaPlace, Louisiana 70068
   Telephone: (504) 231-5069
   Date of Birth: September 6, 1955
   Driver's License No.: 001230124 (Louisiana)
   SSN: xxx-xx-0339

2) Earl G. Perry, Jr., Esq.
   Gauthier, Houghtaling & Williams, LLP
   3500 North Hullen Street
   Metairie, Louisiana 70002
   Telephone:(504) 456-8600
   Counsel for Plaintiff

**INTERROGATORY NO. 2**

Please state the full name and last known address, giving the street, street number, city and state or information for the location of every person known to, or reasonably believed by you, who has or purports to have knowledge or information of any facts pertaining to the subject claim on the insured property.

1


EXHIBIT
B

**ANSWER TO INTERROGATORY NO. 2**

Please see Answer to Interrogatory No. 1. In addition, Plaintiff states that the following

may have knowledge or information concerning the claims asserted in this litigation:

1) Dan Onofrey and/or
representatives of Michaelson and Messinger
Insurance Specialists, LLC ("M&M")
15 Spinning Wheel Road, Suite 34
Hinsdale, Illinois 60521
Telephone: (630) 654-2600

2) Ray Vince and/or
representatives of Rester Claim Service
8880 Old Hammond Highway
Baton Rouge, Louisiana 70809
Telephone: (225) 218-0600

3) G. Anthony Labrie, Jr.
Kevin Kiser and/or
representatives of Amica Insurance Company
7460 Warren Parkway, Suite 150
Frisco, Texas 75070

4) Representatives of Bank of America, NA,
its successors and/or assigns
P.O. Box 961291
Fort Worth, TX 76161

**INTERROGATORY NO. 3**

Please identify, in accordance with the definitions set forth hereinabove, each and every

expert witness whom you will or may call to testify at the trial of this matter or with whom you

have consulted.

**ANSWER TO INTERROGATORY NO. 3**

Plaintiff objects to this Interrogatory as premature. Plaintiff will provide this information

in accordance with the Court's Scheduling Order. Subject to said objections and without

waiving same, Plaintiff may call the following expert witness to testify at the trial of this matter:

1) Dan Onofrey and/or
a representative of Michaelson and Messinger Insurance Specialists, LLC
15 Spinning Wheel Road, Suite 34
Hinsdale, Illinois 60521
Telephone: (630) 654-2600

Representative(s) of Michaelson and Messinger assisted Plaintiff in connection with
her claim(s) by estimating the damages. Mr. Onofrey and/or a representative of
Michaelson and Messinger may be called to testify regarding the findings of their
inspection, the claims asserted, and damages sustained as a result of Hurricane Isaac
which are the subject matter of this lawsuit.

2

**INTERROGATORY NO. 4**

Please describe in detail all property damages that were believe were sustained at the insured property as a result of Hurricane Isaac.

**ANSWER TO INTERROGATORY NO. 4**

Plaintiff's insured property sustained damages including, but not limited to, the following:

Exterior – roof, drip edge/fascia, soffits, flashing, attic and roof vents, chimney, satellite system and fencing.

Interior, including a bedroom and its closet – ceiling fan, smoke detectors, A/C register, insulation, drywall, closet shelving, and light fixtures.

Plaintiff's property also sustained damages which necessitated general clean-up and debris removal.

**REQUEST FOR PRODUCTION NO. 1**

Please produce all documents that support the claimed damages described in Interrogatory No. 4, such documents to include but not be limited to: photographs, estimates, repair estimates, bills or invoices, etc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Please see all documents currently in Plaintiff's possession which are responsive to this request, attached hereto as MITCHELL 0000021 – 0000027.

**INTERROGATORY NO. 5**

Did the subject property sustain any flooding as a result of Hurricane Isaac? If yes, please describe the extent of the flood water at the subject property and the location in the subject property that sustained flooding.

**ANSWER TO INTERROGATORY NO. 5**

The property did sustain flooding as a result of Hurricane Isaac. Plaintiff does not currently recall the exact measure of floodwater the property sustained.

**INTERROGATORY NO. 6**

Was a policy of flood insurance that afforded coverage to the subject property in effect at the time of the subject loss? If so, please state the name and address of the insurer, the policy number, and coverage limits. Please also state whether you submitted a claim to your flood

3

insurer for damages as a result of the subject loss, and the amount paid by the flood insurer on the submitted claim.

**ANSWER TO INTERROGATORY NO. 6**

Plaintiff's property was covered by a policy of flood insurance which was issued by Fidelity National Flood Insurance (Policy No. 17115028388902) at the time of Hurricane Isaac. Plaintiff's flood policy provided the following coverages: 1) Building - $205,700; and 2) - $100,000.

Plaintiff reported a claim concerning flood-related damage to the property as a result of Hurricane Isaac to her flood insurer (Claim No. 12 0003535). Plaintiff has been paid to date approximately $5,892.26 in connection with her flood claim.

**REQUEST FOR PRODUCTION NO. 2**

Please produce a copy of all documents pertinent to your answer to Interrogatory Nos. 5 and 6, to include but not be limited to: a copy of the flood insurance policy, a copy of all documents reflecting communications between you and the flood insurer, all documentation related to payments made by the flood insurer, all photographs, estimates and other documents relating to the described flood damages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Please see all documents currently in Plaintiff's possession which are responsive to this request, attached hereto as MITCHELL 0000047 – 0000095.

**INTERROGATORY NO. 7**

Please describe all of the repair work you or someone on your behalf performed at the subject property as a result of the damages sustained from Hurricane Isaac.

**ANSWER TO INTERROGATORY NO. 7**

Plaintiff has had numerous repairs performed to the property as a result of Hurricane Isaac, including but not limited to the following: gutted the property, replacement of the roof, sheetrock repairs, replacement of flooring and baseboards, painting, etc.

**INTERROGATORY NO. 8**

Please identify, as defined above, all persons, entities, contractors, repairmen, or other persons who you contacted to perform any of the repairs described in Interrogatory No. 7.

**ANSWER TO INTERROGATORY NO. 8**

Plaintiff hired a General Contractor by the name of Kevin Wilson to perform the majority of the repairs referenced in Answer to Interrogatory No. 7.

**REQUEST FOR PRODUCTION NO. 3**

Please produce any and all documents that relate to the repairs undertaken to the subject property as a result of the subject claim. Please include all estimates, invoices, repair bills, cancelled checks, credit card receipts, or other documents reflecting the repair work performed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Plaintiff is unsure as to whether she remains in possession of documents responsive to this request. Plaintiff is attempting to locate any documents which may still be in her possession which are responsive to this Request and will supplement immediately should such information become available.

**INTERROGATORY NO. 9**

Are you claiming additional living expenses as a result of the damage alleged in this suit? If so, please outline your usual monthly costs and expenses and describe the additional living expenses that were incurred as a result of the subject loss.

**ANSWER TO INTERROGATORY NO. 9**

With respect to the "Coverage D - Loss of Use" provision contained in the policy at issue, Plaintiff asserts that she was forced out of herr home for a period of time as a result of Hurricane Isaac damages. Plaintiff, Anita Mitchell, evacuated her home when the floodwater began rising and remained at a shelter in Lafayette, Louisiana for a period of two weeks, where she incurred costs related to food and clothing.

Following her departure from the shelter, Plaintiff was forced to temporarily reside at her son's home located at 143 Chad D. Baker Street in Reserve, Louisiana for a period of approximately one month while her property was being cleaned, gutted and repaired. Plaintiff contributed monetarily on an as-needed basis to the aforementioned household during this time. Further, Plaintiff commuted back and forth between Reserve and LaPlace, Louisiana three to four times per week during this time. Accordingly, Plaintiff incurred expenses related to gasoline and mileage, in addition to dining expenses totaling approximately $100 per week during the month she was unable to prepare meals in her home.

5

**REQUEST FOR PRODUCTION NO. 4**

Please produce any and all documents related to the additional living expenses you are claiming were incurred as a result of the damages to the insured property from Hurricane Isaac.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Plaintiff is unsure as to whether she remains in possession of documents responsive to this request. Plaintiff is attempting to locate any documents which may still be in her possession which are responsive to this Request and will supplement immediately should such information become available.

**INTERROGATORY NO. 10**

In paragraph 12 of the Petition, you claim that Amica "refuse[d] to tender sufficient payment in accordance with the terms of the policy." In this regard, please describe in detail all property damages or other loss for which you allege Amica did not tender sufficient payment.

**ANSWER TO INTERROGATORY NO. 10**

Plaintiff contends that the Defendant insurer failed to fairly adjust and tender to plaintiff an amount sufficient to cover her losses within the time allowed by law.

**REQUEST FOR PRODUCTION NO. 5**

Please produce any and all documents that supports or relates to your answer to Interrogatory No. 10.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Any and all documents currently in Plaintiff's possession which are responsive to this request are attached hereto (MITCHELL 0000001 – 0000095). Plaintiff will supplement this response at a later date should additional documentation become available to her.

**INTERROGATORY NO. 11**

With respect to your claim to entitlement to penalties or attorney's fees as set forth in paragraph 14 of your Petition, please respond to the following: (a) outline, in detail, each and every act or omission on the part of Amica or its representatives that gave rise to the claim; and (b) describe any damage which you claim you sustained as a result of such alleged actions by Amica.

6

**ANSWER TO INTERROGATORY NO. 11**

Plaintiff feels that Amica's assessment of her losses do not fully cover all of her damages and therefore contends that she is entitled to a full recovery of the attorney's fees and costs incurred as a result of this litigation, in accordance with the contract into which Plaintiff entered.

**INTERROGATORY NO. 12**

To the extent you are claiming Intentional Infliction of Emotional Distress in connection with Amica's handling of your claims, please describe in detail the specific conduct by Amica or its representatives that gave rise to this claim.

**ANSWER TO INTERROGATORY NO. 12**

Plaintiff has not asserted any such claim.

**REQUEST FOR PRODUCTION NO. 6**

Please provide all documents that support your claim for intentional infliction of emotional distress, including but not limited to all invoices, receipts, and documentation of treatment with medical or other professionals resulting from the claimed actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

None.

**REQUEST FOR PRODUCTION NO. 7**

Please produce copies of any and all documents that you sent to Amica, or that you received from Amica, to include all letters, enclosures, emails, attachments, estimates provided, notes, etc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Please see all documents currently in Plaintiff's possession which are responsive to this request, attached hereto as MITCHELL 0000001 – 0000046.

**INTERROGATORY NO. 13**

Please identify all prior damage claims you submitted to a property insurer on the subject property for the time period of January 1, 2005 through the present date. For each such submitted claim please state the following: 1) the date the claimed damage was sustained; 2) a description of the damages sustained at the time; 3) the identity of the insurer to whom the claim was submitted; 4) the amount, if any, received in payment from the insurer for the claimed

damage; and 5) the repair, remediation or remodeling work that was performed to remedy the claimed damage.

## ANSWER TO INTERROGATORY NO.13

Plaintiff's property sustained damages in 2005 as a result of Hurricane Katrina. Plaintiff reported these damages to her homeowner's insurer.

## REQUEST FOR PRODUCTION NO. 8

Please produce a copy of any and all documents that relate to your answer to interrogatory no. 13.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8

Plaintiff is attempting to locate any documents still be in her possession which are responsive to this request and will supplement this Response immediately should such information become available.

## REQUEST FOR PRODUCTION NO. 9

To the extent not otherwise produced, please produce each and every photograph, document, exhibit or other item of tangible evidence which you will or may attempt to introduce at trial on the merits.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9

Plaintiff objects to this Request as premature. Plaintiff will provide this information in accordance with the Court's Scheduling Order.

**Plaintiff specifically reserves the right to supplement and/or amend the foregoing Answers and Responses at a later date prior to trial.**

## RESPONSES TO REQUESTS FOR ADMISSION

## REQUEST NO. 1

Admit that you have previously received the sum of $26,488.35 from defendant in payment of the subject claim.

## RESPONSE TO REQUEST NO. 1

Plaintiff does not currently recall the exact amount received from Defendant in connection with this claim and is not in a position to either admit to or deny this Request. All information currently in Plaintiff's possession indicate that she received a total of approximately

$9,906 in connection with the subject claim. However, Plaintiff is attempting to locate any and all information which may still be in her possession regarding Hurricane Isaac and will supplement this response immediately should further information become available.

**REQUEST NO. 2**

Admit that you are not claiming damages exclusive of the amount previously paid by defendant on the subject claim that exceeds the sum of $50,000 in connection with this suit.

**RESPONSE TO REQUEST NO. 2**

Admitted.

**REQUEST NO. 3**

Admit that you are not claiming damages exclusive of the amount previously paid by defendant on the subject claim that exceeds the sum of $75,000 in connection with this suit.

**RESPONSE TO REQUEST NO. 3**

Admitted.

**Plaintiff specifically reserves the right to supplement and/or amend the foregoing Answers and Responses at a later date prior to trial.**

Respectfully Submitted:

**EARL G. PERRY, JR., BAR NO. 10523**
**Gauthier, Houghtaling & Williams, LLP**
3500 North Hullen Street
Metairie, Louisiana 70002
Telephone: (504) 456-8600
Facsimile: (504) 456-8624
E-mail: earl@ghwlegal.com
**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served this day upon all known counsel of record by way of electronic transmission and/or facsimile and/or by placing a copy in the United States Mail, postage prepaid and properly addressed, this 7th day of July, 2014.

**EARL G. PERRY, JR**

9