UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANITA MITCHELL | CIVIL ACTION |
| VERSUS | CASE NO. 14-2766 |
| AMICA MUTUAL INSURANCE CO. | SECTION: "G" |

## ORDER

Before the Court is Plaintiff Anita Mitchell's ("Plaintiff") "Motion to Remand."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

### A.    *Factual Background*

Plaintiff filed this lawsuit against Defendant Amica Mutual Insurance Company ("Amica") on August 30, 2013 in the 40th Judicial District Court for the Parish of St. John the Baptist, Louisiana.[2] In her petition, Plaintiff alleges that her residence, which was covered by an insurance policy (the "Policy") issued by Amica, was rendered "uninhabitable and necessitating extensive repairs" by Hurricane Isaac.[3] Plaintiff claims that Amica has failed to "tender sufficient payment in accordance with the terms of the Policy."[4] She seeks damages for breach of contract, bad faith claims adjusting, negligent claims adjusting, and intentional infliction of emotional distress, as well as penalties for Amica's alleged bad faith pursuant to Louisiana Revised Statutes §§ 22:1892 and

---

[1] Rec. Doc. 5-1.

[2] *Id.*

[3] *Id.* at ¶ 8.

[4] *Id.* at ¶ 12.

1

22:1973.[5]

### B.  *Procedural Background*

As stated above, Plaintiff filed her petition in state court on August 30, 2013.[6] On September 3, 2014, Amica filed a motion for summary judgment in the state court.[7] In opposition to that motion, Plaintiff submitted a memorandum on November 6, 2014 stating that she "does not dispute the fact that the $18,145.02 in payments she received from Amica was sufficient with regard to her building damages," but contends that her remaining property damage claims amount to $70,349.98.[8] Amica removed the action to federal district court on December 5, 2014, alleging that diversity jurisdiction was appropriate because the parties are diverse and the amount in controversy exceeds the federal jurisdictional minimum of $75,000.[9] Plaintiff filed the pending Motion to Remand on January 12, 2015.[10] Amica filed a memorandum in opposition to remand on January 23, 2015,[11] and Plaintiff filed a supplemental memorandum in further support of her motion on February 2, 2015.[12]

## II. Parties' Arguments

### A.  *Plaintiff's Arguments in Support of Remand*

Plaintiff argues that remand is appropriate because the amount in controversy in this case

---

[5] *Id.* at ¶ 14.

[6] *Id.*

[7] *Id.* at p. 54.

[8] Rec. Doc. 1-4 at p. 120–126.

[9] Rec. Doc. 1.

[10] Rec. Doc. 5-1.

[11] Rec. Doc. 6.

[12] Rec. Doc. 11.

2

does not exceed $75,000, exclusive of interest and costs.[13] Specifically, she contends that her personal property losses total $70,349.98 "at most," and that she "does not intend to seek recovery from Defendant of all amounts outlined in the itemization she prepared."[14] Because she is not seeking damages in excess of $75,000, Plaintiff argues, removal of this matter to federal district court was defective.[15]

### B.     *Amica's Arguments in Opposition to Remand*

In response, Amica contends that it is "facially apparent on the record of this suit" that the amount in controversy exceeds the jurisdictional minimum because Plaintiff alleges claims for property and contents damages, as well as penalties for Amica's alleged bad faith.[16] Amica argues that Plaintiff never issued a binding stipulation that the amount in controversy was below the jurisdictional minimum.[17] In fact, according to Amica, Plaintiff represented in responses to interrogatories that the amount in controversy did not exceed $50,000.[18] Amica contends that it first became aware that the federal jurisdictional amount in controversy requirement was satisfied in this case on November 6, 2014, when Plaintiff submitted an itemized list of contents damages totaling $70,349.98 in a state court pleading.[19]

Amica also argues that it has "provided payment for all of Plaintiff's property damage

---

[13] Rec. Doc. 5-1 at p. 2.

[14] *Id.*

[15] *Id.*

[16] Rec. Doc. 6 at p. 3.

[17] *Id.* at p. 1.

[18] *Id.*; *see also* Rec. Doc. 1 at p. 4.

[19] *Id.* at p. 2.

claims," but that Plaintiff has not dismissed that portion of her claim.[20] Therefore, Amica contends, Plaintiff seeks approximately $70,000 in contents damage and $20,000 in property damage,[21] as well as penalties under Louisiana Revised Statutes § 22:1892 and § 22:1973.[22] According to Amica, a violation of § 22:1892 can result in penalties of fifty percent of the amount found to be due from the insurer to the insured or $1,000, whichever is greater.[23] A violation of § 22:1973, Amica states, can result in penalties not to exceed two times the damage sustained, or $5,000, whichever is greater.[24] Thus, Amica avers, it is facially apparent that the amount in controversy in this matter exceeds $75,000.

C.     *Plaintiff's Arguments in Further Support of Remand*

In reply, Plaintiff asserts that remand is appropriate in this matter because:

> In addition to having previously admitted in her discovery responses that the total damages at issue in this litigation do not exceed $75,000, Plaintiff has been and remains willing to enter into a binding stipulation stating same. Further, should Plaintiff not become aware of additional structural damages to the property between now and the time of the trial of this matter, Plaintiff would be willing to dismiss the building portion of the claims at issue prior to the commencement of trial.[25]

### III. Law and Analysis

A.     *Standard on a Motion to Remand*

Motions to remand from a federal district court to a state court are governed by 28 U.S.C.

---

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] Rec. Doc. 11.

§ 1447(c). Section 1447(c) provides, in part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[26] Section 1441(a) permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" which includes diversity jurisdiction.[27] For diversity jurisdiction to exist, the parties' citizenship must be completely diverse and the amount in controversy must exceed $75,000.[28] In this case, Plaintiff is citizen of Louisiana and Amica is incorporated in Rhode Island, with its principal place of business in Rhode Island.[29] The parties do not contest that complete diversity of citizenship exists, but only whether the amount in controversy requirement is satisfied.

### B.    *Timeliness of Removal*

The timeliness of removal based on diversity of citizenship is governed by 28 U.S.C. § 1446(c)(1), which provides:

> (1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

Under 28 U.S.C. § 1446(c)(1), cases that are not originally removable but become removable at a later time may not be removed on the basis of diversity more than one year after commencement of the action. However, the statute provides an equitable estoppel exception to the one-year time limit when a plaintiff has acted in bad faith. The Fifth Circuit applies the equitable estoppel exception

---

[26] 28 U.S.C. § 1447(c).

[27] 28 U.S.C. §§ 1441(a) and 1332(a).

[28] 28 U.S.C. § 1332(a).

[29] Rec. Doc. 1 at p. 2.

5

when a party has "attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights."[30]

Amica does not dispute that removal of the state court lawsuit took place more than one year after its commencement. However, Amica argues that Plaintiff acted in bad faith to prevent removal because Plaintiff waited until November 6, 2014 to indicate that her contents damages claim totaled $70,349.98, after representing in state court that the amount in controversy in this case does not exceed $50,000.[31] Amica removed the case to federal district court on December 5, 2014, within thirty days of receiving Plaintiff's itemization of personal property losses.[32]

It appears to the Court that Plaintiff's November 6, 2014 itemization represents a "transparent attempt to circumvent federal jurisdiction."[33] Plaintiff waited until after the one-year deadline to notify Amica of the total amount of her contents damages, despite representing in the state court proceedings that her claims did not exceed $50,000, making it impossible for Amica to remove within the deadline.[34] Plaintiff provides no explanation for her actions, or for her delay in notifying Amica that her contents damages exceed $50,000. The Court additionally notes that Plaintiff apparently waited to compile an itemization of her personal property losses until forced to do so in order to survive summary judgment in state court. Accordingly, it appears that Plaintiff engaged in forum manipulation by keeping her claims below the federal jurisdictional minimum for one year. Accordingly, the Court refuses to apply the one-year time limit for removal due to

---

[30] *Tedford v. Warner–Lambert Cp.*, 327 F.3d 423, 426 (5th Cir. 2003).

[31] Rec. Doc. 1-4 at p. 122; Rec. Doc. 1 at p. 2.

[32] *Id.*

[33] *Foster v. Landon*, No. 04-2645, 2004 WL 2496216, at *3 (E.D. La. Nov. 4, 2004) (Fallon, J.).

[34] *Id.* at p. 146.

Plaintiff's bad faith under 28 U.S.C. § 1446(c)(1).

## C.   *Amount in Controversy*

Generally, the amount of damages sought in the petition constitutes the amount in controversy, so long as the pleading was made in good faith.[35] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."[36] However, Louisiana law ordinarily does not permit plaintiffs to plead a specific amount of money damages.[37] A Louisiana plaintiff is required to state "a general allegation that the claim exceeds or is less than the requisite amount" if she wishes to establish "the lack of jurisdiction of federal courts."[38] Even then, a general allegation that a plaintiff's claims are above or below the federal jurisdictional requirement is not dispositive of whether the amount in controversy requirement is met because these general allegations "will not be binding on [a plaintiff's] recovery under Louisiana law."[39] Courts treat such general allegations as stating an "indeterminate amount of damages."[40]

In such instances, the Fifth Circuit requires the removing defendant to prove by a

---

[35] *Allen*, 63 F.3d at 1335 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[36] *Id.*

[37] *See* La. Code Civ. Proc. art. 893(A)(1) ("No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended or incidental demand.").

[38] *Id.*

[39] *McCord v. ASI Lloyds/ASI Underwriters*, 2013 WL 1196671, at *2 (E.D. La. Mar. 22, 2013) (Vance, J.) (citing *Mouton v. Meritplan Ins. Co.,* 2010 WL 2978495, at *2 n. 15 (E.D.La. July 20, 2010) (treating a general allegation in a plaintiff's petition that damages were less than $75,000 as alleging an indeterminate amount)).

[40] *Id.* (citation omitted); *see also Hammel v. State Farm Fire & Cas. Co.*, 2007 WL 519280, at *3 (E.D. La. Feb. 14, 2007) (Vance, J.) (treating plaintiffs' allegation that their "claim does not exceed $75,000" in their petition as alleging an "indeterminate amount of damages")).

7

preponderance of the evidence that the amount in controversy exceeds $75,000.[41] A defendant satisfies this burden either by showing that it is "facially apparent" that the plaintiffs' claims likely exceed the jurisdictional amount, or by setting forth facts in dispute that support a finding that the jurisdictional amount is satisfied.[42] The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[43] When the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy at the time of removal.[44] If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000.

Plaintiff's petition does not demand recovery of a specific amount or provide a context for the Court to determine that Plaintiff is likely to obtain an amount exceeding the jurisdictional minimum. The Petition does not reference the policy limits. Moreover, other than vaguely stating that the insured property was rendered "uninhabitable and necessitating extensive repairs,"[45] as a result of wind and rain damage, there are no indications in the Petition regarding the extent of any

---

[41] *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335 (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

[42] *Allen*, 63 F.3d at 1335.

[43] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). The United States Supreme Court recently decided that defendants do not need to attach evidence supporting the alleged amount in controversy to the notice of removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). Interpreting that decision, the Fifth Circuit has stated in dicta that "[t]hat has long been our approach. *Dart Cherokee* also explained, however, that once the notice of removal's asserted amount is 'challenged,' the parties must submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Statin v. Deutsche Bank Nat. Trust Co.*, 14-20200, 2014 WL 7235168, at *2 (5th Cir. Dec. 19, 2014).

[44] *Allen*, 63 F.3d at 1335.

[45] Rec. Doc. 1-4 at ¶ 8.

alleged damage. Based on the vague allegations in the Petition and the absence of any information regarding the actual damages that Plaintiff asserts are applicable, the amount in controversy is not apparent from the face of the petition.

Because the amount in controversy is not apparent from the face of the Petition, the Court will consider whether Amica has set forth any facts in controversy, or submitted summary judgment type evidence, that support a finding of the jurisdictional minimum.[46] In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, which determines the amount in controversy, unless the value of the claim exceeds the value of the policy.[47]

In opposition to remand, Amica points to Plaintiff's November 6, 2014 memorandum in opposition to summary judgment, which was filed in state court prior to removal, wherein Plaintiff states that she "does not dispute the fact that the $18,145.02 in payments she received from Amica was sufficient with regard to her building damages," but contends that her remaining personal property losses total $70,349.98.[48] In support of her memorandum, Plaintiff submitted a handwritten list itemizing her alleged personal property damages.[49] Amica argues that this evidence, in addition to Plaintiff's property damage claim "of more than $20,000" and her claim for damages under Louisiana Revised Statutes 22:1892 and 22:1973, is sufficient to establish that the amount in controversy exceeds $75,000. Plaintiff states that "should Plaintiff not become aware of additional structural damages to the property between now and the time of the trial of this matter, Plaintiff

---

[46] *Allen*, 63 F.3d at 1335.

[47] *See Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002); *see also Lewis v. Lexington Ins. Co.*, No. 07–8295, 2008 WL 4862034, at *2 (E.D. La. Nov. 6, 2008).

[48] *Id.* at pp. 120–126.

[49] *Id.* at pp. 122–126.

9

would be willing to dismiss the building portion of the claims at issue prior to the commencement of trial."[50] The Court interprets this statement to mean that, as of now, Plaintiff maintains a claim for building damages, in addition to her personal property damage claim for $70,349.98. Accordingly, the Court finds by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional minimum.[51]

At this juncture, Plaintiff must show with legal certainty that her claim is for less than $75,000 if the Court is to remand this action. A plaintiff may establish such legal certainty by filing a binding stipulation that limits recovery to less than $75,000 in state court.[52] The stipulation must be irrevocable on the plaintiff's part, and not represent an attempt to "manipulate their state pleadings to avoid federal court while retaining the possibility of recovering greater damages in state court following remand."[53] Additionally, the stipulation must also occur pre-removal, since post-removal stipulations generally have no effect.[54] Plaintiff states that she "has been and remains willing to enter into a binding stipulation" stating that "the total damages at issue in this litigation do not exceed $75,000."[55] However, this statement is not a binding, irrevocable stipulation, and it

---

[50] Rec. Doc. 11.

[51] The Court notes that Plaintiff additionally seeks penalties under Louisiana Revised Statutes § 22:1892 and § 22:1973. Under § 22:1892, an insurer may be subject to a penalty of fifty percent damages on the amount found to be due from the insurer to the insured, or $1,000, whichever is greater. Under § 22:1973, a claimant may be awarded penalties assessed against an insurer in an amount not to exceed two times the damages sustained, or $5,000, whichever is greater. Accordingly, even if Plaintiff's building damages claim had already been dismissed, the sum of her penalties claim and her claim for personal property damage still satisfies the jurisdictional minimum.

[52] *See Printworks, Inc. v. Dorn Co., Inc.*, 869 F. Supp. 436, 440 (E.D. La. 1994) (Feldman, J.) (stipulations which "fall short of stipulating that the claimant will not seek more than the jurisdictional amount" are not binding).

[53] *De Aguilar*, 47 F.3d at 1412.

[54] *Id*; *Gebbia*, 233 F.3d at 883.

[55] Rec. Doc. 11.

10

does not satisfy Plaintiff's burden of showing with legal certainty that her claim is below the federal jurisdictional requirement.[56] This is because a Louisiana state court can award all damages to which it feels a plaintiff is entitled, regardless of what is pled in the petition.[57] Plaintiff's assurance that the total damages do not exceed the jurisdictional minimum does not establish to a legal certainty that the federal amount in controversy was not present at the time of removal.[58] Based on the above analysis, the Court finds that it has subject matter jurisdiction in this case, and that remand is inappropriate.

### IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand"[59] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this __10th__ day of April, 2015.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[56] *See Onstott v. Allstate Ins. Co.*, 2006 WL 2710561, at *2 (E.D. La Sept. 20, 2006 (Vance, J.) finding no binding stipulation when plaintiff did not waive entitlement to recover damages in excess of the jurisdictional amount); *Crosby v. Lassen Canyon Nursery, Inc.*, 2003 WL 22533617, at *3 (E.D. La. Nov. 3 2003) (Vance, J.) (finding that plaintiffs' affidavit agreeing "not to seek damages in excess of $75,000" insufficient because "plaintiffs are not limited to recovery of the damages requested in their pleadings," and they did not "stipulate that they would not accept more than $75,000 if a state court awarded it").

[57] *See* La. C. Civ. P. art. 862 ("a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings").

[58] Rec. Doc. 1.

[59] Rec. Doc. 5-1.