# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANITA MITCHELL** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 14-2766** |
| **AMICA MUTUAL INSURANCE CO.** | **SECTION: "G"(5)** |

## ORDER

Before the Court is Plaintiff Anita Mitchell's ("Plaintiff") "Motion to Remand."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

### A.      *Factual Background*

Plaintiff filed this lawsuit against Defendant Amica Mutual Insurance Company ("Amica") on August 30, 2013 in the 40th Judicial District Court for the Parish of St. John the Baptist, Louisiana.[2] In her petition, Plaintiff alleges that her residence, which was covered by an insurance policy (the "Policy") issued by Amica, was rendered "uninhabitable and necessitating extensive repairs" by Hurricane Isaac.[3]  Plaintiff claims that Amica has failed to "tender sufficient payment in accordance with the terms of the Policy."[4] She initially sought damages for breach of contract, bad faith claims adjusting, negligent claims adjusting, and intentional infliction of emotional distress, as well as penalties for Amica's alleged bad faith pursuant to Louisiana Revised Statutes

---

[1]  Rec. Doc. 37.

[2]  Rec. Doc. 37-1 at p. 1.

[3]  Rec. Doc. 1-4 at ¶ 8.

[4]  *Id.* at ¶ 12.

§§ 22:1892 and 22:1973.[5]

**B.      *Procedural Background***

As stated above, Plaintiff filed her petition in state court on August 30, 2013.[6]  On September 3, 2014, Amica filed a motion for summary judgment in the state court.[7]  On November 6, 2014, Plaintiff submitted a memorandum in opposition to that motion stating that she "does not dispute the fact that the $18,145.02 in payments she received from Amica was sufficient with regard to her building damages."[8]  However, she asserted that her remaining property damage claims amount to $70,349.98.[9]  Amica removed the action to federal district court on December 5, 2014, alleging that diversity jurisdiction was appropriate because the parties are diverse and the amount in controversy exceeds the federal jurisdictional minimum of $75,000.[10]  Plaintiff filed the first Motion to Remand on January 12, 2015.[11]  The Court denied the motion on April 10, 2015, finding that Plaintiff had failed to show with legal certainty that her claim was for less than $75,000.[12]

Plaintiff filed the instant motion to remand on December 1, 2015.[13]  Amica filed an opposition

---

[5]  *Id.* at ¶ 14.

[6]  *Id.*

[7]  *Id.* at p. 54.

[8] Rec. Doc. 1-4 at p. 120–126.

[9] *Id.*

[10]  Rec. Doc. 1.

[11]  Rec. Doc. 5-1.

[12]  Rec. Doc. 14 at pp. 10–11.

[13] Rec. Doc. 37.

on December 8, 2015,[14] to which Plaintiff filed a reply on December 16, 2015.[15]

## II. Parties' Arguments

### A.    *Plaintiff's Arguments in Support of Remand*

Plaintiff argues that remand is appropriate because the amount in controversy in this case does not exceed $75,000, exclusive of interest and costs.[16] Specifically, Plaintiff contends that the claim at issue in the litigation pertains solely to the wind-damaged contents of her property resulting from Hurricane Isaac, and that an itemization of her personal property losses total $70,349.98 "at most," a figure that includes damages she does not seek to recover.[17] Plaintiff contends that she "does not intend to seek recovery from Defendant of all amounts outlined in the itemization she prepared."[18] Additionally, Plaintiff attaches a signed stipulation stating that the amount in controversy does not exceed $50,000 and that she will not seek damages in excess of $50,000.[19] Because she is not seeking damages in excess of $75,000, Plaintiff argues, removal of this matter to federal district court was defective.[20]

### B.    *Amica's Arguments in Opposition to Remand*

In response, Amica contends that one year after the case was removed to this Court and eight months after the Court issued its Order on Plaintiff's first motion to remand deciding the issue of

---

[14] Rec. Doc. 40.

[15] Rec. Doc. 46.

[16] Rec. Doc. 37-1 at p. 1.

[17] *Id.* at p. 2.

[18] *Id.*

[19] *Id.*

[20] *Id.*

3

jurisdiction, Plaintiff has filed a second motion wherein she attempts to divest the court of subject matter jurisdiction via a post-removal stipulation.[21] However, Defendant argues, the amount in controversy is determined based upon the facts at the time of removal, and therefore the motion to remand should be denied.[22]

Amica cites the Court's prior decision at length, wherein it found by a preponderance of the evidence that the amount in controversy satisfied the jurisdictional minimum.[23] Amica avers that, at that juncture, Plaintiff was required to show with a legal certainty that her claim was for less than $75,000, which she could have done by filing an irrevocable binding stipulation pre-removal.[24] Amica asserts that this Court noted in its prior order, however, that "post-removal stipulations generally have no effect," and denied the motion to remand.[25] Amica argues that now, eight months later, while a motion for summary judgment is pending and with trial fast approaching, Plaintiff again challenges the subject matter jurisdiction of this Court.[26]

According to Amica, post-removal stipulations generally will not divest a federal court of jurisdiction.[27] Amica avers that the Fifth Circuit has endorsed only one narrow situation in which a unilateral post-removal stipulation can clarify that the amount in controversy is not satisfied: where "1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent

---

[21] Rec. Doc. 40 at p. 1.

[22] *Id.* (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000); *Cage v. Hobby Lobby Stores, Inc.*, 2015 WL 803120 (M.D. La. Feb. 25, 2015)).

[23] *Id.* at p. 2 (citing Rec. Doc. 14 at pp. 9–10, 10 n.51).

[24] *Id.*

[25] *Id.* at pp. 2–3 (citing Rec. Doc. 14 at p. 10).

[26] *Id.* at p. 3.

[27] *Id.* (citing *DeAguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995); *Gebbia,* 233 F.3d at 880).

that the damages sought or incurred were likely above $[75],000; 2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and 3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present."[28] Defendant contends that although this Court found that the amount in controversy was not facially apparent from the Petition, the Court also found that Amica had established the amount in controversy to be over $75,000 by a preponderance of the evidence.[29] In addition, Amica contends, the notice of removal in this case outlined in detail to the Court the basis for the amount in controversy, and did not rest on mere "conclusory" statements.[30] Finally, citing *Cage v. Hobby Lobby Stores, Inc.*, a case from the Middle District of Louisiana, which found that a post-removal stipulation filed nine months after removal was untimely, Defendant argues that likewise the unilateral stipulation by Plaintiff was not timely made and does not pertain to the facts at the time of removal.[31]

## C.   *Plaintiff's Arguments in Further Support of Remand*

In reply, Plaintiff asserts that this is not her "second" motion to remand, but is in fact the same motion to remand previously filed, but now with an irrevocable stipulation attached stating that Plaintiff's claim is not worth more than $75,000.[32] Plaintiff contends that when she reported her loss to her insurance company, they sent an adjuster to inspect her damages, who asked her to make a

---

[28] *Id.* (quoting *Cage v. Hobby Lobby Stores, Inc.*, 2015 WL 803120, at *5 (M.D. La. Feb. 25, 2015) (citing *Marcel v. Pool Co.*, 5 F.3d 81 (5th Cir. 1993); *Asociacion Nacional de Pescadores (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 599 (5th Cir. 1993))).

[29] *Id.* at p. 4 (citing Rec. Doc. 14).

[30] *Id.*

[31] *Id.* (citing *Cage*, 2015 WL 803120, at *5).

[32] Rec. Doc. 46 at p. 1.

list of the damaged contents.[33] Plaintiff avers that Amica asked her to provide any and all receipts for her lost or damaged contents, but as she had not always kept all her receipts, she tried to provide all that she could find.[34] Plaintiff argues that, since providing the receipts and damaged contents list to Amica, she has had a chance to sort through them and determine that many do not pertain to damaged items.[35] Thus, Plaintiff contends, the value of her losses only recently became clear to her.[36]

Plaintiff avers that the Court's prior denial of her motion to remand was "due primarily to the fact that plaintiff had not attached the necessary Stipulation attesting to the value of her claim."[37] Plaintiff also contends that Defendant has filed a motion for summary judgment wherein it claims that Plaintiff's claim has no value whatsoever, yet in response to the motion to remand, claims that Plaintiff's claim is worth in excess of $75,000.[38] Thus, Plaintiff avers, "[i]t appears that defendant alters the value of plaintiff's claim wherever it serves them best depending on the circumstance."[39]

### III. Law and Analysis

**A.**      ***Standard on a Motion for Reconsideration***

Plaintiff avers that her motion to remand is not a "second" motion, as stated by Plaintiff, but "is the same Motion to Remand previously filed by plaintiff except that it now attaches an

---

[33] *Id.*

[34] *Id.* at pp. 1–2.

[35] *Id.* at p. 2.

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] *Id.*

Irrevocable Stipulation signed by plaintiff stating that her claim is not worth more than $75,000."[40]

Thus, it appears that Plaintiff is asking the Court to reconsider the Court's previous ruling; therefore the Court will construe her motion as a motion for reconsideration.

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[41] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[42] Rules 59 and 60, however, apply only to final judgments.[43] When a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls.[44] The Rule states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of

---

[40] *Id.* at p. 1.

[41] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[42] *Id.* (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3–4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (Rule 54).

[43] Rule 59 concerns motions to "alter or amend a judgment" whereas Rule 60 can provide relief from "a *final* judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added). The Advisory Committee Notes of 1946 state that "[t]he addition of the qualifying word 'final' emphasizes the character of judgement, orders or proceedings from which *Rule 60(b)* affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." Fed. R. Civ. P. 60(b) (1946 Advisory Committee Notes). *See also Helena Labs. Corp.*, 483 F. Supp. 2d 538, 538 n.1 (E.D. Tex. 2007) (motion was improperly filed under Rule 59(e) when there existed no final judgment that had been entered); *Lambert v. McMahon*, No. 06-10679, 2007 WL 713706, at *1 (5th Cir. Mar. 6, 2007) (where there was no entry of final judgment, requests could not be considered under Rule 60(b)); *Greene v. Union Mut. Life Ins. Co.*, 764 F.2d 19, 22 (1st Cir. 1985) (finding that a district court's decision to dismiss fewer than all counts of a complaint did not constitute a basis for any final judgment, such that it was error for the district court to have applied a Rule 60(b) standard to a motion seeking reconsideration of the dismissal).

[44] Fed. R. Civ. P. 54(b). *See also Helena Labs*, 483 F. Supp. 2d at 538 n.1 (motion for reconsideration under Rule 59(e) treated as under Rule 54(b) because reconsideration of partial summary judgment order was sought and no final judgment had yet been entered in the case).

a judgment adjudicating all the claims and all the parties' rights and liabilities.[45]

The district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[46] However, this broad discretion[47] must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays.[48]

The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.[49] A Rule 59(e) motion "calls into question the correctness of a judgment,"[50] and courts have considerable discretion in deciding whether to grant such a motion.[51] In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.[52] Courts in the Eastern District of Louisiana have generally considered four factors in deciding a motion under the Rule 59(e) standard:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

---

[45] Fed. R. Civ. P. 54(b).

[46] *See Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

[47] *See Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414–15 (5th Cir. 1993).

[48] *See, e.g.,* 18B Charles A. Wright et al., *Federal Practice & Procedure* § 4478.1 (2d ed. 2002).

[49] *See, e.g., Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, C.J.); *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05-4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009) (Duval, J.).

[50] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).

[51] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[52] *Id.* at 355–56.

(2) the movant presents newly discovered or previously unavailable evidence;
(3) the motion is necessary in order to prevent manifest injustice; or
(4) the motion is justified by an intervening change in controlling law.[53]

Although Rules 59 and 60 set forth specific time frames during which reconsideration may be sought,[54] Rule 54 sets forth no such limitation.[55] However, importantly, Rule 54(b) motions, like those under Rules 59(e) and 60(b), "'are not the proper vehicle for rehashing evidence, legal theories, or arguments.'"[56] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[57] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[58]

Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[59] and the motion must "clearly establish" that reconsideration is warranted.[60] When there exists no independent reason for

---

[53] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[54] Fed R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

[55] Fed. R. Civ. P. 54(b) (stating that the order "may be revised at any time" before entry of final judgment). The only limitation imposed on Rule 54(b) reconsideration is if the court issues an order expressly stating that there is "no just reason for delay," in which case the order becomes a final, appealable judgment. *Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Auth.*, 925 F.2d 812, 815 (5th Cir. 1991).

[56] *Castrillo*, 2010 WL 1424398, at *4 (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[57] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[58] *Helena Labs.*, 483 F. Supp. 2d at 539 (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[59] *Templet*, 367 F.3d at 478–79 (citation omitted).

[60] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[61]

**B.      Standard on a Motion to Remand**

Motions to remand from a federal district court to a state court are governed by 28 U.S.C. § 1447(c). Section 1447(c) provides, in part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[62] Section 1441(a) permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" which includes diversity jurisdiction.[63] For diversity jurisdiction to exist, the parties' citizenship must be completely diverse and the amount in controversy must exceed $75,000.[64]  In this case, Plaintiff is a citizen of Louisiana and Amica is incorporated in Rhode Island, with its principal place of business in Rhode Island.[65] The parties do not contest that complete diversity of citizenship exists, but only whether the amount in controversy requirement is satisfied.

**C.      Analysis**

As noted above, Plaintiff appears to be asking the Court to reconsider its previous Order in light of the "Sworn, Irrevocable Stipulation as to Jurisdictional Amount" that Plaintiff filed with her

---

[61] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented). *See also FDIC v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[62] 28 U.S.C. § 1447(c).

[63] 28 U.S.C. §§ 1441(a) and 1332(a).

[64] 28 U.S.C. § 1332(a).

[65] Rec. Doc. 1 at p. 2.

renewed motion, eight months after the Court's order denying remand.[66] Plaintiff, however, misconstrues the grounds of the Court's opinion, arguing that the Court's prior denial of her motion to remand was "due primarily to the fact that plaintiff had not attached the necessary Stipulation attesting to the value of her claim."[67] The Court did note in its prior Order that Plaintiff's statement that she "has been and remains willing to enter into a binding stipulation" was not itself "a binding, irrevocable stipulation, and it does not satisfy Plaintiff's burden of showing with legal certainty that her claim is below the federal jurisdictional requirement."[68] The Court also stated, however, that "the stipulation must also occur pre-removal, since post-removal stipulations generally have no effect."[69]

To the extent that Plaintiff may be arguing that her motion is necessary to correct a manifest error of law or fact upon which the judgment is based, the Court finds that no such error was made. The U.S. Supreme Court has held that "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."[70] Furthermore, the Fifth Circuit has stated that "[w]hile post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal."[71] The Fifth Circuit has stated that such ambiguity may arise where: "(1) the complaint did not specify an amount of damages, and it was

---

[66] *See* Rec. Doc. 46 at p. 1.

[67] *Id.*

[68] Rec. Doc. 14 at pp. 10–11.

[69] *Id.* at p. 10 (citing *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)).

[70] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938); *see also Gebbia*, 233 F.3d at 883 ("Once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction.").

[71] *Gebbia*, 233 F.3d at 883.

not otherwise facially apparent that the damages sought or incurred were likely above $[75],000; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present."[72]

These elements are not met here. This Court has previously found that although the amount in controversy was not facially apparent in the petition (because, as the Court found, it appeared that Plaintiff was engaging in forum manipulation by keeping her claims below the federal jurisdictional minimum until the statutory time limit for removal had passed),[73] Defendant had shown by a preponderance of the evidence that the amount in controversy at the time of removal satisfied the jurisdictional minimum.[74] Moreover, Plaintiff did not timely contest removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present. Indeed, Plaintiff filed her stipulation with a renewed motion to remand nearly a full year following removal, eight months after the Court issued an order denying remand in this case, and approximately three months before trial was set to begin. Such a post-removal stipulation does not establish to a legal certainty that the federal amount in controversy was not present at the time of removal, and thus cannot divest the Court of jurisdiction that has already vested.[75]

---

[72] *Marcel v. Pool Co.*, 5 F.3d 81 (5th Cir. 1993) (quoting *Asociacion Nacional de Pescadores (ANPAC) v. Dow Quimica de Colombia S.A.,* 988 F.2d 599 (5th Cir. 1993)).

[73] Rec. Doc. 14 at p. 6.

[74] *Id.* at p. 10.

[75] *See Nelson v. Nationwide Mut. Ins. Co.*, 192 F. Supp. 2d 617, 620 (E.D. La. 2001) (Fallon, J.) (considering post-removal stipulation where the amount in controversy at the time of removal was ambiguous, but concluding that the stipulation constituted "an attempt to voluntarily reduce the amount in controversy below the jurisdictional limit" in contradiction to an interrogatory response by plaintiff stating that his general damages was $250,000).

Finally, Plaintiff appears to contend that, at some unspecified time subsequent to providing a list of damages to her insurer, she discovered through reviewing her own receipts that the value of her claim did not exceed $75,000.[76] Thus, she is seemingly alleging that newly discovered evidence weighs in favor of reconsidering the Court's prior order. However, a motion to reconsider based on the discovery of new evidence should be granted only if: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching."[77] Here, Plaintiff states that after submitting receipts to her insurer, she "had a chance to sort through the receipts and determine that many of them do not pertain to damaged items."[78] The Court finds that, with proper diligence, such evidence, if it is as Plaintiff purports it to be, could have been discovered earlier by proper diligence, and does not provide grounds for the Court to reconsider its prior Order.

"It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[79] As noted above, and as the Court stated in its prior order on this subject, a stipulation signed post-removal cannot divest the Court of jurisdiction that has already been properly established.[80] Therefore, the Court finds that Plaintiff's motion to remand, whether construed as an independent motion to remand, or as a motion for reconsideration of the

---

[76] Rec. Doc. 46 at p. 2.

[77] *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010).

[78] Rec. Doc. 46 at p. 2.

[79] *Helena Labs.*, 483 F. Supp. 2d at 539 (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[80] *See DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Marcel v. Pool Co.*, 5 F.3d 81 (5th Cir. 1993).

Court's prior order, is without merit.

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Anita Mitchell's "Motion to Remand"[81] is

**DENIED.**

**NEW ORLEANS, LOUISIANA,** this ___30th___ day of December, 2015.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[81] Rec. Doc. 37.